UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**05 10637 GAO**

IN THE MATTER OF THE PETITION )
OF KAVANAGH FISHERIES, INC., )
OWNER OF THE F/V ATLANTIC ) CIVIL ACTION NO. _____
FOR EXONERATION FROM OR )
LIMITATION OF LIABILITY )

MAGISTRATE JUDGE _____

## PETITION OF KAVANAGH FISHERIES, INC., FOR EXONERATION FROM OR LIMITATION OF LIABILITY

TO THE HONORABLE JUDGES OF
THE UNITED STATES DISTRICT
COURT IN AND FOR THE DISTRICT
OF MASSACHUSETTS:

RECEIPT # _____
AMOUNT $_____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 3/31/05

The petitioner, Kavanagh Fisheries, Inc., as owner of the F/V ATLANTIC, her engines, tackle, apparel, furniture, equipment and all necessaries thereto appertaining and belonging, hereby petitions this Court for exoneration from or limitation of liability, civil and maritime, and respectfully alleges on information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. The petitioner, Kavanagh Fisheries, Inc., a corporation duly organized under the laws of the Commonwealth of Massachusetts, was at all times material to this action the owner of the F/V ATLANTIC.

3. The F/V ATLANTIC is a 97.2 foot all welded steel Western-rigged dragger/scalloper, built in 1987, having a gross tonnage of 166 tons, and at all times hereinafter mentioned

was registered under the laws of the United States.

4. The petitioner had at all times material hereto exercised due care to make the F/V ATLANTIC seaworthy in all respects and at all times material hereto said vessel was tight, staunch, strong, fully-manned, equipped, and supplied, and in all respects seaworthy and fit for use as a fishing vessel.

5. The F/V ATLANTIC is customarily engaged in the scallop trawling fishery in the Western Atlantic. On or about early March of 2005, the F/V ATLANTIC entered into a contract that involved the vessel participating in a pair trawling fishery for the period of March 11, 2005 through March 29, 2005, with the F/V DONA MARTITA, F/V NORDIC EXPLORER and F/V RETRIEVER.

6. The F/V ATLANTIC departed New Bedford, Massachusetts at approximately 1500 hours on March 11, 2005. The vessel proceeded to pull into port in Cape May, New Jersey with a four person crew. On March 13, 2005 the F/V ATLANTIC departed from Cape May.

7. On March 17, 2005, at approximately 1230 hours, the F/V ATLANTIC collided with a cargo vessel, the M/V ZIM SHENZEN.

8. At the time of the collision, all of the lights on the F/V ATLANTIC were in proper working order and were illuminated.

9. The collision between these vessels resulted in damage to the F/V ATLANTIC, as well as damage to the M/V ZIM SHENZEN and her cargo.

10. The above-described casualty, and all losses or damages of any kind occasioned or incurred by or resulting therefrom, occurred without the privity or knowledge of the petitioner and was not caused by or contributed to in any manner by any fault or

negligence of the F/V ATLANTIC or by the petitioner or anyone for whom the petitioner may be responsible.

11. The above-described casualty, and all losses or damages of any kind occasioned or incurred by or resulting therefrom, occurred without the privity or knowledge of the petitioner or any of its directors, officers, stockholders, agents, servants, or employees, or of anyone for whom the petitioner may be responsible or anyone whose privity or knowledge is imputable to the petitioner.

12. The petitioner desires to invoke the benefits of the limitation of liability as provided by the Limitation of Liability Act, 46 U.S.C. App. §§183 et seq., and in the same proceeding to seek exoneration, both for itself and for the F/V ATLANTIC, for any liability for loss or damage arising out of the above-stated casualty.

13. The petitioner claims exemption and exoneration from liability for any and all loss, destruction, damage, and injury of any kind occasioned by, or arising out of, or resulting from the above-described collision, and for all claims for damages that have been made or may hereafter be made and by reason of the facts hereinbefore set forth, the petitioner desires in this proceeding to contest its liability and the liability of said vessel to any extent whatsoever for any and all loss, destruction, damage and injury caused by or resulting from the matters aforesaid, and the petitioner alleges that it has a valid defense in fact and law to any such claim.

14. The petitioner further claims the benefits of the limitation of liability provided by 46 U.S.C. App. §§183 et seq. and the various statutes which have supplemented this Act, and to that end the petitioner is ready and willing to give and/or cause to be given a

stipulation with sufficient bond, surety or security for the payment into the Court of the amount of value, if any, of its interest in the F/V ATLANTIC, together with her pending freight, if any, at the end of the above-described voyage, whenever the same shall be ordered by this court, as provided by the aforesaid statutes, or by the Admiralty Rules and the practice of this honorable Court.

15. This petition is filed within six months of the first written notice to the petitioner of any claim arising from the above-described casualty.

16. All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and this honorable Court as specified in Rule 9(h) of the Supplementary Rules for Certain Admiralty and Maritime Claims.

WHEREFORE, the petitioner prays:

1. That the Court cause due appraisement to be made of the amount or value of the petitioner's interest in the F/V ATLANTIC and her pending freight, if any.

2. That the Court make an Order directing the filing of a stipulation with surety to be approved by the Court for payment into Court of the amount of the petitioner's interest in said vessel, if any, whenever the Court shall order, or issue an order excusing the petitioner from furnishing a stipulation.

3. That the Court make an Order directing the issuance of a monition to all persons claiming damages for any and all loss, damage or destruction done, occasioned or incurred by or resulting from the above-described collision citing them to file with the clerk of the Court in said order and to make due proof of their respective claims, and also to appear and answer the allegations of this petition according to the law and practice of this court at or before certain time to be foxed by the monition.

4. That the Court make an Order directing that on the giving of such stipulation as may be determined to be proper, or the Court making an Order excusing the petitioner from giving a stipulation, an injunction shall issue, restraining the prosecution of all actions, suits or other proceedings already begun to recover for damages arising out of or occasioned by the above-described collision as stated in this petition, and the commencement or prosecution hereafter of any suit, action or legal proceeding against the

petitioner or the petitioner's agents, representatives, officers or employees in respect of any claim or claims arising out of the aforesaid voyage and collision.

5. That the Court in this proceeding will adjudge that the petitioner is not liable to any extent for any loss, damage, injury or any other claim whatsoever in any way arising out of or in consequence of the above-described collision, or if the petitioner shall be adjudged liable, that such liability shall be limited to the amount of its interest, if any, in the F/V ATLANTIC at the end of the voyage that she was engaged at the time of the collision described above, and that a decree may be entered discharging the petitioner from any and all further liability.

6. That the petitioner may have such other and further relief as the justice of the cause may require.

For the petitioner,
Kavanagh Fisheries, Inc.,
By their attorneys:

**REGAN & KIELY LLP**

_____  3-31-05
Joseph A. Regan (BBO #543504
Syd A. Saloman (BBO #645267)
85 Devonshire Street
Boston, MA 02109
(617)723-0901

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) <u>Petition of Kavanagh Fisheries, Inc. for Exoneration from or Limitation of Liability Civil and Maritime</u>

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

    _X_  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    <u>None</u>

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

    YES ___    NO XX

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

    YES ___    NO XX

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

    YES ___    NO ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

    YES ___    NO XX

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

    YES ___    NO XX

    A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

    B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       XX EASTERN DIVISION      CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   <u>Joseph A. Regan, Syd A. Saloman</u>
ADDRESS           <u>Regan & Kiely LLP, 85 Devonshire Street Boston, MA 02109</u>
TELEPHONE NO.     <u>(617) 723-0901</u>

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kavanagh Fisheries, Inc.

## DEFENDANTS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Bristol
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Regan & Kiely LLP
85 Devonshire St., Boston (617) 723-0901

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability — ☐ 362 Personal Injury—Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury ☐ 385 Property Damage Product Liability |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
|  | **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare ☐ 535 Death Penalty |  |  | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
| ☒ 290 All Other Real Property |  ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
46 USC Appendix Sections 183 et seq
Petition for Exoneration from or Limitation of Liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 3-31-05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____