UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN THE MATTER OF THE PETITION
OF KAVANAGH FISHERIES, INC.
OWNER OF THE F/V ATLANTIC           Civil Action No. 05-cv-10637-GAO
FOR EXONERATION FROM OR
LIMITATION OF LIABILITY

**ZIM'S OPPOSITION TO PLAINTIFF KAVANAGH FISHERIES, INC.'S MOTION FOR ORDER DIRECTING ISSUANCE OF NOTICE AND RESTRAINING PROSECUTION OF CLAIMS AND FOR ACCEPTANCE OF AD-INTERIM STIPULATION FOR VALUE**

Claimants Zim American Integrated Shipping Services Ltd; Zim Israeli Integrated Shipping Services Ltd; Zim American Israeli Shipping Company Inc.; and Zim Israel Navigation Company Ltd. (collectively "Zim") oppose Plaintiff Kavanagh Fisheries, Inc.'s Motion for Order Directing Issuance of Notice and Restraining Prosecution of Claims and for Acceptance of Ad-Interim Stipulation for Value on procedural and substantive grounds.

I. THE MOTION IS PROCEDURALLY DEFECTIVE BECAUSE IT WAS NOT SERVED ON UNDERSIGNED COUNSEL

The motion and supportive pleadings were not served on undersigned counsel despite my May 10, 2005 appearance on behalf of Zim.

II. THE AD-INTERIM STIPULATION FOR VALUE DOES NOT COMPLY WITH SUPPLEMENTAL RULE F(1)

The Ad-Interim Stipulation for Value is substantively defective.

Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides in pertinent part:

> The owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor,…or (b)

> at the owner's option shall transfer to a trustee to be appointed by the court, for the benefit of claimants, the owner's interest in the vessel and pending freight…. The plaintiff shall also give security for costs….

Fed. R. Civ. P. Supp. F(1)(a) and (b).

Supplemental Rule F(3) then makes clear that the injunction Plaintiff/owner here seeks in its motion can issue only upon its compliance with Supplemental Rule F(1):

> Upon compliance by the owner with the requirements of subdivision (1) of this rule all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease. On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action.

Fed. R. Civ. P. Supp. F(3).

Plaintiff has not complied with Supplemental Rule F(1). The Ad-Interim Stipulation for Value neither deposits any sum of money into Court nor by its terms provides any sort of guaranty that might constitute "approved security" as required by Supplemental Rule F(1) nor constitutes a transfer to a trustee as required by Supplemental Rule F(2). Plaintiff has not given any security for costs either. In short, Plaintiff has not given anything of value to the Court "for the benefit of claimants."

Furthermore, the purported $1,000,000 "value of the vessel, exclusive of her permit" referenced in the Ad-Interim Stipulation for Value is in any event inadequate.

On information and belief, the F/V ATLANTIC has an agreed hull insurance value of $1,200,000.  Also on information and belief, collision-related F/V ATLANTIC hull repairs approximate $62,000 leaving a post-collision, end of voyage value of the F/V ATLANTIC hull of $1,138,000.

Importantly, that figure does not include the value of the F/V ATLANTIC's Scallop Permit issued by NOAA Fisheries, which Nelson Long of Athearn Marine told me yesterday is worth at least $1,000,000.  Its value too needs to be turned over to the Court under Supplemental Rule F(1) before an injunction can issue under Supplemental Rule F(3).  See <u>Gowen, Inc. v. F/V QUALITY ONE</u>, 244 F.3d 64 (1st Cir), <u>cert</u>. <u>denied</u> 534 U.S. 886 (2001).  There the First Circuit held that valuable federal fisheries permits are appurtenances of fishing vessels and therefore subject to maritime liens and arrest.  Fishing permits, as part of the <u>res</u> in a Supplemental Rule C <u>in rem</u> action should be similarly part of the limitation fund in a Supplemental Rule F proceeding.

In conclusion, Plaintiff has provided nothing of value "for the benefit of claimants" and proposes a dollar amount less than half the real value of the F/V ATLANTIC and its appurtenances.  The motion for an order restraining prosecution of claims should be denied and Zim's motion for arrest in Cause No. 05-10989 should not be impeded by this limitation petition.

REQUEST FOR HEARING

Zim requests a hearing on the Motion for Order Directing Issuance of Notice and Restraining Prosecution of Claims and for Acceptance of Ad-Interim Stipulation for Value.

RESPECTFULLY SUBMITTED May 13, 2005.

De ORCHIS & PARTNERS, LLP
Attorneys for Claimants


*/s/ David J. Farrell, Jr.*
David J. Farrell, Jr.
BBO #559847
2355 Main Street
P.O. Box 186
S. Chatham, MA  02659
(508) 432-2121

Certificate of Service
I certify I served this opposition on
Attys Regan/Saloman and Muzyka
by e-mail on May 13, 2005.

*/s/ David J. Farrell, Jr.*
　　David J. Farrell, Jr.