UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF THE PETITION )<br>OF KAVANAGH FISHERIES, INC., )<br>OWNER OF THE F/V ATLANTIC )<br>FOR EXONERATION FROM OR )<br>LIMITATION OF LIABILITY ) | CIVIL ACTION NO. 05-10637-GAO |

**MOTION OF PETITIONER, KAVANAGH FISHERIES, INC., TO COMPEL
SURRENDER OF THE LETTER OF UNDERTAKING OR, ALTERNATIVELY,
ALLOW THE WITHDRAWAL OF THE LETTER OF UNDERTAKING ISSUED TO
LOMBARD CORPORATE FINANCE (DECEMBER 3) LIMITED AND BERRYFORD
SHIPPING (U.K.) LIMITED AND ALLOW SUBSTITUTING OF A BOND IN ITS
PLACE**

Now comes the Petitioner, Kavanagh Fisheries, Inc. and respectfully requests that this Court compel Lombard Corporate Finance (December 3) Limited and Berryford Shipping (U.K.) Limited (hereinafter referred to jointly as "Lombard/Berryford") to surrender a Letter of Undertaking dated April 29, 2005, a copy of which is attached as Exhibit A to Petitioner's Memorandum of Law, and accept as a substitute, a bond in the total amount of $2,200,000.00 to form the limitation fund and to serve as security for all claims which may result as a result of a collision at sea on May 17, 2005, between the F/V ATLANTIC and the C/V ZIM SHENZHEN

Alternatively, the Petitioner requests that it be allowed to withdraw the Letter of Undertaking submitted on its behalf and substitute the bond as mentioned above.

As reasons therefore, the Petitioner refers to its Memorandum of Law.

                                      For the Petitioner,
                                      By its attorneys,

                                      **REGAN & KIELY LLP**


                                      /s/Joseph A. Regan
                                      Joseph A. Regan, Esquire (BBO #543504)
                                      Syd A. Saloman, Esquire (BBO #645267)
                                      85 Devonshire Street
                                      Boston, MA 02109
                                      (617)723-0901

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN THE MATTER OF THE PETITION       )
OF KAVANAGH FISHERIES, INC.,         )
OWNER OF THE F/V ATLANTIC            )   **CIVIL ACTION NO. 05-10637-GAO**
FOR EXONERATION FROM OR              )
LIMITATION OF LIABILITY              )

## PETITIONER'S MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO COMPEL

### INTRODUCTION

This case (as well as a companion case, Civil Action No. 1:05-CV-10989-GAO) arises out of a collision at sea between the C/V SHENZHEN and the F/V ATLANTIC on March 17, 2005. On March 31, 2005, the Petitioner filed a Petition for Exoneration from or Limitation of Liability. On April 19, 2005, the Petitioner filed a Motion to Appoint an Appraiser in order to determine the value of the F/V ATLANTIC for purposes of establishing a limitation fund as security for any and all claims.

Following the filing of the Petition but before the court approved the Motion to Appoint an Appraiser, counsel for Lombard/Berryford made a demand for security, in the form of a Letter of Undertaking (hereinafter "LOU"), in return for refraining from arresting the F/V ATLANTIC. The LOU, which is attached as Exhibit A, was ultimately executed on April 29, 2005 by the insurers for the Petitioner and shortly thereafter by the Petitioner itself.

It was the understanding of the Petitioner that said LOU would be deposited in this action as the limitation fund and security for Lombard/Berryford's claims. See the attached three letters

-2-

labeled as Exhibit B, especially the second page of the letter dated April 22, 2005 in which the intent of Petitioner to post this Letter of Undertaking in the limitation proceeding is explicitly addressed. At no time thereafter has Lombard/Berryford indicated that this proposal was unacceptable to them. Based upon these negotiations, the Petitioner entered into the Letter of Undertaking. The Petitioner hereby deposits the LOU with the court by attaching it hereto.

The court did not grant the motion to appoint an appraiser until a hearing held a week ago on May 18, 2005. At that time, of course, the court directed Petitioner to file the appraisal by May 25, 2005 and directed Petitioner to file a bond by 4:00 p.m. on that date or the court would lift its stay of execution of an arrest warrant previously issued to a second, additional claimant, Zim American Integrated Shipping Services Limited (hereinafter "Zim").

Petitioner desires to post security in lieu of arrest of the vessel and has made numerous proposals to that effect. The Petitioner is hindered in its efforts to do so because of the fact its insurance is placed with three different carriers (Zurich: $1,000,000.00; Acadia: $200,000.00; Lloyds of London: $3,800,000.00; the latter two policies are excess of the first policy). Because Zurich has already issued the aforementioned LOU, it cannot and will not at this time either pay for a bond or sign a Short Order of Indemnity, which would be required to obtain the bond and file the same in court. Its refusal to do so is on the basis that it has already "pledged" its $1,000,000.00 policy limits. On the other hand, the excess carriers cannot and will not pay for or sign a Short Order of Indemnity until Zurich does so, since their liability is in excess of Zurich's. Accordingly, Petitioner finds itself held hostage between the claimants on one side and its own insurers on the other side. The Petitioner cannot reasonably afford to pay for the bond itself and, despite the willingness of all of its underwriters to file a bond, the Petitioner may be unable to comply with the court's order that the

-3-

bond be filed by the end of the day on Wednesday, May 25, 2005.

If the original LOU is voided, surrendered, or otherwise withdrawn, the Petitioner's underwriters are willing to combine to post a bond in the total amount of $2,200,000.00, which is $1,200,000.00 greater than what the court recently ordered. Since the LOU is for the amount of $1,000,000.00, Petitioner suggests that this substitute form of security adequately protects the claims of Lombard/Berryford and/or constitutes better security than the LOU itself. Accordingly, the Petitioner requests that the court either compel the surrender of the LOU or, alternatively, approve the withdrawal of the LOU in order that Petitioner can substitute a bond in the total amount of $2,200,000.00. At that time, Petitioner would request that the court accept the bond, issue notice and a restraining order and at the same time rescind its earlier order to arrest the F/V ATLANTIC which is currently stayed pending a hearing at 2:00 p.m. on May 25, 2005.

## APPLICABLE LAW

First of all, Lombard/Berryford has earlier made the claim that the LOU is "not before the court," which we presume to be a suggestion that either the Petitioner hasn't raised the issue or that the court lacks jurisdiction to grants this motion. Petitioner suggests otherwise. A district court sitting in admiralty exercises "powers akin to those of a court of equity" The Minnetonka, 146 F.509, 515 (2nd Cir.), cert. den. 203 U.S. 589 (1906). That court also held that "[a] court of admiralty . . . should not be hampered in its efforts to reach . . . substantial justice."

Two examples of cases in which the court relied on that inherent authority to craft a remedy in the interests of substantial justice in cases where it was claimed the court lacked such power to act include Mosher v. Tate, 182 F.2d 475 (9th Cir., 1950) where the court entered a decree without requiring additional service of process or supplemental pleadings, as well as Central Hudson Gas &

-4-

Electric Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359 (2nd Cir., 1995), a similar *in rem* action, in which the argument was made that the court lacked jurisdiction to enter a judgment in excess of a LOU, which it reasoned only was security for an *in rem* action. Accordingly, Petitioner submits that the court has the inherent authority sitting as a court in admiralty to fashion a remedy in accord with achieving substantial justice in this case. The remedy suggested by the Petitioners affords more security than the court originally ordered, is more security than Lombard/Berryford currently holds and is security equal to the request of the Zim entities over and above the amount pledged in the LOU.

In the case of L & L Marine Transportation, Inc. v. M/V HOKUETSU HOPE, 895 F.Supp. 297 (U.S.D.C., S.D. Ala. 1995), the court held that where a LOU included a non-waiver of rights clause, which the instant LOU contains, that clause perfected the federal court's *in rem* jurisdiction. The key language is language which mentions that the rights of the parties are precisely the same as they would have been had the vessel been arrested and later released by filing of a claim and a bond. This exact language is contained in the instant LOU and would confer jurisdiction upon the federal court if it did not already have it as part of the limitation proceeding.

In Topgallant Lines, Inc. v. Ambassador Factors, et al., 1993 A.M.C. 2775, the court held that a LOU is to be treated as having the same effect as a formal release on a bond. By that, it is meant that the LOU discharges a lien and the lien is transferred to the new security whether it be a bond or a LOU. Petitioner at this time simply wishes to consolidate all of the outstanding security and convert the LOU into a bond.

In Trico Marine Assets, Inc. v. Diamond Services Corp., 2000 W.L. 1335851 (E.D.La 2000), the court encountered a similar situation. There was a collision and a limitation proceeding was

begun. A LOU was filed. At some time during the pendency of the claim, the primary underwriter tendered its policy limits to the claimants and then sought to have the court allow it to withdraw the LOU at that time. The issue involved a disagreement between excess underwriters and primary underwriters over whether or not the primary underwriters' accounting was appropriate, i.e., whether they had actually paid all that they were required to under the policy, but it at least is an example of a similar case in which the court exercised jurisdiction over a LOU and in which the LOU was acceptable as a limitation fund.

Lastly, in Chan v. Society Expeditions, 1995 W.L. 694138 (W.D. Wash. 1995), 1995 A.M.C. 2625, the court once again encountered a similar situation. In that case, there were two lawsuits ultimately filed and a LOU was accepted by the plaintiff in lawsuit number two in lieu of arrest. The court consolidated the two actions. Ultimately, the court denied the defendant's request to "exonerate" the LOU because the terms of the LOU itself said it would not be void or withdrawn until there was a "final judgment" and the court held that it had not reached that stage yet. Accordingly, again, the issue was somewhat different but it does exemplify that the courts have accepted jurisdiction over multiple cases which have involved LOU and had the power to direct the proper course and form of security.

Lastly, paragraph 3 of the LOU, itself, contemplates the substitution of a bond for the LOU upon written demand by Lombard/Berryford. If bond is posted, Petitioner's obligation under paragraph 2 to pay any sums it may be liable for up to $1,000,000.00 is voided. While the LOU is silent as to Petitioners right to volunteer a bond in lieu of the LOU, such a right or option is clearly implied under the circumstances especially since the LOU was merely an alternative form of security to either transferring the vessel or submitting a bond in the first instance.

-6-

## CONCLUSION

The court has the inherent power sitting as an admiralty court to issue orders to effectuate substantial justice. The Petitioners are ready, willing and able to post security but it should be obvious that the Petitioner can't post inconsistent or duplicate forms of security and that the entire security should be consolidated as one fund and available to all claimants. Accordingly, the Petitioner requests that the court do so by directing Lombard/Berryford to surrender the existing LOU in return for the posting of a bond in this action.

> For the Petitioner,
> By its attorneys,
>
> **REGAN & KIELY LLP**
>
>
> /s/Joseph A. Regan
> Joseph A. Regan, Esquire (BBO #543504)
> Syd A. Saloman, Esquire (BBO #645267)
> 85 Devonshire Street
> Boston, MA 02109
> (617)723-0901



April 29, 2005

<u>E-Mail & Overnight Mail</u>

Lombard Corporate Finance (December 3) Limited
The Quadrangle
The Promenade
Cheltenham, Gloucestershire
GL50 1PX
England

and

Berryford Shipping (UK) Limited
Lynton House
7/12 Tavistock Square
London,
WC1H9TP
England

    Re:  F/V ATLANTIC
         Collision with C/V ZIM SHENZHEN
         Location: At Sea
         Date of Incident: March 17, 2005

Gentlemen:

    In consideration of your refraining from arresting or otherwise detaining the F/V ATLANTIC or other property belonging to her Owner in connection with your claim for damage to the C/V ZIM SHENZHEN and potential liability exposure for damage/loss to container cargoes carried aboard the C/V ZIM SHENZHEN arising out of the collision between the F/V ATLANTIC and the C/V ZIM SHENZHEN on March 17, 2005 at sea off the coast of the United States of America.

    We, the undersigned, hereby agree, whether the F/V ATLANTIC be

2

lost or not lost:

(1) Upon institution of an action in the United States District Court for the District of Massachusetts claiming damages arising out of the said damage, to file or cause to be filed an appearance on behalf of the Owner of the F/V ATLANTIC and also to file or cause to be filed in the said action a Claim of the Owner to the F/V ATLANTIC.

(2) To pay to you such sum or sums, if any, as may be found to be due to you from the Owner of the F/V ATLANTIC by way of damages arising out of or in connection with the above collision between the F/V ATLANTIC and the C/V ZIM SHENZHEN with interest and costs, whether by a final judgment (after appeal, if any) and/or by amicable settlement between the parties, provided always that our total liability hereunder shall not exceed US $1,000,000.00 inclusive of interest, costs, and attorney fees.

(3) Upon written demand from you, to cause to be filed in said action, a bond or a stipulation for value, with approved corporate surety, in an amount to be agreed upon, or fixed by the Court, but not to exceed US$ 1,000,000.00, to secure your claim in the said action. In the event the said bond or stipulation for value is filed, the undersigned shall have no further obligation under paragraph (2) (above).

(4) It is the intent of this undertaking that the rights of Lombard Corporate Finance (December 3) Limited and Berryford Shipping (UK) Limited herein shall not be limited or capped to the stated US$1,000,000.00 above and that they do not waive any right that they may have to seek an increase in the amount of security at a later time should circumstances warrant the same. It is further understood that we do not waive the right to oppose any such request made by Lombard Corporate Finance (December 3) Limited and Berryford Shipping (UK) Limited to increase the amount of security, nor do we waive any right to seek countersecurity for anticipated claims against Lombard Corporate Finance (December 3) Limited and Berryford Shipping (UK) Limited for damage sustained by the F/V ATLANTIC. This undertaking shall not be construed as a waiver of any maritime lien against the F/V ATLANTIC.

(5) The rights of all parties shall stand and be exactly the same as they would have been had said vessel been

3

arrested and then released from an arrest upon filing of a Letter of Undertaking, reserving all rights, defenses and objections with regard to your claim(s) as aforesaid for the first US$1,000,000.00. This Letter of Undertaking shall not be construed as a waiver of any maritime lien against the F/V ATLANTIC over the first US$1,000,000.00.

(6) This undertaking insures only to the benefit of Lombard Corporate Finance (December 3) Limited and Berryford Shipping (UK) Limited, and no other party.

This Letter of Undertaking is wholly without prejudice to the defenses and rights available to the Owner of the F/V ATLANTIC in respect of the said damage including the right to limit their liability under the applicable and appropriate law, except as stated herein, and is not to be construed as any admission of liability.

It is represented and confirmed that the signing of this letter by the individuals below is with authority and is to be binding upon Zurich American Insurance Company and Kavanagh Fisheries, Inc., for whom this letter is executed.

Very truly yours,

ZURICH AMERICAN INSURANCE COMPANY

By: William V. Trufant, Jr.
President of G&M Marine, Inc.
on behalf of ZURICH AMERICAN
INSURANCE COMPANY

and

KAVANAGH FISHERIES, INC.

By:
Its: Treasurer

**REGAN & KIELY LLP**
ATTORNEYS AT LAW
85 DEVONSHIRE STREET
BOSTON, MASSACHUSETTS 02109

JOSEPH A. REGAN
ROBERT E. KIELY
SYD A. SALOMAN

CHRISTOPHER S. HAYES (1965-1995)

TELEPHONE (617) 723-0901
FAX (617) 723-0977

**VIA FACSIMILE**

April 11, 2005

Thomas J. Muzyka, Esquire
Clinton & Muzyka, P.C.
One Washington Mall, Suite 1400
Boston, MA 02108

Re:   Kavanagh Fisheries, Inc. v. Zim Integrated Shipping Services, Ltd.
      Civil Action No.
      Our File No. M1558

Dear Mr. Muzyka:

     We are in receipt of your letter of April 6, 2005, and direct this in response thereto. First of all, as you should be aware, Kavanagh Fisheries intend to present a claim for damage sustained to the F/V ATLANTIC at the appropriate time.

     With respect to any potential cargo claims, we certainly would like to cooperate with you and your client to minimize the joint exposure that we both might have, but, at a minimum, your demand for security at the present time appears to be premature at best. As you had been advised, we have filed a Limitation of Liability Petition. Once we obtain an order to appraise the value of the F/V ATLANTIC and submit an appraiser's report (which, at least preliminary, would seem to be in the range of $1,000,000.00), we believe that that would constitute more than adequate security at the present time, given what we know about the facts of this case.

     No claims have yet been presented to Kavanagh Fisheries, Inc., although you mention the bottle labeling machine in your letter and, more importantly, no one has yet determined fault in this matter. Our limitation fund, coupled with our insurance, which has been previously provided to you, is more than sufficient to meet your request for security.

REGAN & KIELY LLP

Thomas J. Muzyka, Esquire
April 11, 2005
Page 2

  If you have any additional information, we would welcome the opportunity to look at it, or if you have any questions, please do not hesitate to contact us.

            Very truly yours,

            **REGAN & KIELY LLP**

            Joseph A. Regan

JAR/cb

**REGAN & KIELY LLP**

ATTORNEYS AT LAW
85 DEVONSHIRE STREET
BOSTON, MASSACHUSETTS 02109

JOSEPH A. REGAN
ROBERT E. KIELY
SYD A. SALOMAN

CHRISTOPHER S. HAYES (1965-1995)

TELEPHONE (617) 723-0901
FAX (617) 723-0977

**VIA FACSIMILE & FIRST CLASS MAIL**

April 22, 2005

Thomas J. Muzyka, Esquire
Clinton & Muzyka, P.C.
One Washington Mall, Suite 1400
Boston, MA 02108

Re:   Kavanagh Fisheries, Inc. v. Zim Integrated Shipping Services, Ltd.
      Civil Action No.
      <u>Our File No. M1558</u>

Dear Mr. Muzyka:

    We are in receipt of yours of April 20, 2005 and direct this in response thereto. As we advised earlier today by telephone, we are willing to produce the insurance policies covering the F/V ATLANTIC, and, therefore, we don't need to argue extensively or respond extensively to the allegations raised in your letter in that regard. We do point out, however, that on at least two separate occasions this office has advised you orally what the limits of coverage of these policies are, which is all that is required at this time under Massachusetts law.

    We reiterate that coverage here for a third time: the F/V ATLANTIC has a primary policy which provide coverage for collision damages, specifically third-party claims, in the amount of $1,000,000.00 with the Zurich Insurance Company. There is an additional $200,000.00 in excess coverage with Acadia Insurance. Over and above that, there is excess coverage with Lloyds of London in the amount of $3.8 million for a total of $5,000,000.00 available in the event of any third-party claims.

    As we also advised you, we expect to receive copies of the policies as early as Monday and we will, indeed, forward them over to you. We ask that you reciprocate by providing a copy of the Declarations and Proof of Limits of coverage available to your client. At the appropriate time, if we

REGAN & KIELY LLP

Thomas J. Muzyka, Esquire
April 22, 2005
Page 2

cannot work something else out to our mutual satisfaction, we will be demanding countersecurity.

Likewise, as we informed you, underwriters have agreed to prepare a Letter of Undertaking in the amount of $1,000,000.00. As you are probably aware, it is expected to take an additional 2-3 weeks before the F/V ATLANTIC will be repaired. We desire to post that Letter of Undertaking in the limitation proceeding. Incidentally, we received copies of the Notice of Appearance that you filed in that case so you are obviously aware of the same and we further presume that you have obtained your own copy of the petition itself. If not, and if you desire a copy, kindly let us know and we will oblige.

At this point in time, our desire is to work in cooperation to limit any potential cargo claims. Liability is uncertain, although your client will certainly bear some, if not the lion's share, of the responsibility for the collision. There is also the possibility of defenses which you might have against cargo interests and the lack of any concrete claim being presented at the present time outside of the bottle labeling machine. Accordingly, given the fact of $5,000,000.00 of available insurance with reputable companies that you know very well, we ask that you recommend and that your client give serious consideration to accepting our offer for security in the amount of a $1,000,000.00 Letter of Undertaking.

Although filings in the limitation action have not been completed, you are obviously on notice of both that action and the existence of sufficient coverage with reputable underwriters, and we ask that you consider this before attempting what might amount to a wrongful arrest. Obviously, we would oppose the arrest of the F/V ATLANTIC and we would expect that you would give us notice and opportunity to be heard prior to undertaking such a step.

We look forward to hearing from you shortly. If you have any questions or desire further information, please do not hesitate to contact us.

              Very truly yours,

              **REGAN & KIELY LLP**

              Joseph A. Regan

AR/cb

**REGAN & KIELY LLP**

ATTORNEYS AT LAW

85 DEVONSHIRE STREET

BOSTON, MASSACHUSETTS 02109

JOSEPH A. REGAN
ROBERT E. KIELY
SYD A. SALOMAN

CHRISTOPHER S. HAYES (1965-1995)

TELEPHONE (617) 723-0901
FAX (617) 723-0977

**VIA HAND DELIVERY**

April 26, 2005

Thomas J. Muzyka, Esquire
Clinton & Muzyka, P.C.
One Washington Mall, Suite 1400
Boston, MA 02108

  Re: Kavanagh Fisheries, Inc. v. Zim Integrated Shipping Services, Ltd.
    <u>Our File No. M1558</u>

Dear Mr. Muzyka:

  Following up on the several conversations which we have had over the past four or five days concerning the matter of security in light of the anticipated claim of your client for damage to the C/V ZIM SHENZHEN and any potential cargo claims made against your client, as well as Kavanagh Fisheries, Inc.'s own claim for damage to the F/V ATLANTIC, we now have the authority to propose the following: a Letter of Undertaking in the amount of $1,000,000.00 will be presented on behalf of Kavanagh Fisheries, Inc. to be signed by an authorized representative of Zurich American Insurance Company. It is understood that if your clients accept this Letter of Undertaking at the present time that your clients do not waive any right that they might have to seek an increase in the amount of security at a later time should circumstances warrant the same. At the same time, it is expressly understood that Kavanagh Fisheries, Inc. and/or its insurers do not waive the right to oppose any such request made on behalf of your clients to increase the amount of security, nor do they waive any right to seek countersecurity for anticipated claims against your clients for damage sustained by the F/V ATLANTIC.

REGAN & KIELY LLP

Thomas J. Muzyka, Esquire
April 26, 2005
Page 2

To that end, we also enclose a copy of the following policies covering Kavanagh Fisheries, Inc.:

| Company | Policy Number | Amount |
|---|---|---|
| Zurich American Insurance Company | Policy #MH584241300 | $1,000,000.00 |
| Acadia Insurance | Policy #CHA 0111368-11 | **$200,000.00** |
| Lloyds via Craven & Partners | Cover #U402570 | ($750,000 xs $250,000) |
| Lloyds via Craven & Partners | Cover #U402580 | ($4M xs $1M) |

We again request that you provide a copy of the Declarations/Proof of Limits of coverage available to your clients.

We understand that you are preparing a proposed Letter of Undertaking for our review. Kindly forward the same to us as soon as you are in a position to do so. We trust that your clients will find this to be a satisfactory compromise and we can begin to focus on defending against any potential cargo claims.

If you have any questions, please do not hesitate to contact us.

Very truly yours,

REGAN & KIELY LLP

Joseph A. Regan

JAR/cb

Enclosures

cc:  Scott Smithwick
     G. William Hart