UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF THE PETITION )<br>OF KAVANAGH FISHERIES, INC., )<br>OWNER OF THE F/V ATLANTIC )<br>FOR EXONERATION FROM OR )<br>LIMITATION OF LIABILITY ) | CIVIL ACTION NO. 05-10637-GAO |

**PETITIONER'S SUBMISSION OF BOND AND MOTION FOR ORDER DIRECTING ISSUANCE OF NOTICE AND RESTRAINING PROSECUTION OF CLAIMS**

The Petitioner in the above-captioned matter has filed a Petition seeking exoneration from or limitation of liability. The Petitioner files herewith the attached bond in the amount of $2,200,000.00 (the original of which shall be filed with the court in lieu of the courtesy copy). The Petitioner prays that this Honorable Court issue the attached Order Directing Issuance of Notice and Restraining Prosecution of Claims. Doing so will allow Petitioner's counsel to provide timely notice to all known claimants and publish and/or post notice of this proceeding so that no potential claimant's position might be prejudiced.

Wherefore, the Petitioner prays that its motion be allowed and that the Order issue forthwith.

Date:  May 26, 2005

For the Petitioner,
Kavanagh Fisheries, Inc.,
By their attorneys:

**REGAN & KIELY LLP**

/s/ Syd A. Saloman
Syd A. Saloman (BBO #645267)
85 Devonshire Street
Boston, MA 02109
(617)723-0901
sas@regankiely.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN THE MATTER OF THE PETITION | * | CIVIL ACTION |
| OF KAVANAGH FISHERIES, INC., | * | NO. 05-10637-GAO |
| OWNER OF THE F/V ATLANTIC | * | |
| FOR EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | * | |

**BOND UNDER RULE F AND OTHER SUPPLEMENTAL
RULES OF CERTAIN ADMIRALTY AND MARITIME CLAIMS**

**WHEREAS**, Kavanagh Fisheries, Inc., as owner of the F/V ATLANTIC, has filed a Complaint for Exoneration From or Limitation of Liability on account of all losses and damages resulting from the incident described therein, and in which Complaint Petitioner prays that an injunction be issued restraining the commencement or prosecution of any actions arising out of the matters which form the subject of the Complaint; and

**WHEREAS**, Petitioner, in compliance with Rule F and other Supplemental Rules for Certain Admiralty and Maritime Claims, herewith file with the Court this Bond with approved surety in the sum of $2,200,000.00 with interest thereon at 6% per annum from the date hereof for the benefit of claimants, which sum is equal to the value of Petitioner's interest in the F/V ATLANTIC and its pending freight and/or charter hire;

**NOW, THEREFORE**, in consideration of the premises, Petitioner, as principal, and

Travelers Casualty and Surety Company of America, as surety, hereby undertake jointly, severally and *in solido*, in the sum of $2,200,000.00, with interest thereon at 6% per annum from the date hereof, to abide by further orders of the Court and pay into the Registry of the Court whenever the Court shall order, a sum equal to the amount or value of Petitioner's interest in said vessel and any pending charter hire and/or freight; and, pending payment of said amount, this bond and surety shall stand as security for all claims filed in said proceeding.

Signed this 25th day of May, 2005.

Respectfully submitted:

**As Principal:**

By: _____
Joseph A. Regan, as attorney for and on behalf of Petitioner, Kavanagh Fisheries, Inc.

**As Surety:** Travelers Casualty and Surety Company of America

By: _____
Katherine B. Werner, Attorney-in-Fact

**Surety Co. Bond #** 00104533135

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
TRAVELERS CASUALTY AND SURETY COMPANY
FARMINGTON CASUALTY COMPANY
Hartford, Connecticut 06183-9062

POWER OF ATTORNEY AND CERTIFICATE OF AUTHORITY OF ATTORNEY(S)-IN-FACT

KNOW ALL PERSONS BY THESE PRESENTS, THAT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY, corporations duly organized under the laws of the State of Connecticut, and having their principal offices in the City of Hartford, County of Hartford, State of Connecticut, (hereinafter the "Companies") hath made, constituted and appointed, and do by these presents make, constitute and appoint: **Candice T. Gros, Catherine C. Kehoe, Clark P. Fitz-Hugh, Darlene A. Bornt, Elizabeth C. Labat, Eloise B. Farnsworth, Katherine B. Werner, Linda A. Bourgeois, R. Tucker Fitz-Hugh**, of New Orleans, Louisiana, their true and lawful Attorney(s)-in-Fact, with full power and authority hereby conferred to sign, execute and acknowledge, at any place within the United States, the following instrument(s): by his/her sole signature and act, any and all bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking and any and all consents incident thereto and to bind the Companies, thereby as fully and to the same extent as if the same were signed by the duly authorized officers of the Companies, and all the acts of said Attorney(s)-in-Fact, pursuant to the authority herein given, are hereby ratified and confirmed.

This appointment is made under and by authority of the following Standing Resolutions of said Companies, which Resolutions are now in full force and effect:

VOTED: That the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her.

VOTED: That the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary.

VOTED: That any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary, or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority.

**This Power of Attorney and Certificate of Authority is signed and sealed by facsimile (mechanical or printed) under and by authority of the following Standing Resolution voted by the Boards of Directors of TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY, which Resolution is now in full force and effect:**

VOTED: That the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any power of attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such power of attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

(11-00 Standard)

IN WITNESS WHEREOF, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY have caused this instrument to be signed by their Senior Vice President and their corporate seals to be hereto affixed this 24th day of September, 2003.

STATE OF CONNECTICUT } SS. Hartford
COUNTY OF HARTFORD

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
TRAVELERS CASUALTY AND SURETY COMPANY
FARMINGTON CASUALTY COMPANY

  

By _____
George W. Thompson
Senior Vice President

On this 24th day of September, 2003 before me personally came GEORGE W. THOMPSON to me known, who, being by me duly sworn, did depose and say: that he/she is Senior Vice President of TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY, the corporations described in and which executed the above instrument; that he/she knows the seals of said corporations; that the seals affixed to the said instrument are such corporate seals; and that he/she executed the said instrument on behalf of the corporations by authority of his/her office under the Standing Resolutions thereof.



My commission expires June 30, 2006  Notary Public
Marie C. Tetreault

CERTIFICATE

I, the undersigned, Assistant Secretary of TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY, stock corporations of the State of Connecticut, DO HEREBY CERTIFY that the foregoing and attached Power of Attorney and Certificate of Authority remains in full force and has not been revoked; and furthermore, that the Standing Resolutions of the Boards of Directors, as set forth in the Certificate of Authority, are now in force.

Signed and Sealed at the Home Office of the Company, in the City of Hartford, State of Connecticut. Dated this 25th day of May, 2005.

  

By _____
Kori M. Johanson
Assistant Secretary, Bond

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN THE MATTER OF THE PETITION )
OF KAVANAGH FISHERIES, INC., )
OWNER OF THE F/V ATLANTIC ) **CIVIL ACTION NO. 05-10637-GAO**
FOR EXONERATION FROM OR )
LIMITATION OF LIABILITY )

**ORDER DIRECTING ISSUANCE OF NOTICE AND**
**RESTRAINING PROSECUTION OF CLAIMS**

A Petition having been filed herein on April 1, 2005 by the above named Petitioner as owner of the F/V ATLANTIC, for exoneration from and/or limitation of liability, pursuant to Sections 4283 through 4289 inclusive of the Revised Statutes of the United States and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure for any loss, damage, injury or destruction caused by or resulting from the incident involving the F/V ATLANTIC during the voyage of the F/V ATLANTIC which commenced on March 13, 2005 at Cape May, New Jersey and which terminated upon the collision which occurred on March 17, 2005 as more fully described in the Petition.

AND the Petitioner having filed a bond in the amount of $2,2000,000.00 as required by this court;

Now on motion of Syd A. Saloman, Regan & Kiely LLP, attorneys for the Petitioner, it is hereby ORDERED, as follows:

1.  The commencement or further prosecution of any action or proceeding against the Petitioner, its underwriters or any of their property with respect to any claims for which the Petitioner seeks exoneration or limitation of liability, including any claim arising out of or connected with any loss, damage, injury or destruction resulting from the casualty

described in the Petition, is hereby stayed, enjoined and restrained until the hearing and determination of this proceeding.

A notice shall issue out of and under the seal of this Court and signed by a Clerk of this Court, admonishing all persons asserting claims for any and all losses, damages, injuries or destructions allegedly resulting from or incident to the occurrences and happenings recited in the Complaint to file their respective claims with the Clerk of this Court as described herein, on or before the 31th day of August, 2005 and serve on attorneys for the Petitioner a copy thereof, and require any claimant who desires to contest Petitioner's right to exoneration from or right to limitation of liability to file and serve an answer to the complaint, unless his/her claim has included an answer.

The publication of the aforesaid notice in the form required by Rule F of the Supplemental Rules of the Federal Rules of Civil Procedure and for Certain Admiralty and Maritime Claims shall be published in a newspaper of general circulation in the area of New Bedford, Massachusetts and that counsel for the Petitioner, in lieu of the United States Marshal, shall publish notice of this action, as required by law, and shall give actual notice by certified mail, at the last known and usual address at the time of the above described casualty, and return evidence of said Notice to this Honorable Court. The Petitioner, no later than the second day of publication of the notice ordered herein, shall mail a copy of the notice to every person known to have any claim against the F/V ATLANTIC or Petitioner, arising out of the voyage described in the Petition.

> _____
> United States District Court
> Judge George A. O'Toole

Date: _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN THE MATTER OF THE PETITION        )
OF KAVANAGH FISHERIES, INC.,         )
OWNER OF THE F/V ATLANTIC            )    **CIVIL ACTION NO. 05-10637-GAO**
FOR EXONERATION FROM OR              )
LIMITATION OF LIABILITY              )

### NOTICE OF PETITION FOR EXONERATION
### FROM OR LIMITATION OF LIABILITY

Notice is hereby given that Kavanagh Fisheries, Inc., owner of the F/V ATLANTIC, has filed a Petition pursuant to Sections 4283 through 4289 inclusive of the Revised Statutes of the United States, Title 46 App. U.S.C.A. §183 et seq. claiming the right to exoneration from and/or limitation of liability for all claims and for any loss, damage, injury or destruction caused by or resulting from the collision involving the F/V ATLANTIC during the voyage of the F/V ATLANTIC which commenced on March 13, 2005 at Cape May, New Jersey and which terminated upon the collision which occurred on March 17, 2005 as more fully described in the Petition.

All persons having such claims must file them, under oath, as provided by Supplemental Rules for Certain Admiralty and Maritime Claims Rule F(4), with the Clerk of this Court at the United States District Court, One Courthouse Way, Suite 2300, Boston, Massachusetts 02210, and serve on or mail to the Petitioner's attorneys, Regan & Kiely LLP, 85 Devonshire Street, Boston, Massachusetts 02109, a copy thereof, at or before August 31, 2005 or be defaulted. Personal attendance is not required.

If any claimant desires to contest either the right to exoneration from or the right to limitation of liability, he/she shall file and serve on the attorneys for the Petitioner an Answer to

the Petition on or before the aforesaid date unless his/her claim has included an Answer, so designated, or be defaulted.

_____
Deputy Clerk
United States District Court

Date:_____

Regan & Kiely LLP
Attorneys for Petitioner
85 Devonshire Street
Boston, MA 02109
(617)723-0901