```
           UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| IN THE MATTER OF THE PETITION<br>OF KAVANAGH FISHERIES, INC.,<br>OWNER OF THE F/V ATLANTIC, FOR<br>EXONERATION FROM OR LIMITATION<br>OF LIABILTY. | CIVIL ACTION<br>NO: 05-10637-GAO |

**BERRYFORD SHIPPING (UK) LIMITED'S CLAIM PURSUANT TO SUPPLEMENTAL RULE F (5)**

Now comes the Claimant, Berryford Shipping (UK) Limited, in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and makes claim, as its interest may appear, against Kavanagh Fisheries, Inc. and the F/V ATLANTIC under law and pursuant to Supplemental Rule F(5) as follows:

**PARTIES**

1. The Claimant, Berryford Shipping (UK)Limited, is a foreign corporation created by and existing under the laws of England and Wales with a principal place of business at London, England and at all material times herein was the bareboat charterer of the C/V ZIM SHENZHEN.

2. The Petitioner, Kavanagh Fisheries, Inc., is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 84 Front Street, New Bedford, Massachusetts and at all material times herein was the owner of the F/V ATLANTIC.

## FACTUAL ALLEGATIONS

3. On March 17, 2005 at approximately 0030 hours, the C/V ZIM SHENZHEN was on a voyage from Port Elizabeth, New Jersey to Savannah, Georgia and while on the high seas at approximately Latitude 38.4° North and Longitude 73.9° West, the F/V ATLANTIC came into collision with the C/V ZIM SHENZHEN.

4. At the time of the collision, the weather and sea conditions were favorable, to wit, there was ten (10) nautical miles of visibility and dark, the temperature was seven (7) degrees Celsius, there was a fifteen (15) knot wind from the northwest, and a one (1) knot southwesterly current.

5. At the time of the collision, the C/V ZIM SHENZHEN was carrying approximately 1,800 shipping cargo

        containers laden with the belongings of various third-parties.

6. As a result of this collision, the C/V ZIM SHENZHEN stood by the F/V ATLANTIC and after being released from this obligation, having sustained damage to its hull and cargo limped into the Port of Savannah, Georgia.

**COUNT I**
(GENERAL MARITIME LAW – NEGLIGENCE)

7. The Claimant reiterates and re-alleges the allegations contained in Paragraph Nos. 1 through 6 inclusive as if fully plead and set forth herein.

8. The aforesaid collision was caused by and contributed to by the fault, negligence, and the unseaworthiness of the Petitioner, of those in charge of the F/V ATLANTIC, and of the F/V ATLANTIC itself in the following respects without limitation, among others, as will be demonstrated at the trial of this action:

    (a) She was not in the charge of competent persons;

    (b) She failed to keep a proper lookout;

    (c) She did not take any action to avoid the collision;

    (d) She was not maintained in a seaworthy condition;

    (e) She was improperly illuminated;

    (f)    She failed to stop and reverse her engines when danger of collision was, or should have been, apparent;

    (g)    She suddenly and without warning crossed the heading and intended course and into the C/V ZIM SHENZHEN;

    (h)    She was operating at an unsafe speed under the circumstances;

    (i)    She failed to comply with the International Rules of the Road in all respects.

9.    The Petitioner's fault, negligence, and the unseaworthy conditions of its vessel and crew were within the privity and knowledge of the Petitioner, its directors, officers, stockholders, agents, servants, and/or employees prior to and at the time of the collision.

10.    The aforesaid collision and resulting damages were not caused by or contributed to in any manner by the fault, neglect, or want of care on the part of the Claimant, its agents, servants, employees, managers, charterers, or operators, or the unseaworthiness of its vessel and crew.

11.    As a direct and proximate result of said collision, claims have been made against the Claimant for damage in the sum of approximately US$ 471,335.65, which includes but is not limited to, the cost of repairing

      the C/V ZIM SHENZHEN's hull, the loss of use of the vessel, loss of charter hire, general average, demurrage expenses, and other substantial expenses necessarily incurred and to be incurred for which it makes claim.

12. As a further and direct and proximate result of said collision, sundry and numerous claims have been made against the Claimant for damages sustained through loss of/damage to, rehandling, and/or reshipping of cargo from wetting at the time of the collision in the approximate sum of US$ 820,956.32. It is not now possible, and will not be possible before the legal adjudication thereof to state the amount of such claims allowed or proved against the Claimant; but the Claimant makes such claim in addition to its damages above and makes such claim against the Petitioner for all such sums as may be allowed or adjudicated against it, for indemnity of all costs incurred in defending cargo claims, and hereby gives notice of its intent to hold the Petitioner responsible for all damages which it may sustain by reason of such allowance and adjudication of claims against it, and for all monies which it may be called

6

upon to pay to third parties for loss or injuries arising from said collision.

**WHEREFORE**, the Claimant, Berryford Shipping (UK) Limited, prays that this Honorable Court deny the Petitioner's request for exoneration, its alternative request for limitation of liability, and to enter Judgment in favor of the Claimant for all damages claimed and for assessment of reasonable attorney fees and costs.

**COUNT II**
(GENERAL MARITIME LAW – CONTRIBUTION)

13. The Claimant reiterates and re-alleges the allegations contained in Paragraph Nos. 1 through 12 inclusive, as if fully plead and set forth herein.

14. If the Claimant is adjudicated and found liable to pay damages to any third-party for the injuries sustained to the shipping cargo containers or their contents therein, then it is entitled to recover contribution from the Petitioner pursuant to the General Maritime Law.

**WHEREFORE**, the Claimant, Berryford Shipping (UK) Limited, prays that Judgment enter against the

Petitioner for contribution and for assessment of reasonable attorney fees and costs.

### COUNT III
(GENERAL MARITIME LAW – INDEMNITY)

15. The Claimant reiterates and re-alleges the allegations contained in Paragraph Nos. 1 through 14 inclusive, as if fully plead and set forth herein.

16. If the Claimant is adjudicated and found liable to pay damages to any third-party for the injuries sustained to the shipping cargo containers or their contents therein, then it is entitled to be indemnified in full from the Petitioner pursuant to the General Maritime Law.

**WHEREFORE**, the Claimant, Berryford Shipping (UK) Limited, prays that Judgment enter against the Petitioner for indemnification and for assessment of reasonable attorney fees and costs.

By its attorneys,

**CLINTON & MUZYKA, P.C.**


"/s/ Thomas J. Muzyka"
**Thomas J. Muzyka**
**BBO NO: 365540**
**Kenneth M. Chiarello**
**BBO NO. 639274**
One Washington Mall
Suite 1400
Boston, MA  02108
(617) 723-9165

Dated: August 30, 2005