UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF KAVANAUGH FISHERIES, INC., OWNER OF THE F/V ATLANTIC, FOR EXONERATION FROM OR LIMITATION OF LIABILTY. | CIVIL ACTION NO: 05-10637-GAO |

**LOMBARD CORPORATION FINANACE (DECEMBER 3) LIMITED'S ANSWER TO THE PETITION OF KAVANAUGH FISHERIES, INC. FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Now comes the Claimant, Lombard Corporation Finance (December 3) Limited, in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and answers the allegations contained in the Petition of Kavanaugh Fisheries, Inc. for Exoneration from or Limitation of Liability as follows:

1. The Claimant admits the allegations contained in Paragraph 1.
2. The Claimant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 2 and therefore denies same.

3. The Claimant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 3 and therefore denies same.

4. The Claimant denies the allegations contained in Paragraph No. 4.

5. The Claimant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 5 and therefore denies same.

6. The Claimant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 6 and therefore denies same.

7. The Claimant admits that the F/V ATLANTIC collided with the C/V ZIM SHENZHEN on March 17. 2005, but denies the remaining allegations contained in Paragraph No. 7.

8. The Claimant denies the allegations contained in Paragraph No. 8.

9. The Claimant admits the allegations contained in Paragraph No. 9.

10. The Claimant denies the allegations contained in Paragraph No. 10.

11. The Claimant denies the allegations contained in Paragraph No. 11.

12. Paragraph No. 12 contains legal allegations and remedies not requiring a response, but to the extent that a response is required, the Claimant denies that the Petitioner is entitled to the benefits of 46 U.S.C.A. §183 et seq. as sought.

13. Paragraph No. 13 contains legal allegations and remedies not requiring a response, but to the extent that a response is required, the Claimant denies that the Petitioner is entitled to the benefits of 46 U.S.C.A. §183 et seq. as sought.

14. Paragraph No. 14 contains legal allegations and procedures not requiring a response, but to the extent that a response is required, the Claimant denies that the Petitioner is entitled to the benefits of 46 U.S.C.A. §183 et seq. as sought.

15. The Claimant admits the allegations contained in Paragraph No. 15.

16. Paragraph No. 16 contains allegations of fact and law not requiring a response, to the extent that a response is required, the Claimant denies that the allegations contained in Paragraph Nos. 1 -15 are

accurate, but admits the remaining allegations to jurisdiction.

**WHEREFORE**, the Claimant, Lombard Corporation Finance (December 3) Limited, prays that this Honorable Court dismiss with prejudice the Petition of Kavanagh Fisheries, Inc. for Exoneration from or Limitation of Liability and assess reasonable attorney fees and costs.

## AFFIRMATIVE ANSWERS

The Claimant, Lombard Corporation Finance (December 3) Limited, incorporates the following Affirmative Defenses into its Answer and each and every response as follows:

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant states that the Petitioner, its crew, and the F/V ATLANTIC were individually and jointly at fault causing and contributing to the collision with the C/V ZIM SHENZHEN, all within the knowledge and privity of the Petitioner.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant states that the Petitioner, its crew, and the F/V ATLANTIC were individually and jointly negligent causing and contributing to the collision with

the C/V ZIM SHENZHEN, all within the knowledge and privity of the Petitioner.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant states that the Petitioner, its crew, and the F/V ATLANTIC were individually and jointly unseaworthy causing and contributing to the collision with the C/V ZIM SHENZHEN, all within the knowledge and privity of the Petitioner.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant states and incorporates by reference herein all its allegations plead and claimed in its Claim filed in this proceeding.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant states that the Petitioner is not entitled to the benefits of 46 U.S.C.A. §183 et. seq. because the collision was occasioned or incurred within the privity and/or knowledge of the Petitioner, its directors, officers, stockholders, agents, servants, and/or employees.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant states that the amount of security posted by the Petitioner is insufficient and inadequate should be increased pursuant to Supplemental Rule F(7).

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the Claimant states that it is entitled to a trial by jury on all issues raised in its Claim because there are multiple Claimants and the limitation fund is inadequate.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant says that if the Petitioner was injured as alleged, which is specifically denied, such injury was without the fault, knowledge, or privity of the Claimant; that the damages claimed herein exceed the value of the Claimant's vessel, including her pending freight; and the Claimant herewith claims benefit of any and all laws and statutes of the United States of America, including but not limited to, Limitation of Liability of the defendant, 46 USCA, Appx. § 183 (b).

**WHEREFORE**, the Claimant, Lombard Corporation Finance (December 3) Limited, prays that this Honorable Court dismiss with prejudice the Petition of Kavanagh Fisheries, Inc. for Exoneration from or Limitation of Liability and assessing reasonable attorney fees and costs.

        By its attorneys,

        **CLINTON & MUZYKA, P.C.**

        "/s/ Thomas J. Muzyka"
        **Thomas J. Muzyka**
        **BBO NO: 365540**
        **Kenneth M. Chiarello**
        **BBO NO. 639274**
        One Washington Mall
        Suite 1400
        Boston, MA  02108
        (617) 723-9165

Dated:   August 30, 2005