UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN THE MATTER OF THE PETITION
OF KAVANAGH FISHERIES, INC.
OWNER OF THE F/V ATLANTIC
FOR EXONERATION FROM OR
LIMITATION OF LIABILITY

Civil Action No. 05-10637-GAO

## ZIM'S ANSWER, AFFIRMATIVE DEFENSES, AND CLAIM

Claimants Zim Integrated Shipping Services Ltd. and Zim American Integrated Services, Inc. (collectively "Zim") answer plaintiff's petition and claim against plaintiff pursuant to Supplemental Rule F(5) as follows:

1. Admitted.

2. Admitted.

3. Zim lacks knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies it.

4. Denied.

5. Zim lacks knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies it.

6. Zim lacks knowledge or information sufficient to form a belief as to the truth of the avermens and therefore denies it.

7. Admitted.

8. Denied.

9. Admitted.

10. Denied.

11. Denied.

12. Zim denies that plaintiff's desires constitute a claim for relief such that a defense need not be asserted. Without prejudice to that position, Zim denies the averment generally and denies plaintiff is entitled to exoneration from or limitation of liability.

13. Zim denies that plaintiff's desires constitute a claim for relief such that a defense need not be asserted. Without prejudice to that position, Zim denies the averment generally and denies plaintiff is entitled to exoneration from or limitation of liability.

14. Zim admits plaintiff deposited with the Court $2.2 million security but denies plaintiff is entitled to exoneration from or limitation of liability.

15. Admitted.

16. Denied.

## AFFIRMATIVE DEFENSES

Without prejudice to other positions, Zim asserts as affirmative defenses:

17. The collision and resulting damages were caused or contributed to by plaintiff's negligence and/or by the F/V ATLANTIC's unseaworthiness.

18. If F/V ATLANTIC had a four person crew as alleged, it was undermanned.

19. The collision and resulting damages were caused or contributed to by plaintiff's violation of COLREGS 5 and 15 inter alia.

20. Plaintiff is burdened under the PENNSYLVANIA Rule.

21. Plaintiff's fault for the collision and resulting damages was within its privity and knowledge.

## **CLAIM**

22. This is an admiralty and maritime claim for relief within the meaning of Fed. R. Civ. P. 9(h) and is made pursuant to Supplemental Rule F(5) and the general maritime law.

23. Plaintiff alleges, and on information and belief, it was at all material times a Massachusetts corporation and owner of F/V ATLANTIC.

24. Zim Integrated Shipping Services Ltd. is an Israeli business and ocean carrier which operated/chartered the M/V ZIM SHENZHEN and issued bills of lading for cargo aboard it at the time F/V ATLANTIC collided with it. Zim American Integrated Services, Inc. is a New York corporation with a principal place of business in Virginia and is an agent for the Israeli business.

25. Zim Integrated Shipping Services Ltd. and Zim American Integrated Services, Inc. (collectively "Zim") hereby claim damages, as best as can be quantified and identified at this time, as follows:

(a)  Cargo claims: Various cargoes which were carried aboard the M/V ZIM SHENZHEN on March 17, 2005 were damaged as a consequence of the collision that occurred on the high seas on that date, or immediately following the occurrence as a result of efforts to bring the vessel into a port of refuge and salvage the cargoes. Because the cargoes were carried in containers, and the containers were sealed shut, it is impossible for Zim to know the exact extent or nature of all damages received by cargoes carried aboard the ship. Moreover, because Zim had contractual arrangements with other ocean carriers, including Hamburg Sud and China Ocean Shipping, it is unknown what

claims those other ocean carriers may have received or will receive from their customers. However, as of today, the known containers with cargo inside for which notice of damage or some other evidence of damage has accrued can be summarized with the following list of container numbers: ZIMU2167892, ZCSU8123995, AMFU3026023, ZIMU2214042 ZIMU2328826, ZCSU2481923, FSCU3791054, JVCU4005559, ZCSU8332634, CLHU2720824, TRLU3764695, FSCU3711188, FSCU3648125, JSTU5050083, ZIMU2282659, ZIMU2355570, ZIMU2674243, ZUZU557078, CLHU2771170, ZIMU2561041. Zim reserves the right to amend the list of container numbers as well as cargo loss as those claims become known to Zim. Zim makes this claim in their capacity as agents of the owners of various cargoes carried aboard the M/V ZIM SHENZHEN, as well as in their own capacity on the basis of maritime indemnity and contribution, in the amount of $1,000,000.

  (b) <u>Additional fuel, bunkers, and lubricants</u>: Fuel, bunkers, and lubricants were expended as a consequence of the delays that occurred following the collision of the F/V ATLANTIC with the M/V ZIM SHENZHEN on March 17, 2005. The value of those items is best estimated at this time as amounting to $300,000, for which Zim makes claim.

  (c) <u>Panama Canal Cancellation Fee</u>: As a consequence of the collision, the M/V ZIM SHENZHEN was required to call at a port of refuge for repairs. As a result, the ship was unable to transit the Panama Canal as scheduled with the Panamanian Canal authority. Consequently, Zim was

4

required to pay a cancellation fee with the Panama Canal amounting to $12,000, for which Zim makes claim.

(d) <u>Loss of revenues and loss of freight</u>:  As a consequence of the collision on March 17, 2005, the vessel M/V ZIM SHENZHEN had to undergo repairs.  It was subsequently unable to call at the port of Balboa, where there was cargo waiting.  This resulted in loss of freight revenues estimated to amount to $80,000, for which Zim makes claim.

(e) <u>Survey fees, agency expenses, third-party vendor expenses and legal fees</u>:  As a consequence of the collision on March 17, 2005, the vessel M/V ZIM SHENZHEN was required to go to a port of refuge for discharge of cargo and repairs.  Zim was required to engage surveyors, inspectors, agents, and experts to inspect and investigate the cause, extent, and gravity of the loss or damages.  As a consequence, Zim makes claim for these expenses in the amount of $100,000.

(f) <u>Expenses, disbursements, and legal fees</u>: As a consequence of the collision on March 17, 2005, owners of cargoes or other property carried aboard the M/V ZIM SHENZHEN have made claim against Zim in the United States and outside of the United States.  The handling and defense of these claims has required Zim to engage claim handlers and attorneys.  Under principles of maritime law, Zim hereby makes claim for the cost of defending third-party claims in the amount of $25,000.

26.  Zim also makes claim for indemnification and/or contribution from plaintiff for any other amounts incurred by Zim arising out of the collision,

including claims for any losses or damages of whatever nature, such as costs and attorneys' fees.

27. The collision and resulting damages were caused or contributed to by plaintiff's negligence and/or by the F/V ATLANTIC's unseaworthiness.

28. If F/V ATLANTIC had a four person crew as alleged, it was undermanned.

29. The collision and resulting damages were caused or contributed to by plaintiff's violation of COLREGS 5 and 15 inter alia.

30. Plaintiff is burdened under the PENNSYLVANIA Rule.

31. Plaintiff's fault for the collision and resulting damages was within its privity and knowledge.

## **REQUEST FOR RELIEF**

Zim Integrated Shipping Services Ltd. and Zim American Integrated Services, Inc. respectfully request that the Court grant them the following relief:

1. Dismissal with prejudice of the petition, denying plaintiff's request for exoneration from or limitation of liability;

2. Award their losses in amounts to be proved at trial, plus pre- and post-judgment interest;

3. Award them reasonable costs and attorneys' fees; and

4. Award then such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED August 30, 2005.

De ORCHIS & PARTNERS, LLP
Attorneys for Claimants
Zim Integrated Shipping Services Ltd.
Zim American Integrated Services, Inc.


*/s/ David J. Farrell, Jr.*
David J. Farrell, Jr.
BBO #559847
2355 Main Street
P.O. Box 186
S. Chatham, MA  02659
(508) 432-2121

Certificate of Service
I certify I filed this answer/claim electronically and mailed copies to Attys Regan/Saloman and Muzyka/Collins on August 30, 2005.

*/s/ David J. Farrell, Jr.*
　　David J. Farrell, Jr.