UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN THE MATTER OF THE PETITION | ) | |
| OF KAVANAGH FISHERIES, INC., | ) | |
| OWNER OF THE F/V ATLANTIC | ) | **CIVIL ACTION NO. 05-10637-GAO** |
| FOR EXONERATION FROM OR | ) | |
| LIMITATION OF LIABILITY | ) | |

**AUTOMATIC DISCLOSURE BY THE
PETITIONER, KAVANAGH FISHERIES, INC.**

The petitioner, Kavanagh Fisheries, Inc., by its attorneys, submits copies of the following

documents to the plaintiff, in accordance with the provisions of Local Rule 26.2, and the Federal

Rules of Civil Procedure 26(a)(1).

**FEDERAL RULES OF CIVIL PROCEDURE 26(A)(1) INITIAL DISCLOSURE**

A.    Individuals Likely to Have Discoverable Information

Captain Peter Barz
4002 North Main Street, Apt. 510
Fall River, MA  02720

Minh Tong Nguyen
60 Ventura Lane
New Bedford, MA  02745

Karol Stepniewski
439 Michigan Avenue
Lawrenceville, NY  08698

Boguslaw Kowalski
5081 Winnfield Court
Bensalem, PA  19020

Michal Orlowski
3258 Knights Road
Bensalem, PA  19020

-2-

Patrick Kavanagh
Kavanagh Fisheries, Inc.
84 Front Street
New Bedford, MA  02740

Gerald Conneely (F/V RETRIEVER)
29 Lookout Road
Medford, MA  02155

Captain and/or crewmembers of the F/V DONA MARTITA.

Captain and/or crewmembers of the F/V RETRIEVER.

Captain and/or crewmembers of the F/V NORDIC EXPLORER.

Various workers at Mass Fabrication and Welding, which repaired the damage to the F/V ATLANTIC.

The Captain and crew of the M/V ZIM SHENZHEN.

Surveyors of both vessels.

B.    Relevant Documents

1.  CG2692 of the F/V ATLANTIC.

2.  Logs of the F/V ATLANTIC.

3.  Photographs of the F/V ATLANTIC, the M/V ZIM SHENZHEN and of cargo damage.

4.  Survey reports concerning damage to both vessels.

5.  Bills and repair records for repairs done to the F/V ATLANTIC.

6.  Bills of surveyors, investigators, etc.

7.  Bills of Lading.

The claimants are believed to be in possession of several of these documents, including the CG2692, and various survey reports.  If not, copies will be produced.

-3-

C.    <u>Damages</u>

See part B, Relevant Documents, above.  Repair damages to the F/V ATLANTIC were

in the amount of $62,000.00, not including loss of use.


D.    <u>Insurance Policy</u>

Enclosed please find insurance policies covering the F/V ATLANTIC.


SIGNED UNDER THE PAINS OF PERJURY THIS 30th DAY OF JULY, 2006.


For the Petitioner,
Kavanagh Fisheries, Inc.,
By its attorneys,

**REGAN & KIELY LLP**


 /s/ Joseph A. Regan
Joseph A. Regan, Esquire (BBO #543504)
88 Black Falcon Avenue, Suite 330
Boston, MA  02210
(617)723-0901
jar@regankiely.com



## COMMERCIAL HULL DECLARATIONS

NAME AND ADDRESS OF AGENCY    07731

(508)993-7411

Smithwick & Mariners Insurance, Inc.
77 North Water Street
New Bedford, MA 02740

NAME AND ADDRESS OF INSURED

Kavanagh Fisheries Inc.
C/O Dawsons Boat Settlements
84 Front Street
New Bedford, MA 02740

NAME AND ADDRESS OF INSURANCE COMPANY

Acadia Insurance Company
One Acadia Commons
P.O. Box 9010
Westbrook, ME 04098-5010

POLICY NUMBER: CHA 0111368 - 11

POLICY PERIOD
February 28, 2005  to February 28, 2006

12:01  A.M.  STANDARD  TIME  AT PLACE OF
ISSUE

| COVERAGES | LIMITS OF INSURANCE | DEDUCTIBLE | PREMIUM |
|---|---|---|---|
| HULL | See AIOM17 | See AIOM17 | 6,000 |
| TERRORISM PREMIUM | | | 61 |
| OPTIONAL ENDORSEMENTS | See Attached | See Attached | 100 |
| | | **TOTAL PREMIUM** | 6,161 |

This policy is: __Direct Bill   <u>1</u>  Pay Plan
              X Agency Billed

**LOSS PAYEE:**  See Attached

Forms Applicable to this policy:

AIOM17 (11-99), AIOM18 (01-93), AIOM19 (01-93), AIOM33 (01-93), AIOM37 (01-93),
AIOM49 (04-99), AIOM73 (02-00), AIOM80 (02-00).
GU206 (06-92).

This policy shall be warranted as per FORMS ATTACHED.  THIS POLICY SHALL ⸱  ⸱ VALID
UNLESS ENDORSEMENT ISSUED BY THIS COMPANY IS ATTACHED HERETO, AND  DE AND
ACCEPTED SUBJECT TO THE FOREGOING STIPULATIONS AND CONDITIONS WHIC  HEREBY
SPECIALLY REFERRED TO AND MADE A PART OF THIS POLICY, together wit⸱  other
provisions, agreements or conditions as may be endorsed hereon or added  ⸱; and
no officer, agent or other representative of this Company shall have p⸱  waive
or be deemed to have waived any provision or condition of this Polic⸱  such
waiver, if any, shall be written upon or attached hereto, nor shall any  ⸱e or
permission affecting this insurance under this Policy exist or be c  ⸱ the
Insured unless so written or attached.  This Company, indicated above  ⸱sure
the Insured, named above, for account of themselves, in consideration ⸱  mium
and stipulations hereinafter mentioned.

IN WITNESS Whereof, this Company has caused this policy to be execute⸱  ⸱ed,
but this policy shall not be valid unless countersigned on the declara⸱  by a
duly authorized representative of this Company.

DATED: _____

COUNTERSIGNED BY: _____
                        AUTHORIZED REPRESENTATIVE

Agency                                                            ⸱1 99

OM - Commercial Hull
Policy Number CHA 0111368-11

---

**ENDORSEMENT**

This endorsement, effective 02/28/2005, forms a part of policy no. CHA 0111368-11 issued

to Kavanagh Fisheries Inc.  by

---

In consideration of premiums charged, it is hereby understood and
agreed that the following changes have been made.

Form AI OM 17 11 99 SP-39C is amended to read:  Beginning and ending
at 12:01AM Standard Time at place of issuance.

The Navigation Warranty wording shown under the Special Terms and
Conditions page of this policy is deleted.

The limits under this policy are excess of $1,000,000 coverage being
written by Zurich American Insurance Company.

GU 20 6 06 92

AI OM 17 11 99
SP-39C

TAYLOR
1953
(Rev. 70)

1    In consideration of the premium and the stipulations, terms and conditions hereinafter mentioned, this Company
2 does hereby insure:

3 Assured
4                    **Kavanagh Fisheries Inc.**
5
6 Whose address is  **C/O Dawsons Boat Settlements**
                    **84 Front Street**
                    **New Bedford, MA 02740**
7 Loss, if any, payable to
8
9                    First Insurance Funding Corp.
                    450 Skokie Blvd.
                    Northbrook, IL 60065
                    With respect to Vessel # 1 shown in the Schedule.


10 Upon the **SEE SCHEDULE** called **SEE SCHEDULE**
11 Her  hull,  tackle,  apparel,  engines,  boilers,  machinery, appurtenances, equipment, stores, boats and furniture
12 From **February 28, 2005**

13 Until **February 28, 2006**
Beginning and ending at noon Standard Time at place of issuance.


14

| AMOUNT INSURED HEREUNDER | RATE | PREMIUM | AGREED VALUATION |
|---|---|---|---|
| | SEE SCHEDULE ATTACHED | | |


15    Touching  the  adventures  and  perils which this Company is contented to bear and take upon itself, they are
16 of  the waters named herein, fire, lightning, earthquake, assailing thieves, jettisons, barratry of the master and
17 mariners  and all other like perils that shall come to the hurt, detriment or damage of the vessel named herein.

18    This  insurance also covers loss of or damage to the vessel named herein caused by explosion on shipboard or
19 elsewhere.

20    This  insurance  also covers loss of or damage to the vessel named herein directly caused by:
21        Accidents in loading, discharging or handling cargo or in bunkering;
22        Accidents in going on or off, or while on drydocks, graving docks, ways, marine railways, gridirons or
23        pontoons;
24        Breakdown  of  motor  generators  or  other electrical machinery and electrical connections thereto, bursting
25        of  boilers, breakage of shafts, or any latent defect in the machinery or hull, (excluding the cost and
26        expense of replacing or repairing the defective part);
27        Breakdown of or accidents to nuclear installations or reactors not on board the vessel named herein;
28        Contact  with  aircraft, rockets or similar missiles, or with any land conveyance;
29        Negligence  of  charterers  and/or  repairers,  provided such charterers and/or

30          repairers are not assured(s)
            hereunder;
31          Negligence of master, mariners, engineers or pilots;
32 provided  such  loss  or  damage  has  not  resulted  from want of due diligence by the
   assured, the owners or managers
33 of the vessel, or any of them.

34     General  average,  salvage and special charges payable as provided in the contract
   of affreightment, or fail-
35 ing  such  provision,  or  there be no contract of affreightment, payable in accordance
   with the laws and usages
36 of the port of New York.  Provided always that when an adjustment according to the laws
   and usages of the New
37 port  of  destination  is properly demanded by the owners of the cargo, general average
   shall be paid in accord-
38 ance with same.

39        And  it  is further agreed that if the vessel named herein and/or her tow, if any,
   shall come into collision with  any
40 other  ship or vessel other than her tow, if any, and the assured in consequence of the
   vessel named herein being at
41 fault shall become liable to pay and shall pay by way of damages to any other person or
   persons any sum or sums in
42 respect  of such collision, this Company will pay its proportion of such sum or sums so
   paid as the amount insured
43 hereunder  bears  to  the  agreed valuation of the vessel named herein, provided always
   that this Company's liability in
44 respect  of  any one such collision shall not exceed the amount insured hereunder.  And
   in cases where the liability of
45 the  vessel  named  herein  has  been contested or proceedings have been taken to limit
   liability, with the consent in writ-
46 ing  of  this  Company, this Company will also pay a like proportion of the costs which
   the assured shall thereby incur,
47 or  be compelled to pay; but when both vessels are to blame, then, unless the liability
   of the owners of one or both such
48 vessels  becomes  limited by law, claims under this Collision Liability Clause shall be
   settled on the principle of cross-
49 liabilities  as if the owners of each vessel had been compelled to pay to the owners of
   the other of such vessels such
50 one-half  or other proportion of the latter's damages as may have been properly allowed
   in ascertaining the balance
51 or  sum payable by or to the assured in consequence of such collision.  Provided always
   that this clause shall in no
52 case  extend  to any sum which the assured may directly, indirectly, or otherwise incur
   or become liable to pay or
53 shall  pay  for:  removal,  destruction  or  abatement of, or any attempt or failure or
   neglect to remove, destroy or abate
54 obstructions or wrecks and/or their cargoes or any hazard resulting therefrom; loss of,
   or damage to, or expense,
55 including demurrage and/or loss of use thereof, in connection with any fixed or movable
   object, property or thing
56 of whatever nature (excepting other vessels and property thereon); loss of or damage to
   her tow; cargo, baggage
57 or  engagements  of  the  vessel named herein or of her tow; or for loss of life of, or
   injury to, or illness of,
58 any  person.   And provided also that in the event of any claim under this clause being
   made by anyone other than the own-
59 ers  of  the vessel named herein, he shall not be entitled to recover in respect of any
   liability to which the owners of the
60 vessel  as  such would not be subject, nor to a greater extent than the owners would be
   entitled in such event to recover.

61      In  case  of  any  loss  or  misfortune  it  shall be lawful and necessary for the
   assured, their factors, servants and
62 assigns, to sue, labor and travel for, in and about the defense, safeguard and recovery
   of the vessel named herein,
63 or  any  part thereof, without prejudice to this insurance, to the charges whereof this
   Company will contribute as here-
64 inafter  provided.  It is agreed that the acts of the assured or this Company, or their
   agents, in recovering,
65 saving  and preserving the property insured in case of disaster shall not be considered
   a waiver or an acceptance
66 of  an  abandonment,  nor  as affirming or denying any liability under this policy; but
   such acts shall be con-
67 sidered  as  done for the benefit of all concerned, and without prejudice to the rights

of either party.

68      Warranted that in case of any casualty or loss which may result in a claim under this policy the assured shall
69 give this Company prompt notice thereof and reasonable opportunity to be represented on a survey of the damage,
70 each party to name a surveyor, which two surveyors shall proceed to draw specifications as to the extent of the
71 damage and the work required to make the damage good. If the two surveyors agree, such specifications shall be
72 binding on both this Company and the assured, subject nevertheless to policy terms and conditions and the question
73 of whether or not the disaster and resulting loss or damage are covered by this policy. In the event the two survey-
74 ors cannot agree, they must select an umpire, and in the event they cannot agree upon an umpire, either party
75 hereto may apply to the United States District Court for the district in which the home port of the vessel named
76 herein is located for the appointment of an umpire, pursuant to the United States Arbitration Act. The decision of
77 the umpire so appointed shall have the same force and effect as the specifications aforesaid. When specifications
78 have been drawn in either of the modes aforesaid, if the Company shall be dissatisfied with the terms which the
79 assured may obtain for the repair of the damage as specified by said survey, then this Company may require the
80 surveyors or the umpire to submit the specifications prepared as aforesaid to such shipyard, repair men, boat build-
81 ers and shipwrights, as may be selected by such surveyors or the umpire, with a request for bids for such repairs.
82 If after reception of such bids, the assured shall elect to accept some other bid than that of the lowest bidder, this
83 Company shall be liable only for its proportion of so much of the sum actually expended to effect repairs
84 specified by the surveyors for its account as does not exceed said lowest bid. In no event however shall this
85 Company respond for an amount in excess of its proportion of the amount actually expended by the assured in
86 effecting such repairs.

87      With respect to physical loss or damage to the vessel named herein this Company shall be liable only for
88 such proportion of such loss or damage as the amount insured hereunder bears to the agreed valuation.

89      In the event of expenditure under the sue and labor clause, this Company will pay the proportion of such
90 expenses that the amount insured hereunder bears to the agreed valuation of the vessel named herein, or that the
91 amount insured hereunder, less loss and/or damage payable under this policy, bears to the actual value of the
92 salved vessel, whichever proportion shall be less.

93      When the contributory value of the vessel named herein is greater than the agreed valuation stated herein
94 the liability of this Company for general average contribution (except in respect of amount made good to the
95 vessel) or salvage shall not exceed that proportion of the total contribution due from the vessel that the amount
96 insured hereunder bears to the contributory value; and if because of damage for which this Company is liable as
97 particular average the value of the vessel has been reduced for the purpose of contribution, the amount of the
98 particular average claim under this policy shall be deducted from the amount insured hereunder and this Com-
99 pany shall be liable only for the proportion which such net amount bears to the contributory value.

100      The sum of $ **SEE SCHEDULE** shall be deducted from the total amount of any or all claims (including claims
101 for sue and labor, collision liability, general average and salvage charges) resulting from any one accident. This
102 deduction does not apply to claims for total or constructive total loss. For the purpose of this clause each accident
103 shall be treated separately, but it is agreed that a sequence of damages arising from

104 the same accident shall be treated as due to that accident.

105 In case of loss, such loss to be paid in thirty days after satisfactory proof of loss and interest shall have
106 been made and presented to this Company, (the amount of any indebtedness due this Company from the assured
107 or any other party interested in this policy being first deducted).

108 Upon making payment under this policy the Company shall be vested with all of the assured's rights of re-
109 covery against any person, corporation, vessel or interst and the assured shall execute and deliver instruments
110 and papers and do whatever else is necessary to secure such rights.

111 Any agreement, contract or act, past or future, expressed or implied, by the assured whereby any right of re-
112 covery of the assured against any vessel, person or corporation is released, decreased, transferred or lost which
113 would, on payment of claim by this Company, belong to this Company but for such agreement, contract or act shall
114 render this policy null and void as to the amount of any such claim, but only to the extent and to the amount that
115 said agreement, contract or act releases, decreases, transfers, or causes the loss of any right of recovery of this
116 Company, but the Company's right to retain or recover the full premium shall not be affected.

117 This Company shall have the option of naming the attorneys who shall represent the assured in the prosecution
118 or defense of any litigation or negotiations between the assured and third parties concerning any claim, loss or inter-
119 est covered by this policy, and this Company shall have the direction of such litigation or negotiations. If the assured
120 shall fail or refuse to settle any claim as authorized by the Company, the liability of the Company to the assured
121 shall be limited to the amount for which settlement could have been made.

122 It is a condition of this policy that no suit, action or proceeding for the recovery of any claim for physical
123 loss of or damage to the vessel named herein shall be maintainable in any court of law or equity unless the same
124 be commenced within twelve (12) months next after the calendar date of the happening of the physical loss or
125 damage out of which the said claim arose. Provided, however, that if by the laws of the state within which this
126 policy is issued such limitation is invalid, then any such claim shall be void unless such action, suit or proceeding
127 be commenced within the shortest limit of time permitted, by the laws of such state, to be fixed herein.

128 In event of damage, cost of repairs to be paid without deduction of one-third, new for old.

129 If claim for total loss is admitted under this policy and sue and labor expenses have been reasonably incurred in
130 excess of any proceeds realized or value recovered, the amount payable under this policy will be the proportion of
131 such excess that the amount insured hereunder (without deduction for loss or damage) bears to the agreed valuation
132 or the sound value of the vessel named herein at the time of the accident, whichever value was greater.

133 It is a condition of this insurance that this Company shall not be liable for unrepaired damage in addition
134 to a total or constructive total loss.

135 No recovery for a constructive total loss shall be had hereunder unless the expense of recovering and re-
136 pairing the vessel named herein shall exceed the agreed valuation.

137 In ascertaining whether the vessel named herein is a constructive total loss the agreed valuation shall be
138 taken as the repaired value, and nothing in respect of the damaged or break-up value of the vessel or wreck shall

139 be taken into account.

140    In the event of total or constructive total loss, no claim to be made by this Company for freight, whether
141 notice of abandonment has been given or not.

142    Any deviation beyond the navigation limits provided herein shall void this policy; but on the return of the
143 vessel in a seaworthy condition, within the limits herein provided, this policy shall reattach and continue in full
144 force and effect, but in no case beyond the termination of this policy.

145    Warranted by the assured that there shall be no other insurance covering physical loss or damage to the
146 vessel named herein other than that which is provided in lines 15 through 33 hereof but permission is granted
147 to carry other insurance of whatever kind or nature not covered by this policy or additional amounts of insurance
148 of the kind or nature covered by this policy other than as provided in lines 15 through 33.

149    This insurance shall be void in case this policy or the vessel named herein, shall be sold, assigned, transferred
150 or pledged, or if there be any change of management or charter of the vessel, without the previous consent in
151 writing of this Company.

152    Notwithstanding anything to the contrary contained in this policy, this insurance is warranted free from
153 any claim for loss, damage or expense caused by or resulting from capture, seizure, arrest, restraint or detainment,
154 or the consequences thereof or of any attempt thereat, or any taking of the vessel, by requisition or otherwise,
155 whether in time of peace or war and whether lawful or otherwise; also from all consequences of hostilities or war-
156 like operations (whether there be a declaration of war or not), but the foregoing shall not exclude collision or
157 contact with aircraft, rockets or similar missiles, or with any fixed or floating object (other than a mine or
158 torpedo), stranding, heavy weather, fire or explosion unless caused directly (and independently of the nature of
159 the voyage or service which the vessel concerned or, in the case of a collision, any other vessel involved therein;
160 is performing) by a hostile act by or against a belligerent power, and for the purpose of this warranty "power"
161 includes any authority maintaining naval, military or air forces in association with a power; also warranted free,
162 whether in time of peace or war, from all loss, damage or expense caused by any weapon of war employing atomic
163 or nuclear fission and/or fusion or other reaction or radioactive force or matter.

164    Further warranted free from the consequences of civil war, revolution, rebellion, insurrection, or civil strife
165 arising therefrom, or piracy.

166    If war risks are hereafter insured by endorsement on the policy, such endorsement shall supersede the above
167 warranty only to the extent that their terms are inconsistent and only while such war risk endorsement remains
168 in force.

169    Warranted free of loss or damage in consequence of strikes, lockouts, political or labor disturbances, civil
170 commotions, riots, martial law, military or usurped power or malicious acts.

171    Either party may cancel this policy by giving ten days' notice in writing; if at the option of this Company
172 pro rata rates, if at the request of the assured short rates, will be charged-and arrival.

173    NAVIGATION LIMITS-SPECIAL CONDITIONS-ENDORSEMENT, ETC.

**Hull and Machinery, Etc.**
**Schedule of Vessels**

**Vessel #**
1.      **Type/Descr:** 97.2' Western-Rigged Dragger
        **Name:** Atlantic
        **Amount Insured Hereunder:**  200,000
        **Agreed Valuation:**  200,000
        **Lay-Up Period:** From 00/00 to 00/00
        **Commercial Vessel Use Warranty:** Commercial Fishing
        **Navigation Warranty:** Eastport,  ME to Cape Fear, NC not to exceed more than two
        hundred (200) miles off shore.
        **Premium:**  6,000

Cancelling returns only.

Each vessel separately insured.

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED**

AI OM 18 01 93

## American Institute
## POLLUTION EXCLUSION CLAUSE (Liabilities)

To be attached to and form a part of Policy No. **CHA 0111368 - 11** of

### Acadia Insurance Company

Insuring **Kavanagh Fisheries Inc.**

    This Policy will not indemnify the Assured against any sum(s) paid, nor insure against any liability, with respect to any loss, damage, cost, liability, expense, fine or penalty of any kind or nature whatsoever, and whether statutory or otherwise, incurred by or imposed on the Assured, directly or indirectly, in consequence of, or with respect to, the actual or potential discharge, emission, spillage or leakage upon or into the seas, waters, land or air, of oil, fuel, cargo, petroleum products, chemicals or other substances of any kind or nature whatsoever.

AI OM 33 01 93
87B-108

### American Institute
### HULL WAR RISKS AND STRIKES CLAUSES
(Including Automatic Termination and Cancellation Provisions)
For Attachment to American Institute Hull Clauses
December 1, 1977

1    To be attached to and form a part of Policy No. **CHA 0111368 - 11** of the
2    **Acadia Insurance Company**
3       This insurance, subject to the exclusions set forth herein, covers only
those risks which would be covered by the
4    attached Policy (including collision liability) in the absence of the WAR,
STRIKES AND RELATED EXCLUSIONS clause
5    contained therein but which are excluded thereby and which risks shall be
construed as also including:

6       1. Any mine, bomb or torpedo not carried as cargo on board the Vessel;
7       2. Any weapon of war employing atomic or nuclear fission and/or fusion or
          other like reaction or radioactive force
8          or matter;
9       3. Civil war, revolution, rebellion, insurrection, or civil strife arising
          therefrom;
10       4. Strikes, lockouts, political or labor disturbances, civil commotions,
          riots, martial law, military or usurped power;
11       5. Malicious acts or vandalism to the extent only that such risks are not
          covered by the attached Policy;
12       6. Hostilities or warlike operations (whether there be a declaration of war
          or not) but this paragraph (6) shall not
13          include collision or contact with aircraft, rocket or similar missiles,
          or with any fixed or floating object, or strand-
14          ing, heavy weather, fire or explosion unless caused directly by a hostile
          act by or against a belligerent power
15          which act is independent of the nature of the voyage or service which the
          Vessel concerned or, in the case of
16          a collision, any other vessel involved therein, is performing. As used
          herein, "power" includes any authority
17          maintaining naval, military or air forces in association with a power.

### EXCLUSIONS

18       This insurance does not cover any loss, damage or expense caused by,
resulting from, or incurred as a consequence
19    of:
20       a. Any hostile detonation of any weapon of war described above in paragraph
          (2);
21       b. Outbreak of war (whether there be a declaration of war or not) between
          any of the following countries: United
22          States of America, United Kingdom, France, the Union of Soviet Socialist
          Republics or the People's Republic
23          of China;
24       c. Delay or demurrage;
25       d. Requisition or preemption;
26       e. Arrest, restraint or detainment under customs or quarantine regulations
          and similar arrests, restraints or detain-
27          ments not arising from actual or impending hostilities;
28       f. Capture, seizure, arrest, restraint, detainment, or confiscation by the
          Government of the United States or of the
29          country in which the Vessel is owned or registered.

### HELD COVERED AND OTHER PROVISIONS

30       The held covered clause appearing under the heading ADVENTURE in the
attached Policy is deleted and the follow-
31    ing clause substituted therefore:--
32       "Subject to the provisions of the Automatic Termination and Cancellation
          Clauses below, held covered in the
33          event of any breach of conditions as to loading or discharging of cargo
          at sea, or towage or salvage activities
34          provided (a) notice is given to the Underwriters immediately following
          receipt of knowledge thereof by the
35          Assured, and (b) any amended terms of cover and any additional premium

36       required by the Underwriters and also agreed to by the Assured."

37     If at the natural expiry time of this insurance the Vessel is at sea, this insurance will be extended, provided previous
38 notice be given to the Underwriters, for an additional premium at a rate to be named by the Underwriters, until midnight
39 Local Time of the day on which the Vessel enters the next port to which she proceeds and for 24 hours thereafter, but
40 in no event shall such extension affect or postpone the operation of the Automatic Termination and Cancellation Clauses
41 below.

42     Warranted not to abandon in case of capture, seizure or detention, until after condemnation of the property insured.

43     The provisions of the attached Policy with respect to constructive Total Loss shall apply only to claims arising from
44 physical damage to the Vessel.

## AUTOMATIC TERMINATION AND CANCELLATION CLAUSES

45 **A.** This insurance and any extension thereof, unless sooner terminated by the provisions of section B or C, shall terminate
46 automatically upon and simultaneously with the occurrence of any hostile detonation of any nuclear weapon of war
47 as defined above, wheresoever or whensoever such detonation may occur and whether or not the Vessel may be
48 involved.
49 **B.** This insurance and any extension thereof, unless sooner terminated by the provisions of section A or C, shall termi-
50 nate automatically upon and simultaneously with the outbreak of war, whether there be a declaration of war or not,
51 between any of the following countries: United States of America, United Kingdom, France, the Union of Soviet
52 Socialist Republics or the People's Republic of China.
53 **C.** This insurance and any extension thereof, unless sooner terminated by section A or B, shall terminate automatically
54 if and when the Vessel is requisitioned, either for title or use.
55 **D.** This insurance and any extension thereof may be cancelled at any time at the Assured's request, or by Underwriters
56 upon 14 days' written notice being given to the Assured, but in no event shall such cancellation affect or postpone
57 the operation of the provisions of sections A, B or C. Written or telegraphic notice sent to the Assured at his (its)
58 last known address shall constitute a complete notice of cancellation and such notice mailed or telegraphed to
59 the said Assured, care of the broker who negotiated this insurance, shall have the same effect as if sent to the
60 said Assured direct. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date
61 and hour of cancellation shall be 14 days from midnight Local Time of the day on which such notice was mailed or
62 telegraphed as aforesaid. Underwriters agree, however, to reinstate this insurance subject to agreement between
63 Underwriters and the Assured prior to the effective date and hour of such cancellation as to new rate of premium
64 and/or conditions and/or warranties.

### RETURNS OF PREMIUM

65     The RETURNS OF PREMIUM clause of the attached Policy is deleted and the following substituted therefore:--
66 "In the event of an automatic termination or cancellation of this insurance under the provisions of sections
67 A, B, C or D above, or if the Vessel be sold, pro rata net return of premium will be payable to the Assured,
68 provided always that a Total Loss of the Vessel has not occurred during the currency of this Policy. In no
69 other event shall there be any return of premium."

70 THIS INSURANCE SHALL NOT BECOME EFFECTIVE IF, PRIOR TO THE INTENDED TIME OF ITS ATTACHMENT, THERE
71 HAS OCCURRED ANY EVENT WHICH WOULD HAVE AUTOMATICALLY TERMINATED THIS INSURANCE UNDER THE
72 PROVISIONS OF SECTIONS A, B, OR C HEREOF HAD THIS INSURANCE ATTACHED PRIOR TO SUCH OCCURRENCE.

AI OM 37 01 93
SP-24

## STRIKES, RIOTS, MALICIOUS MISCHIEF, VANDALISM ENDORSEMENT

Attached to Policy No. **CHA 0111368 - 11** of the

### Acadia Insurance Company

In consideration of $ **Included** additional premium, this insurance is hereby extended to cover physical damage to or destruction of the property directly caused by strikers, locked-out workmen or persons taking part in labor disturbances or riots or civil commotions, vandalism, sabotage or malicious mischief and as so extended shall include such losses directly caused by acts committed by an agent of any government, party or faction engaged in war, hostilities or other warlike operations provided, such agent is acting secretly and not in connection with any operation of armed forces (whether military, naval or air forces) in the country where the property is situated. Nothing in the foregoing shall be construed to include any loss, damage or expense caused by or resulting from any of the risks or perils mentioned in the War Risk exclusion or Free of Capture or Seizure warranty of the policy to which this endorsement is attached, excepting only the acts of certain agents expressly covered above, but in no event shall this endorsement include any loss, damage or expense caused by or resulting from any weapon of war employing atomic fission or radioactive force whether in time of peace or war.

This endorsement may be cancelled at any time upon request of the Assured, the Company retaining or collecting the customary short rates for the time it has been in force; or, it may be cancelled by the Company by delivering or mailing to the last known address of the Assured five days' written notice of such cancellation and, if the premium has been paid, by tendering in cash, postal money order, or check, the pro rata unearned premium thereon.

Dated, _____, _____

_____

### THEFT COVERAGE ENDORSEMENT

Attached to and forming part of CHA  0111368 - 11 of the Acadia Insurance Company.

Issued to: Kavanagh Fisheries Inc.

Effective Date: 02/28/2005

It is hereby understood and agreed that effective 02/28/05, and in consideration of premium charged, the following is to be attached to and forming part of the:
    Taylor Hull Form 1953(Rev. 70) SP-38C

**"THEFT"** hereunder is defined as "damage to or loss of the entire vessel or electronics caused by the unlawful taking of the entire vessel or electronics",

"In consideration of the premium charged, it is hereby understood and agreed that this endorsement extends the commercial hull policy to cover damage to or loss of the entire vessel, or electronics, caused by the unlawful taking of the entire vessel or electronics".

The theft of the entire vessel shall be adjusted based on the insured value as stated in the commercial hull policy.

In the event of damage to the vessel resulting from theft of the entire vessel the hull deductible stated in the commercial hull policy shall apply for each occurrence that is reported.

Electronics shall be checked off on the application submitted to underwriters; if electronics are purchased and installed after the inception date of the policy, underwriters must be notified in writing, at which time an additional premium may be charged, coverage shall not apply unless underwriters receive notice.

Theft claims on electronics shall be adjusted on an Actual Cash Value basis. There must be visible marks of forcible entry or removal, or the entire vessel must be stolen. $250. shall be deducted from the payment for each occurrence that is reported.

If the entire vessel or electronics is stolen and not recovered within 30 days after you present your theft claim to the appropriate law enforcement authority as well as to us or our agent, the property shall be considered totally lost.

"Warranted that the Company shall not be liable for the loss of or damage to fish; bait; fishing gear, including but not limited to, nets, doors; drags, rods, reels, and line; or gear not normally installed upon and made part of the insured vessel."

All other terms and conditions of the commercial hull policy shall apply to this endorsement.

## COMMERCIAL HULL ENDORSEMENT

Attached to and forming part of Policy Number CHA 0111368 - 11 of the Acadia Insurance Company.

Issued to: Kavanagh Fisheries Inc.

Effective Date: 02/28/2005

### SPECIAL TERMS AND CONDITIONS

It is hereby understood and agreed that effective 02/28/05, the following warranties are to be attached to and made a part of the:
**Taylor Hull Form 1953 (Rev. 70) SP-39C**

1. **COMMERCIAL VESSEL USE WARRANTY**:

   Warranted that the insured vessels be used for no commercial purpose other than **See Schedule** and coverage shall not be provided for any other activity unless endorsed herein.

2. **NAVIGATION WARRANTY**:

   Warranted that the insured vessel be confined to **See Schedule.** It is further warranted that the insured vessel must **return to a port of safe refuge** once every twenty-four (24) hours.

3. **LAY-UP WARRANTY**:

   Warranted that the insured vessel be laid up and in a state of decommission and not used by the Insured for any purpose whatsoever from **See Schedule** 12:01 am through **See Schedule** 12:01 am.

   If the vessel is to be laid up and out of commission for the period shown above:

   1. it must be in a safe berth for storage ashore or afloat;
   2. if the vessel is laid up afloat, it must be covered and properly winterized for storage afloat. It also must be properly secured to a pier or float that is attached to a pier;
   3. it must not be ready for immediate use;
   4. it must not be used for living on board;
   5. it must not be operated;
   6. all removable gear and equipment, including portable electronics, must be removed from the vessel and safely stored ashore.

   A vessel afloat on a mooring is not considered laid up and coverage is suspended during that time.

4. **LINE 11**:

   It is hereby understood and agreed that line 11 of the Taylor Hull Form 1953 (Rev. 70), should the Taylor Hull Form be applicable, is amended to exclude coverage for dinghies, tenders, their outboards and equipment, unless coverage is specifically endorsed elsewhere within this policy.

5. **DIVING WARRANTY**:

   Warranted free of any liability of any nature whatsoever caused by or contributing to or arising from swimming, skin diving, snorkeling, SCUBA diving or any similar activities from the insured vessel.

6. **CANCELLATION CLAUSE**:

   Notwithstanding anything else contained in this policy to the contrary, this policy may be cancelled by either party giving fifteen (15) days written or telegraphic notice to the other. Notice to the agent is deemed as being notice to the assured. If cancelled at the option of the Assured, short rates will be charged; if cancelled by these Assurers, pro rata rates will be charged. From all return premiums the same percentage of deduction (if any) shall be made as

7. **ACTUAL CASH VALUE WARRANTY**:

Warranted subject to the terms and conditions of the policy to which this endorsement is attached, the Valuation on Outboard and Outdrive Units of Inboard Outboard Motors is amended to read:

We will pay losses on the basis of depreciated Actual Cash Value at the time of the loss, but not exceeding what it would cost to repair or replace the damaged or lost property with material of like kind and quality.

Our liability for any one loss will not exceed the amount of insurance listed for Hull and Equipment shown on the Declarations page.

8. **SEAWORTHINESS WARRANTY**:

The Underwriters shall not be liable for any loss, damage or expense, arising out of the failure of the Assured to exercise due diligence to maintain the vessels in a seaworthy condition and in all respects fit, tight, and properly manned, equipped and supplied after attachment of this policy; without regard to the knowledge or privity of the Assured to the cause.

9. **GEAR and CARGO EXCLUSION**:

1. Gear and Equipment Exclusion - Warranted that the company shall not be liable for damage to:

   a. bait or fish including the vessel's catch.
   b. fishing gear, including nets, doors, drags, rods and reels, and sein dories, that are not permanently installed and made part of the vessel while the equipment is actually being used in fishing operations.
   c. traps.

2. Cargo Exclusion - this insurance is warranted free of all claims in conncetion with Cargo.

3. Gear/Equipment ashore - It is understood and agreed that any part of the vessel, it's equipment, boats and fishing gear, while separately stored ashore, shall be covered for the peril of fire only and is limited to 50% of the insured value of the vessel; the insured value of the vessel will be reduced by the value of the parts, equipment, boats and fishing gear separately stored ashore.

10. **CLAIMS CO-OPERATION**:

The Assured shall render every assistance to facilitate investigation or adjustment of claims or the effecting of settlements and to co-operate fully in the securing of evidence, the attendance of witnesses and the eliciting of information in defending such claims, including the prosecuting of appeals, it being understood that failure to comply fully with the provisions of this paragraph shall render the policy null and void and that, in the event, no further obligation of any character shall rest upon the company.

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.**

## CREW COVERAGE EXCLUSION ENDORSEMENT

Attached to and forming part of CHA  0111368 - 11 of the Acadia Insurance Company.

Issued to: Kavanagh Fisheries Inc.

Effective Date: 02/28/2005


It  is  hereby  understood  and agreed that effective 02/28/05, and in consideration of premium charged, the following is to be attached to and made part of the :


Coverage  hereunder  specifically  **EXCLUDES** any and all liability for loss of life, or illness  of,  or  inury  to,  hospital,  medical  or other expenses, for any paid Crew Member, Captain, Able Bodied Seaman, Deckhand, Engineer, Oiler, Wiper, Steward, Galley or Entertainment Personnel, or any other paid employees of the Assured, working aboard the insured vessel.


All  other  terms  and  conditions  of  the commercial hull policy shall apply to this endorsement.

**This Policy of Insurance
is issued by one of the following Companies
as indicated on the first page of the Declarations:**

Acadia Insurance Company
Acadia Underwriters
Berkley Underwriters Insurance Company
Continental Western Insurance Company
Firemen's Insurance Company of Washington, D.C.
Union Insurance Company

Branch Office Locations:

One Acadia Commons, P.O. Box 9010
Westbrook, ME 04098-5010

74 Gilman Road, Suite 2
Bangor, ME 04401

290 Donald Lynch Blvd. P.O. Box 9168
Marlborough, MA 01752-4710

P.O. Box 9526
Manchester, NH 03108-9526

200 Salina Meadows Parkway, Suite 250
Syracuse, NY 13212

1775 Williston Road, P.O. Box 9500
South Burlington, VT 05407-9500

Acadia Underwriters:
195 Scott Swamp Road, P.O. Box 4063
Farmington, CT 06034-4063

Administrative Offices for the above Companies are located at:
One Acadia Commons, P.O. Box 9010
Westbrook, ME 04098-5010

In Witness Whereof, the issuing Company has caused this Policy to be signed officially below; but this policy shall not be valid unless countersigned by the duly authorized Agent of this Company.

William C. Thornton
President and Assistant
Secretary

Charles A. Hamblen
Senior Vice President and
Assistant Treasurer

# PRIVACY NOTICE

(the "Company"), a member company of the W.R. Berkley Corporation ("Berkley") group of companies and each other member of the Berkley group of companies ("Affiliates") understands our customers' concern about privacy of their information collected by the Company. Our Company is dedicated to protecting the confidentiality and security of nonpublic personal information we collect about our customers in accordance with applicable laws and regulations. This notice refers to the Company by using the terms "us," "we," or "our." This notice describes our privacy policy and describes how we treat the nonpublic personal information about our customers that we receive from them ("Information").

## Why We Collect and How We Use Information.

We collect and use Information for business purposes with respect to our insurance products and services and other business relations involving our customers. We gather this Information to evaluate your request for insurance, to evaluate your insurance claims, to administer, maintain, or review your insurance policy, and to process your insurance transactions. We also accumulate certain information about you as may be required or permitted by law.

Your insurance agent or broker also collects this Information and may use it to help with your overall insurance program or to market additional products and services to you. We may also use Information to offer you other products or services that we or our Affiliates provide.

## How We Collect Information.

Most Information collected by us is provided by you or your insurance agent or broker to us. We obtain Information from (i) applications or other forms submitted by you, your insurance agent or broker or your authorized representatives to us and our Affiliates, and (ii) your transactions with us or our Affiliates. We may also obtain Information from other sources such as (i) consumer reporting agencies, (ii) other institutions or information services providers, (iii) employers, (iv) other insurers, or (v) your family members.

## Information We Disclose

We disclose any Information which we believe is necessary to conduct our business as permitted by applicable law or where required by applicable law. This disclosure may include (i) Information we receive from you on applications or other forms provided to us and our Affiliates, such as names, addresses, social security numbers, assets, employer information, salaries, etc. (ii) Information about your transactions with us and our Affiliates, such as policy coverages, premiums, payment history, etc., and (iii) Information we receive from a consumer reporting agency, such as credit worthiness and credit history.

## To Whom We Disclose Information

We may, as permitted or required by applicable law, disclose your Information to nonaffiliated third parties, such as (i) your insurance agent or broker, (ii) independant claims adjusters, (iii) insurance support organizations, (iv) processing companies, (v) actuarial organizations, (vi) law firms, (vii) other insurance companies involved in an insurance transaction with you, (viii) law enforcement, regulatory, or governmental agencies, (ix) courts or parties therein pursuant to a subpoena or court order, (x) businesses with whom we have a marketing agreement, or (xi) our Affiliates.

We may share Information with our Affiliates so that they may offer you products and services from the Berkley group of companies or to analyze our book of business and to consolidate necessary information. We do not disclose Information to other companies or organizations not affiliated with us for the purpose of using Information to sell their products or services to you. For example, we do not sell your name to unaffiliated mail order or direct marketing companies.

## How We Protect Information

We require our employees to protect the confidentiality of Information as required by applicable law. Access to Information by our employees is limited to administering, offering, servicing, processing or maintaining of our products and services. We also maintain physical, electronic and procedural safeguards designed to protect Information. When we share or provide Information to other persons or organizations, we contractually obligate them, if required by law, to treat Information as confidential and conform to our privacy policy and applicable laws and regulations.

Upon our receipt of your written request to us at P.O. Box 9010, Westbrook, ME 04098-5010, we will, generally, make available Information for your review. If you believe the Information we have about you is incorrect or inaccurate, you may request that we make any necessary corrections, additions or deletions. If we agree with your belief, we will correct our records if required by applicable law. If we do not agree, you may submit to us a short statement of dispute, which we will include in any future disclosure by us of such Information if required by applicable law.

**Requirements for Privacy Notice**

This privacy notice is being provided due to recently enacted federal and state laws and regulations establishing new privacy standards and requires us to provide this privacy policy. For additional information regarding our privacy policy, please write to us at P.O. Box 9010, Westbrook, ME 04098-5010.

Adopted: June 1, 2001

No. MH584241300

# ZURICH

## Zurich American Insurance Company
1400 American Lane, Schaumburg, Illinois 60196-1056

YOUR PREV. POL. NO.

Agent or Broker  G&M MARINE, INC.
Office Address  818 Howard Avenue, Suite 201
Town and State  NEW ORLEANS, LA 70113

Interest  FISHING VESSEL S/D
Vessel  "ATLANTIC"                          (per Form of Policy Attached)

Amount Insured $  1,000,000   Rate  4.25%      Premium $   43,500.00
                    250,000          CHRG                  30,050.00

Does Insure  KAVANAGH FISHERIES, INC.

Whose Address is  84 FRONT STREET          NEW BEDFORD    MA 02740

from  February 28, 2005     at noon, to   February 28, 2006     , at noon, Standard Time
at place of issuance, for the amount as shown above.

In consideration of the stipulations herein named and of the premium as shown above

This policy is made and accepted subject to the foregoing stipulations and conditions, which are hereby specially referred to and made a part of this policy, together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto.

**In Witness Whereof,** this Company has executed and attested these present, but this policy shall not be valid unless countersigned by a duly authorized Agent of the Company.

G & M MARINE, INC.

Countersigned at  New Orleans, La.  February 28, 2005 By _____ Agent

---

# ZURICH

No. MH584241300

## Zurich American Insurance Company
1400 American Lane, Schaumburg, Illinois 60196-1056

Assured  KAVANAGH FISHERIES, INC.

Interest  FISHING VESSEL S/D

Expires  February 28, 2006

Please Read Your Policy

ASSURED'S REPRESENTATIVE
It is a condition of this policy that the person, firm or corporation procuring this insurance for the Assured is the agent and representative of the Assured, not of the insurance company or G & M Marine, Inc. in all transactions relating hereto.

2H-1000  01 97

(OMNI+ DC0643-040810/0503011040)

DISCLOSURE NOTICE
TERRORISM RISK INSURANCE ACT OF 2002
REJECTION OF OUR OFFER OF COVERAGE

---

You did not accept our offer of coverage for certified acts of terrorism, as defined in and certified under the Terrorism Risk Insurance Act of 2002. Therefore, this policy does not provide such coverage. This policy contains one or more exclusions that apply to certified acts of terrorism.

If you were not made aware of our offer of coverage for certified acts of terrorism, or believe that this notice was included in this policy in error, please notify your agent or broker immediately.

---

**Name of Insured:**     KAVANAGH FISHERIES, INC.

**Policy Number:**       MH584241300

**Effective Date:**      02-28-05

**Processing Date:**     03-01-05

---

D0101 Ed. 11-02 Printed in U.S.A.          -1-

TAYLOR
1953
(Rev. 70)

SP-39C

1  In consideration of the premium and the stipulations, terms and conditions hereinafter mentioned, this Company
2  does hereby insure:    KAVANAGH FISHERIES, INC.
3  Assured -
4
5                         84 FRONT STREET
6  Whose address is       NEW BEDFORD    MA 02740

7  Loss, if any payable to  -ASSURED AND/OR ORDER,        A.T.I.M.A.
8
9
10  Upon the   "ATLANTIC"
11  Her hull, tackle, apparel, engines, boilers, machinery, appurtenances, equipment, stores, boats and furniture

12  From the                  February 28, 2005            Beginning and Ending
                                                          at noon Standard Time
13  Until the                 February 28, 2006            at address of assured

| | AMOUNT INSURED HEREUNDER | RATE | PREMIUM | AGREED VALUATION |
|---|---|---|---|---|
| 14 | 1,000,000 | 4.25% | $    43,500.00 | 1,000,000 |

15      Touching the adventures and perils which this Company is contented to bear and take upon itself, they are
16  of the waters named herein, fire, lightning, earthquake, assailing thieves, jettisons, barratry of the master and
17  mariners and all other like perils that shall come to the hurt, detriment or damage of the vessel named herein.

18      This insurance also covers loss of or damage to the vessel named herein caused by explosion on shipboard or
19  elsewhere.

20      This insurance also covers loss of or damage to the vessel named herein directly caused by:
21          Accidents in loading, discharging or handling cargo, or in bunkering;
22          Accidents in going on or off, or while in drydocks, graving docks, ways, marine railways, gridirons or
23          pontoons;
24          Breakdown of motor generators or other electrical machinery and electrical connections thereto, bursting
25          of boilers, breakage of shafts, or any latent defect in the machinery or hull, (excluding the cost and
26          expense of replacing or repairing the defective part);
27          Breakdown or of accidents to nuclear installations or reactors not on board the vessel named herein;
28          Contact with aircraft, rockets or similar missiles, or with any land conveyance;
29          Negligence of charterers and/or repairers, provided such charterers and/or repairers are not assured(s)
30          hereunder;
31          Negligence of master, mariners, engineers or pilots;
32  provided such loss or damage has not resulted from want of due diligence by the assured, the owners or managers
33  of the vessel, or any of them.

34      General average, salvage and special charges payable as provided in the contract of the affreightment, or fail-
35  ing such provision, or there be no contract of affreightment, payable in accordance with the laws and usages
36  of the Port of New York. Provided that always when an adjustment according to the laws and usages of the
37  port of destination is properly demanded by the owners of the cargo, general average shall be paid in accord-
38  ance with same.

39      And it is further agreed that if the vessel named herein and/or her tow, if any, shall come into collision with any
40  other ship or vessel other than her tow, if any, and the assured in consequence of the vessel named herein being at
41  fault shall become liable to pay and shall pay by way of damages to any other person or persons any sum or sums in
42  respect of such collision, this Company will pay its proportion of such sum or sums so paid as the amount insured
43  hereunder bears to the agreed value of the vessel named herein, provided always that this Company's liability in
44  respect of any one such collision shall not exceed the amount insured hereunder. And in cases where the liability of

(Continued on following pages)

Original Copy

(OMNI+ DCCV6437-030530/0503011040)

45   the vessel named herein has been contested or proceedings have been taken to limit liability, with the consent in writ-
46   ing of this Company, this Company will also pay a like proportion of the costs which the assured will thereby incur,
47   or be compelled to pay; but when both vessels are to blame, then, unless the liability of the owners of one or both such
48   vessels becomes limited by law, claims under this Collision Liability Clause shall be settled on the principle of cross-
49   liabilities as if the owners of each vessel had been compelled to pay the owners of the other of such vessels such
50   one-half or other proportion of the latter's damages as may have been properly allowed in ascertaining the balance
51   or sum payable by or to the assured in consequence of such collision. Provided always that this clause in no
52   case extend to any sum which the assured may directly, indirectly or otherwise incur or become liable to pay or
53   shall pay for: removal, destruction or abatement of, or any attempt or failure or neglect to remove, destroy or abate
54   obstruction or wrecks and/or their cargos or any hazard resulting therefrom; loss of, or damage to, or expense,
55   including demurrage and/or loss of use thereof, in connection with any fixed or movable object, property or thing
56   of whatever nature (excepting other vessels and property thereon); loss of or damage to her tow; cargo, baggage
57   or engagements of the vessel named herein or of her tow; or for any loss of life of, or injury to, or illness of,
58   any person. And provided also that in the event of any claim under this clause being made by anyone other than the own-
59   ers of the vessel named herein, he shall not be entitled to recover in respect of any liability to which the owners of the
60   vessel as such would not be subject, nor to a greater extent than the owners would be entitled in such event to recover.

61       In any case of loss or misfortune it shall be lawful and necessary for the assured, their factors, servants and
62   assigns, to sue, labor and travel for, in and about the defense, safeguard and recovery of the vessel named herein,
63   or any part thereof, without prejudice to this insurance, to the charges whereof this Company will contribute as here-
64   inafter provided. It is agreed that the acts of the assured or this Company, or their agents, in recovering,
65   saving and preserving the property insured in case of disaster shall not be considered a waiver or an acceptance
66   of an abandonment, nor as affirming or denying any liability under this policy; but such acts shall be con-
67   sidered as done for the benefit of all concerned, and without prejudice to the rights of either party.

68       Warranted that in case of any casualty or loss which may result in claim under this policy the assured shall
69   give this Company prompt notice thereof and reasonable opportunity to be represented on a survey of the damage,
70   each party to name a surveyor, which two surveyors shall proceed to draw specifications as to the extent of the
71   damage and the work required to make the damage good. If the two surveyors agree, such specifications shall be
72   binding on both this Company and the assured, subject nevertheless to policy terms and conditions and the question
73   of whether or not the disaster and the resulting loss or damage are covered by this policy. In the event the two survey-
74   ors cannot agree, they must select an umpire, and in the event they cannot agree upon an umpire, either party
75   hereto may apply to the United States District Court for the district in which the home port of the vessel named
76   herein is located for the appointment of an umpire, pursuant to the United States Arbitration Act. The decision of
77   the umpire so appointed shall have the same force and effect as the specifications aforesaid. When specifications
78   have been drawn in either of the modes aforesaid, if the Company shall be dissatisfied with the terms which the
79   assured may obtain for the repair of the damage as specified by said survey, then this Company may require the
80   surveyors or the umpire to submit the specifications prepared as aforesaid to such shipyard, repairmen, boat build-
81   ers and shipwrights, as may be selected by such surveyors or the umpire, with a request for bids for such repairs.
82   If after reception of such bids, the assured shall elect to accept some other bid other than that of the lowest bidder, this
83   Company shall be liable only for its proportion of so much of the sum actually expended to effect repairs
84   specified by the surveyors for its account as does not exceed said lowest bid. In no event however shall this
85   Company respond for an amount in excess of its proportion of the amount actually expended by the assured in
86   effecting such repairs.

87       With respect to physical loss or damage to the vessel named herein this Company shall be liable only for
88   such proportion of such loss or damage as the amount insured hereunder bears to the agreed valuation.

89       In the event of expenditure under the sue and labor clause, this Company will pay the proportion of such
90   expenses that the amount insured hereunder bears to the agreed valuation of the vessel named herein, or that the
91   amount insured hereunder, less loss and/or damage payable under this policy, bears to the actual value of the
92   salved vessel, whichever proportion shall be less.

93       When the contributory value of the vessel named herein is greater than the agreed valuation stated herein
94   the liability of this Company for general average contribution (except in respect of amount made good to the
95   vessel) or salvage shall not exceed that proportion of the total contribution due from the vessel that the amount
96   insured hereunder bears to the contributory value; and if because of damage for which this Company is liable as
97   particular average the value of the vessel has been reduced for the purpose of contribution, the amount of the
98   particular average claim under this policy shall be deducted from the amount of insured hereunder and this Com-
99   pany shall be liable only for the proportion which such net amount bears to the contributory value.

100      The sum of   20,000   shall be deducted from the total amount of any or all claims (including claims
101   for sue and labor, collision liability, general average and salvage charges) resulting from any one accident. This

(Continued on following pages)

Original Copy

(OMNI+ DCCV6438-020808/0503011040)

102 deduction does not apply to claims for total or constructive total loss. For the purpose of this clause each accident
103 shall be treated separately, but it is agreed that a sequence of damages arising from the same accident shall be
104 treated as due to that accident.

105     In case of loss, such loss to be paid in thirty days after satisfactory proof of loss and interest shall have
106 been made and presented to this Company, (the amount of any indebtedness due this Company from the assured
107 or any other party interested in this policy being first deducted).

108     Upon making payment under this policy the Company shall be vested with all of the assured's rights of re-
109 covery against any person, corporation, vessel or interest and the assured shall execute and deliver instruments
110 and papers and do whatever else is necessary to secure such rights.
111     Any agreement, contract or act, past or future, expressed or implied, by the assured whereby any right of re-
112 covery of the assured against any vessel, person or corporation is released, decreased, transferred or lost which
113 would, on payment of claim by this Company, belong to this Company, but for such agreement, contract or act shall
114 render this policy null and void as to the amount of any such claim, but only to the extent and to the amount that
115 said agreement, contract or act releases, decreases, transfers or causes the loss of any right of recovery of this
116 Company, but the Company's right to retain or recover the full premium shall not be affected.

117     This Company shall have the option of naming the attorneys who shall represent the assured in the prosecution
118 or defense of any litigation or negotiations between the assured and third parties concerning any claim, loss or inter-
119 est covered by this policy, and this Company shall have the direction of such litigation or negotiations. If the assured
120 should refuse or fail to settle any claim as authorized by the Company, the liability of the Company to the assured
121 shall be limited to the amount for which the settlement could have been made.

122     It is a condition of this policy that no suit, action or proceeding for the recovery of any claim for physical
123 loss of or damage to the vessel named herein shall be maintainable in any court of law or equity unless the same
124 be commenced within twelve (12) months next after the calendar date of the happening of the physical loss or
125 damage out of which the said claim arose. Provided, however, that if by the laws of the state within which this
126 policy is issued such limitation in invalid, then any such claim shall be void unless such action, suit or proceeding
127 be commenced within the shortest limit of time permitted, by the laws of such state, to be fixed herein.

128     In event of damage, cost of repairs to be paid without deduction of one-third, new for old.

129     If claim for total loss is admitted under this policy and sue and labor expenses have been reasonably incurred in
130 excess of any proceeds realized or value recovered, the amount payable under this policy will be the proportion of
131 such excess that the amount insured hereunder (without deduction for loss or damage) bears to the agreed valuation
132 or the sound value of the vessel named herein at the time of the accident, whichever value was greater.

133     It is a condition of this insurance that this Company shall not be liable for unrepaired damage in addition
134 to a total or constructive total loss.

135     No recovery for a constructive total loss shall be had hereunder unless the expense of recovering and re-
136 pairing the vessel named herein shall exceed the agreed valuation.

137     In ascertaining whether the vessel named herein is a constructive total loss the agreed valuation shall be
138 taken as the repaired value, and nothing in respect of the damaged or break-up value of the vessel or wreck shall
139 be taken into account.

140     In the event of total or constructive total loss, no claim to be made by this Company for freight, whether
141 notice of abandonment has been given or not.

142     Any deviation beyond the navigation limits provided herein shall void this policy; but on the return of the vessel
143 in a seaworthy condition, within the limits herein provided, this policy shall reattach and continue in full
144 force and effect, but in no case beyond the termination of this policy.

145     Warranted by the assured that there shall be no other insurance covering physical loss or damage to the
146 vessel named herein other than that which is provided in lines 15 through 33 hereof but permission is granted
147 to carry other insurance of whatever kind or nature not covered by this policy or additional amounts of insurance
148 of the kind or nature covered by this policy other than as provided in lines 15 through 33.

149     This insurance shall be void in case of this policy or the vessel named herein, shall be sold, assigned, transferred
150 or pledged, or if there be any change of management or charter of the vessel, without the previous consent in
151 writing of this Company.

152     Notwithstanding anything to the contrary contained in this policy, this insurance is warranted free from

(Continued on following pages)

Original Copy

(OMNI+ DCCV6439-020808/0503011040)

153 any claim for loss, damage or expense caused by or resulting from capture, seizure, arrest, restraint or detainment,
154 or the consequences thereof or of any attempt thereat, or any taking of the vessel, by requisition or otherwise,
155 whether in time of peace or war and whether lawful or otherwise; also from all consequences of hostilities or war-
156 like operations (whether there be a declaration or war or not), but the foregoing shall not exclude collision or
157 contact with aircraft, rockets or similar missiles, or with any fixed or floating object (other than a mine or
158 torpedo), stranding, heavy weather, fire or explosion unless caused directly (and independently of the nature of
159 the voyage or service which the vessel concerned or, in the case of a collision, any other vessel involved therein,
160 is performing) by a hostile act by or against a belligerent power, and for the purpose of this warranty "power"
161 includes any authority maintaining naval, military or air forces in association with a power; also warranted free,
162 whether in time of peace or war, from all loss, damage or expense caused by any weapon of war employing atomic
163 or nuclear fission and/or fusion or other reaction or radioactive force or matter.

164     Further warranted free from the consequences of civil war, revolution, rebellion, insurrection, or civil strife
165 arising therefrom, or piracy.

166     If war risk are hereafter insured by endorsement on the policy, such endorsement shall supersede the above
167 warranty only to the extent that their terms are inconsistent and only while such war risk endorsement remains
168 in force.

169     Warranted free from loss or damage in consequence of strikes, lockouts, political or labor disturbances, civil
170 commotions, riots, martial law, military or usurped power or malicious acts.

171     Either party may cancel this policy by giving ten days' notice in writing; if at the option of this Company
172 pro rata rates, if at the request of the assured short rates, will be charged - and arrival.


173       NAVIGATION LIMITS - SPECIAL CONDITIONS - ENDORSEMENTS, ETC.


174 Attached to and made part of Policy No. MH584241300     of the ZURICH AMERICAN INS CO

Original Copy

(OMNI+ DCCV643A-020808/0503011040)

# G & M MARINE, INC.

*(COMMERCIAL FISHING VESSEL APPLICATION)*

*(PLEASE PRINT OR TYPE ANSWERS)*

## I. GENERAL INFORMATION:

| FULL NAME & ADDRESS OF OWNER(S): | Kavanagh Fisheries Inc | | |
|---|---|---|---|
| | 84 Front Street | | |
| | New Bedford, MA 02740 | | |
| VESSEL OPERATOR: | NAME:  Peter Barcz | | AGE: 51 |
| | EXPERIENCE: 30 years fishing     --  20 years as Captain | | |
| AREA OF NAVIGATION: | Eastport, ME to Cape Fear, NC not more than 200 miles offsore | | |

## II. VESSEL SPECIFICATIONS:

| VESSEL(S)NAME: | F/V ATLANTIC | | REGISTRATION NO: | 917080 |
|---|---|---|---|---|
| HOMEPORT: | New Bedford, MA | TYPE OF FISHING VESSEL/OPERATION: | Scalloper/Dragger | |
| YEAR BUILT: | 1987 | BUILT BY: | | |
| WHERE CONSTRUCTED/ ORIGINALLY BUILT: | Houma, LA | IF REBUILT: (When and Where): | | |
| DIMENSIONS: (Length/Breadth/Depth): | 97.2 x 28 x 13.6 | CONSTRUCTION: (Wood/Steel/Fiberglass): | Steel | |

| GRT: | 166 | NET: | 113 | VESSEL PURCHASED: (New or Used) | | DATE PURCHASED: | |
|---|---|---|---|---|---|---|---|
| PURCHASE PRICE: | | | | CURRENT MARKET VALUE: | $1,800,000 | REPLACEMENT COST VALUE: | $2,400,000 |
| DATE OF LAST SURVEY: | | January 20, 2004 | | IS ROUTINE MAINTENANCE PERFORMED? | | Yes | |

## III. INSURANCE REQUIREMENTS:

*(A) Hull & Machinery:*

| CURRENT HULL EXPIRATION DATE: | 2/28/05 | CURRENT AND/OR LAST HULL INSURER: | CENTENNIAL  VIA G & M |
|---|---|---|---|
| INSURED VALUE REQUESTED: | $1,000,0000 | HULL DEDUCTIBLE: | $20,000 |
| LOSS PAYEES IF ANY: | Assured. | | |
| | First Insurance Funding Corp. | | |

*(B) Protection & Indemnity:*

| CURRENT P&I EXPIRATION DATE: | 2/28/05 | CURRENT AND/OR LAST P&I INSURER: | CENTENNIAL | |
|---|---|---|---|---|
| LIMIT REQUESTED AND/OR REQUIRED: | $250,000 | | P&I DEDUCTIBLE: | $2,500 |
| NUMBER OF CREW (Excluding Captain): | 5-7  (6) | TOTAL NUMBER OF CREW TO BE INSURED: | 5-7 (6) | |

# G & M MARINE, INC.
## *(COMMERCIAL FISHING VESSEL APPLICATION)*

*III. INSURANCE REQUIREMENTS: (Continued for Account of)*    Kavanagh Fisheries, Inc.

*(C) Other Insurance Requirements: (1) Breach of Warranty    (2) Excess Collision Liability    (3) War Risk*

| IS BREACH OF WARRANTY INSURANCE REQUIRED? | No | LIMIT/AMOUNT REQUIRED: | N/A |
|---|---|---|---|
| **FULL NAME & ADDRESS OF MORTGAGEE(S):** | | | |

| IS EXCESS COLLISION LIABILITY REQUIRED? | No (XS of Insured Hull Value) | IS HULL WAR & P&I WAR RISK REQUIRED? | Yes |
|---|---|---|---|

*IV. LOSS INFORMATION:*

**NAME AND DESCRIBE ANY OTHER VESSELS CURRENTLY OWNED OR OPERATED IN THE PAST FIVE (5) YEARS (IF NONE, PLEASE STATE NONE):**

F/V MARY K    LOSSES ON FILE WITH G&M

F/V MORA K

**GIVE FULL DETAILS OF EACH HULL & MACHINERY OR P&I LOSS, PAID, RESERVED AND OUTSTANDING, INSURED OR UNINSURED, SUSTAINED BY THIS OWNER ON THIS OR ANY OTHER VESSEL FOR THE PAST FIVE (5) YEARS, IF NONE, PLEASE STATE NONE, IF ADDITIONAL SPACE IS NEEDED, PLEASE STATE SEE ATTACHMENT.**

| DATE OF LOSS: | DESCRIPTION OF LOSS: | AMOUNT PAID OR RESERVED: |
|---|---|---|
| | | |
| | NONE | |
| | | |

*I understand that the information provided in this application and documents attached is the basis for the Company providing such insurance. The entire policy shall be void and coverage will be forfeited if I have concealed or misrepresented any material fact of circumstance in this application.*

*(By signing this application form the Applicant is not obliged to purchase the insurance nor is the Insurer obliged to accept the insurance risk).*

SUBMITTING PRODUCER:    Smithwick & Mariners Insurance, Inc.

SIGNATURE OF APPLICANT:

PRINTED NAME:    Lawrence P. Kavanagh, Jr.

DATE:    12/29/04

P&I                                                                                                   SP-38
1955

## PROTECTION AND INDEMNITY CLAUSES

| 1 | Assured | KAVANAGH FISHERIES, INC. |
| 2 | | |
| 3 | Address | 84 FRONT STREET |
| 4 | | NEW BEDFORD    MA 02740 |

5   Loss, if any, payable to                                                                   and
6                        -ASSURED AND/OR ORDER,
                         A.T.I.M.A.

7   From the  February 28, 2005            Beginning and Ending
8   Until the  February 28, 2006           at noon Standard Time
                                           at place of issuance

9   Amount hereby insured $    250,000   **Combined Single Limit, Per Occurrence** Rate CHRG  Premium    30,050.00
10  In consideration of the premium and subject to the warranties, terms and conditions herein mentioned, this Com-
11  pany hereby undertakes to pay up to the amount hereby insured and in conformity with lines 5 and 6 hereof,
12  such sums as the assured, as owner of the  "ATLANTIC" _____
13  shall have become legally liable to pay and shall have paid on account of:
14      Loss of life of, or injury to, or illness of, any person;
15      Hospital, medical, or other expenses necessarily and reasonably incurred in respect of loss of life of, in-
16      jury to, or illness of any member of the crew of the vessel named herein;
17      Loss of, or damage to, or expense in connection with any fixed or movable object or property of whatever
18      nature;
19      Costs or expenses of, or incidental to, the removal of the wreck of the vessel named herein when such
20      removal is compulsory by law; provided, however, that there shall be deducted from such claim the value
21      of any salvage recovered from the wreck by the assured;
22      Fines and penalties, including expenses reasonably incurred in attempting to obtain the remission or mitiga-
23      tion of same, for the violation of any of the laws of the United States, or of any state thereof, or of any
24      foreign country; provided, however, that this Company shall not be liable to indemnify the assured against
25      any such fines or penalties resulting directly or indirectly from the failure, neglect, or default of the as-
26      sured or his managing officers or managing agents to exercise the highest degree of diligence to prevent a
27      violation of any such laws;
28      Costs and expenses, incurred with the Company's approval, of investigating and/or defending any claim
29      or suit against the assured arising out of a liability or an alleged liability of the assured covered by this
30      policy.
31  Notwithstanding the foregoing this Company will not pay for:
32      The first $    2,500  of claims covered by lines 14, 15, 16, 28, 29 and 30 nor for the first $   20,000
33      of claims covered by any other parts of this policy, but, in no event shall the deductible exceed $  20,000
34      each occurrence. (For the purpose of this clause, each occurrence shall be treated separately, but a series
35      of claims hereunder arising from the same occurrence shall be treated as due to that occurrence.)
36      Loss of, or damage sustained by the vessel named herein or her tackle, apparel, furniture, boats, fittings,
37      equipment, stores, fuel, provisions or appurtenances;
38      Loss resulting from cancellation of charters, non-collectibility of freight, bad debts, insolvency of agents
39      or others, salvage, general average, detention, loss of use or demurrage of the vessel named herein;
40      Any loss, damage, expense or claim with respect to any vessel or craft in tow of the vessel named herein
41      and/or cargo thereon; provided this exclusion shall not apply to salvage services rendered in an emergency
42      to a ship or vessel in distress, nor to loss of life and/or injury to, or illness of any person;
43      Any claim for loss of, damage to, or expense in respect of cargo on board the vessel named herein;
44      Any claim arising directly or indirectly under the Longshoremen's and Harbor Workers' Compensation
45      Act or any workmen's compensation act of any state or nation;
46      Any liability assumed by the assured beyond that imposed by law; provided however that if by agree-
47      ment, or otherwise, the assured's legal liability is lessened, then this Company shall receive the benefit of
48      such lessened liability.
49      Any loss, damage or expense sustained by reason of any taking of the vessel by requisition or other-

(Continued on following pages)

Original Copy          (OMNI+ DCCV643B-030602/0503011040)

50  wise, civil war, revolution, rebellion, or insurrection, or civil strife arising therefrom, capture, seizure,
51  arrest, restraint or detainment, or the consequences thereof or of any attempt thereat; or sustained in con-
52  sequence of military, naval or air action by force of arms; or sustained or caused by mines or torpedoes or
53  other missiles or engines of war, whether of enemy or friendly origin; or sustained or caused by any weapon
54  of war employing atomic fission or atomic fusion or radioactive material; or sustained in consequence of
55  placing the vessel in jeopardy as an act or measure of war taken in the actual process of a military engage-
56  ment, including embarking or disembarking troops or material of war in the immediate zone of such engage-
57  ment; and any such loss, damage and expense shall be excluded from this policy without regard to whether
58  the assured's liability in respect thereof is based on negligence or otherwise, and whether in time of peace
59  or war.

60  Any loss, damage, expense or claim collectible under the Taylor 1953 (Rev 70)
61  form of policy, whether or not the vessel named herein is actually covered by such insurance and regardless
62  of the amount thereof.

63  Warranted that in the event of any occurrence which could result in a claim under this policy the assured
64  promptly will notify this Company upon receiving notice thereof and forward to this Company as soon
65  as practicable all communications, processes, pleadings or other legal papers or documents relating to such oc-
66  currence.
67  Whenever required by this Company, the assured shall aid in securing information and evidence and in obtaining
68  witnesses and shall cooperate with this Company in the defense of any claim or suit or in the appeal from any
69  judgment.
70  This Company shall have the option of naming the attorneys who shall represent the assured in the prosecution
71  or defense of any litigation or negotiations between the assured and third parties concerning any claim covered
72  by this policy, and shall have the direction of such litigation or negotiations. If the assured shall fail or refuse
73  to settle any claim as authorized by this Company, the liability of this Company shall be limited to the
74  amount for which settlement could have been made. The assured shall at the option of this Company
75  permit this Company to conduct, with an attorney of this Company's selection, at this Company's cost and expense
76  and under its exclusive control, a proceeding in the assured's name to limit the assured's liability to the extent,
77  and in the manner provided by the present and any future statues relative to the limitation of a shipowner's
78  liability.
79  Liability hereunder in respect of loss, damage, costs, fees, expenses or claims arising out of or in consequence of
80  any one occurrence is limited to the amount hereby insured. (For the purpose of this clause each occurrence
81  shall be treated separately, but a series of claims hereunder arising from the same occurrence shall be treated
82  as due to that occurrence.)
83  The assured shall not make any admission of liability, either before or after any occurrence with could
84  result in a claim for which this Company may be liable. The assured shall not interfere in any negotia-
85  tions of this Company, for settlement of any legal proceedings in respect of any occurrence for which this
86  Company may be liable under this policy; provided, however, that in respect of any occurrence likely to give rise
87  to a claim under this policy, the assured is obligated to and shall take such steps to protect his and/or the
88  Company's interests as would reasonably be taken in the absence of this or similar insurance.
89  Upon making payment under this policy this Company shall be vested with all of the assured's rights of recovery
90  against any person, corporation, vessel or interest and the assured shall execute and deliver such instruments
91  and papers at this Company shall require and do whatever else is necessary to secure such rights.
92  No action shall lie against this Company for the recovery of any loss sustained by the assured unless
93  such action is brought within one year after the entry of any final judgment or decree in any litigation against the
94  assured, or in the event of a claim without the entry of such final judgment or decree, unless such action is
95  brought within one year from the date of the payment of such claim.
96  No claim or demand against this Company under this policy shall be assigned or transferred, and no person
97  shall acquire any right against this Company by virtue of this insurance without the express consent of this
98  Company.
99  It is expressly understood and agreed if and when the assured has any interest other than as a shipowner in
100 the vessel named herein, in no event shall this Company be liable hereunder to any greater extent than if the
101 assured were the sole owner and entitled to petition for limitation of liability in accordance with present and
102 future law.
103 Where the assured is, irrespective of this policy, covered or protected against any loss or claim which would
104 otherwise have been paid by this Company, under this policy, there shall be no contribution or participation by
105 this Company on the basis of excess, contributing, deficiency, concurrent, or double insurance or otherwise.
106 The navigation limits in the policy covering the hull, machinery, etc. of the vessel named herein are considered
107 incorporated herein.
108 This insurance shall be void in case the vessel named herein, or any part thereof, shall be sold, transferred or
109 mortgaged, or if there be any change of management or charter of the vessel, or if this policy be assigned or

(Continued on following pages)

Original Copy     (OMNI+ DCCV643C-020808/0503011040)

110  pledged, without the previous consent in writing of this Company.
111  Either party may cancel this policy by giving ten days' notice in writing; if at the option of this Company
112  pro rata rates, if at the request of the assured short rates, will be charged and arrival.

113                    SPECIAL CONDITIONS – WARRANTIES – ENDORSEMENTS, ETC.

114  Attached to and made part of Policy No. MH584241300        of the
ZURICH AMERICAN INS CO

(OMNI+ DCCV643D-020808/0503011040)

GM FV

# General Terms, Conditions and Warranties
# Fishing Vessel Clauses

## Applicable to both Hull and Machinery and
## Protection and Indemnity Portions of this Policy

### ALL CAPTIONS ARE INSERTED ONLY FOR PURPOSE OF REFERENCE AND SHALL NOT BE USED TO INTERPRET THE CLAUSES TO WHICH THEY APPLY.

#### DEFINITION OF "COMPANY" AND "UNDERWRITER" CLAUSE

The terms "Company" and "Underwriter" may be used interchangeably within this policy. The policy includes, but is not limited to, the Application, Statement of Compliance of Recommendations, and the following clauses. "Company" and "Underwriter" mean, when used herein, ZURICH AMERICAN INS CO          .

#### SERVICE CLAUSE

Assured warrants that the vessel(s) insured herein shall be used only for commercial fishing purposes. It is further warranted by the Assured that the vessel(s) insured herein shall not be used for private pleasure purposes, and the vessel(s) insured herein shall not be hired or chartered for any purposes without prior written consent of the Company. This insurance does not cover losses, liabilities, claims, damages, costs or expenses which accrue when the vessel(s) is used for private pleasure purposes without prior written consent of the Company or when the vessel(s) has been hired or chartered without prior written consent of the Company.

#### NAVIGATIONAL LIMITS (TRADING WATERS) CLAUSE

Assured warrants that the operation of the vessel(s) shall be confined to the Gulf of Mexico and those navigable waters immediately adjacent thereto not south of 20° north latitude (but including the Gulf of Campeche) nor east of 80° west longitude (but excluding Cuban waters). This insurance does not cover any loss, liability, damage, claim, cost, or expense which accrues, occurs or arises when the vessel(s) is operated outside the navigational limits defined within the assured's warranty unless prior written consent of the Company is given.

#### CAPTAIN AND CREW (P&I) CLAUSE

If an owner or part owner of the insured vessel(s) is a Captain or a member of the crew of the insured vessel(s), or an owner or part owner of the vessel(s) is acting as Captain or member of the crew of an insured vessel(s), coverage under the Protection & Indemnity Section of this policy is limited to maintenance and cure for the owner and/or part owner. This provision applies whether the vessel(s) is owned by a corporation, partnership, individual or individuals.

#### TOTAL ON BOARD WARRANTY

Notwithstanding anything contained herein to the contrary, it is warranted that the total number of persons aboard the vessel(s) named herein at any one time shall not exceed    7    .

#### VESSEL STABILITY WARRANTY

It is warranted by the Assured that any additions, installations, and/or structural changes to any vessel(s) insured, which would affect the stability of the vessel(s), will be reported to the Company before the vessel(s) proceeds to sea. It is further warranted by the Assured that the insured Vessel(s) will not proceed to sea until the stability of the insured vessel(s) has been examined and approved by a qualified marine surveyor. Any violations of this warranty shall void coverage under this policy from the time of such violation, notwithstanding anything contained to the contrary herein.

#### WARRANTY OF SEAWORTHINESS CLAUSE

Assured warrants that at the inception of this policy the vessel(s) insured hereunder shall be in a seaworthy condition and, thereafter, during the currency of this policy, the Assured warrants that he will exercise due diligence to keep the vessel(s) seaworthy and in all respects fit, tight and properly manned, equipped and supplied. The Assured further warrants that the Assured and/or the Assured's Master will not knowingly permit the vessel(s) insured hereunder to proceed to sea in an unseaworthy condition. Any violation of this warranty of seaworthiness shall void coverage under this policy from the time of such violation, notwithstanding anything contained to the contrary herein.

Original Copy

(OMNI+ EF0385-040129/0503011040)

GM FV

### PREMIUM EARNED CLAUSE

In the event of a total or constructive total loss of the vessel named herein, policy will be cancelled effective date of loss with no premium returned.

### COMBINED SINGLE LIMIT (P&I) CLAUSE

Regardless of the number of types of liabilities insured against hereunder or the number of vessels or risks involved, the total limit of liability of this Company with respect to any occurrence shall be the Amount hereby insured as set forth by Line 9 of the SP-38 P&I form to which this endorsement is attached. Included in the Amount hereby insured shall be all costs of investigation, costs of litigation, cost of bonds, Attorneys' fees for defense, opinions or evaluation of claims and amounts needed to settle claims or pay judgments. The amount available with which to fund any settlements or pay any judgments shall be the amount insured less all costs of investigation, costs of litigation, costs of bonds, Attorneys' fees for defense, opinions or evaluation of claims. This provision shall control the amount available to pay claims or discharge liability under any judgment irrespective of whether claim and/or suit is against the Assured only or against the Company only or against the Assured and the Company. (For the purpose of this clause each occurrence shall be treated separately, but a series of claims hereunder arising from the same occurrence shall be treated as due to that occurrence.)

### PROHIBITED WATERS AND ILLICIT TRADE WARRANTY CLAUSE

This insurance shall not cover loss, damage or expense in consequence of seizure or detention for or on account of any illicit or prohibited trade nor for entering nor for the consequence of entering any prohibited fishing waters nor for violations of any port regulation nor for any claims for wages or provisions furnished to officers or crew whilst the property insured hereunder may be detained as the result of any violation, seizure, detention, loss or disaster or during any subsequent salvage and/or repairs. Notwithstanding the foregoing, loss of life, personal injury and sickness shall not be considered a consequence of entering prohibited fishing waters unless occurring in evading or attempting to evade or escaping from or attempting to escape from arrest, seizure or detention.

### DELIBERATE DAMAGE (POLLUTION HAZARD) CLAUSE

In consideration of the premium paid, and subject to the terms and conditions of this policy, this insurance also covers physical loss of or damage to the vessel(s) directly caused by governmental authorities acting for the public welfare to prevent or mitigate a pollution hazard or threat thereof resulting directly from damage to the vessel(s) for which the Company is liable under this policy provided such act of governmental authorities has not resulted from want of due diligence by the Assured, the owners or managers of the vessel(s) or any of them to prevent or mitigate such threat. Masters, officers, crew or pilots are not to be considered owners within the meaning of this clause even if they hold shares in the vessel(s).

### POLLUTION EXCLUSION CLAUSE

Notwithstanding anything herein to the contrary, this policy will not indemnify the Assured against any sum(s) paid, nor insure against any liability, with respect to any loss, damage, cost, liability, expense, fine or penalty of any kind or nature whatsoever, and whether statutory or otherwise, incurred by or imposed on the Assured, directly or indirectly, in consequence of, or with respect to, the actual or potential discharge, emission, spillage or leakage upon or into the seas, waters, land or air of oil, petroleum products, chemicals or other substances of any kind or nature whatsoever.

### CARGO EXCLUSION

No claim shall in any case be allowed against this policy for loss, liability, damage, cost, or expense incurred by the Assured or any other person or entity that may make claim under this policy, in respect to catch and cargo. This insurance is warranted free of any liability imposed on the Assured arising out of the sale and/or consumption of any catch of any insured vessel(s).

### FISHING AND TRAWLING GEAR EXCLUSION

No claim shall in any case be allowed against this policy for loss of, damage to, or expense in connection with fishing or trawling gear during or as a result of fishing operations. "Fishing gear" and "trawling gear" are defined for the purpose of this clause to include, but such definition is not limited to, lines, nets, trawls, rigging, tackle, booms, doors, outriggers, and attached appurtenances.

### ANCHORS OR CABLES EXCLUSION

Notwithstanding anything contained herein to the contrary, this policy does not insure against physical loss of or damage to anchors or anchor cables unless the insured vessel(s) is deemed a total loss hereunder.

Original Copy    (OMNI+ EF038502-040128/0503011040)

### SCALLOPING OR CLAMMING EXCLUSION

WARRANTED that the vessel named herein shall at no time during the currency of this policy engage in scalloping or clamming.

### MINOR EXCLUSION

It is understood and agreed there shall be no recovery under this policy for any and all loss, liability, damage, costs, or expenses incurred with respect to persons of seventeen (17) years of age or less ("Minors") employed or otherwise on board the insured vessel(s). The Assured may be covered under this policy for any loss, liability, damage, costs or expenses incurred in respect to a "Minor" if the "Minor" is employed as a member of the crew of the insured vessel(s), for an additional premium of $2,500.00. If the Assured pays the additional premium of $2,500.00 to cover a "Minor" employed as a member of the crew of the Insured vessel(s), the limit of liability hereunder shall not exceed $25,000.00 with respect to any one "Minor" nor a total of $25,000.00 if more than one "Minor" is employed on the insured vessel(s).

### PUNITIVE DAMAGES EXCLUSION

There shall in no circumstances be any recovery from the Company under this policy for liability imposed upon the Assured as punitive, exemplary, or treble damages, however described. In addition, there shall in no circumstances be any recovery from the Company for legal fees and expenses incurred in defending a claim for punitive, exemplary, or treble damages

### FIFTY-FIVE GALLON GASOLINE WARRANTY

WARRANTED that there shall not be gasoline in total quantity exceeding fifty-five gallons on board; and the supply outside of that contained in motor and its connections is to be kept in an approved type of metal container.

### SMOKE ALARM CLAUSE WARRANTY

WARRANTED that at the minimum, one smoke alarm is installed in the galley, is fully audible in all crew berths and is maintained and checked to be in operative condition at all times.

### HIGH WATER BILGE ALARM SYSTEM WARRANTY

Assured warrants that a high water bilge alarm system is properly installed in the engine room of the insured vessel(s), is fully audible throughout the vessel, and is maintained in a fully operative condition. Failure of the Assured to comply with this warranty, whether before or after a loss, will result in forfeiture of coverage under this policy, which otherwise was provided.

### EPIRB WARRANTY

WARRANTED that the Insured vessel(s) has on board an operating FCC-type, accepted category 1, float - free, automatically-activated, Emergency Position Indicating Radio Beacon (EPIRB) as required by Federal Regulation 46 C.F.R.,Subpart 25.26, as amended, or any other Federal Regulation that may have been subsequently promulgated

### SURVEY CLAUSE

The Company has the right to appoint a surveyor of its choice to inspect the insured vessel(s) at any time. The Assured shall cooperate with the Company in making the insured vessel(s) available for survey. All recommendations involving the seaworthiness or safety of the insured vessel(s) made by a surveyor acting on behalf of the Company must be completed as soon as practicable but, in any event, prior to any further commercial fishing operations.

### APPLICATION CLAUSE

It is hereby agreed that the application is attached to and made a part of this policy. The Assured warrants that all of the information on the application is true, correct, and complete to the best of the Assured's knowledge. The Assured agrees that his statements in the application are warranties and statements of material facts of the Assured, and that this policy is issued by the Company in reliance upon the truth of such warranties and statements of material facts; the Assured agrees that this policy embodies all agreements existing between the Assured and the Company relating to this insurance and any oral agreement or writing relating to the insurance shall not bind the Company and the Assured unless incorporated into the insurance policy. The Assured agrees and understands that if the Assured has concealed or misrepresented any material fact or circumstance, or conceals or misrepresents any material fact or circumstance during the applicable term of this insurance, coverage under this policy will be forfeited whether before or after a loss, which otherwise was provided.

Original Copy          (OMNI+ EF038503-040129/0503011040)

GM FV

### MISREPRESENTATION CLAUSE

If the Assured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject matter thereof, or in case of any fraud, attempted fraud, or false swearing by the Assured, touching any matter related to this insurance or to the subject thereof, whether before or after a loss, coverage under this policy will be forfeited, which otherwise was granted.

### CANCELLATION CLAUSE

Either Party may cancel this insurance by giving to the other ten (10) days notice in writing; if at the option of this Company, pro rata rates will be charged, but if cancelled:

1. for non-payment of premium, or
2. at the request of the Assured, or
3. for any other reason, including but not limited to failure of the Assured to make the vessel available for survey within thirty (30) days of inception of this policy or failure to comply with Surveyor's Recommendations within thirty (30) days after notice,

this Company to return **6.25%** of the premium – net to the Assured – for each uncommenced month remaining – and arrival. In the event of total loss or constructive total loss due to perils insured against, prior to cancellation of this policy or otherwise, the full annual premium shall be deemed earned by the Company. The Company shall be entitled to deduct the amount of the full annual premium remaining unpaid at the time of the loss from any payment to the Assured made pursuant to this policy.

### NON-PAYMENT OF PREMIUM – FIVE DAYS NOTICE:

In the event that the full annual premium for this policy has not been received by G & M Marine, Inc., on or before thirty (30) days after attachment, this policy may be cancelled by G & M Marine, Inc., for NON-PAYMENT OF PREMIUM by giving five (5) days notice to the Assured or to _____ SMITHWICK & MARINERS INS _____, which latter entity is acknowledged to be the Agent of the Assured, in which event this company shall credit the Assured with 6.25% of the annual premium charged for each period of thirty (30) consecutive days remaining under this policy – and arrival.

### SAVING CLAUSE

To the extent that any of the clauses contained within the General Terms, Conditions and Warranties (GM FV) section of this policy conflict with any of the clauses contained within the other portions of this policy, the clauses contained within the General Terms, Conditions and Warranties (GM FV) section are to govern.

Where portions of the General Terms, Conditions and Warranties (GM FV) section concern the same subject matter as other portions of the policy, but the two clauses or sections can be reconciled without voiding one clause or section, the two clauses or sections should be read and applied together to give meaning to both clauses or sections.

To the extent that any of the clauses or provisions contained within this policy are illegal or void as a matter of public policy, law, or regulation, they are to be reformed to bring them into compliance with the applicable public policy, law, or regulation. Notwithstanding the foregoing, all clauses or provisions contained within the policy that are legal and proper are to be given full force and effect regardless of whether one or more clauses or provisions are illegal or void as a matter of public policy, law or regulation.

Each vessel deemed a separate insurance.

All other terms and conditions remain unchanged.

Attached to and forming part of Policy No. _MH584241300_

Of the ___ ZURICH AMERICAN INS CO _____

Original Copy

(OMNI+ EF038504-040128/0503011040)

*American Institute*
Hull War Risks and Strikes Clauses
(Including Automatic Termination and Cancellation Provisions)
For Attachment to American Institute Hull Clauses
December 1, 1977

To be attached to and form a part of Policy No. MH584241300     of the ZURICH AMERICAN INS CO

1
2

This insurance, subject to the exclusions set forth herein, covers only those risks which would be covered by the    3
Attached Policy (including collision liability) in the absence of the WAR, STRIKES AND RELATED EXCLUSIONS clause    4
contained therein but which are excluded thereby and which risks shall be construed as also including:

   1.  Any mine, bomb or torpedo not carried as cargo on board the Vessel;    6
   2.  Any weapon of war employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force    7
      or matter;    8
   3.  Civil war, revolution, rebellion, insurrection, or civil strife arising therefrom;    9
   4.  Strikes, lockouts, political or labor disturbances, civil commotions, riots, martial law, military or usurped power;    10
   5.  Malicious acts or vandalism to the extent only that such risks are not covered by the attached Policy;    11
   6.  Hostilities or warlike operations (whether there be a declaration of war or not) but this paragraph (6) shall not    12
      include collision or contact with aircraft, rockets or similar missiles, or with any fixed or floating object, or strand-    13
      ing, heavy weather, fire or explosion unless caused directly by a hostile act by or against a belligerent power    14
      which act is independent of the nature of the voyage or service which the Vessel concerned or, in the case of    15
      a collision, any other vessel involved therein, is performing. As used herein, "power" includes any authority    16
      maintaining naval, military or air forces in association with a power.    17

## EXCLUSIONS

This insurance does not cover any loss, damage or expense caused by, resulting from, or incurred as a consequence    18
Of:    19
   a.  Any hostile detonation of any weapon of war described above in paragraph (2);    20
   b.  Outbreak of war (whether there be a declaration of war or not) between any of the following countries: United    21
      States of America, United Kingdom, France, the Union of Soviet Socialist Republics or the People's Republic    22
      of China;    23
   c.  Delay or demurrage;    24
   d.  Requisition or preemption;    25
   e.  Arrest, restraint or detainment under customs or quarantine regulations and similar arrests, restraints or detain-    26
      ments not arising from actual or impending hostilities;    27
   f.  Capture, seizure, arrest, restraint, detainment, or confiscation by the Government of the United States or of the    28
      country in which the Vessel is owned or registered.    29

## HELD COVERED AND OTHER PROVISIONS

The held covered clause appearing under the teaching ADVENTURE in the attached Policy is deleted and the follow-    30
ing clause substituted therefore:-    31
    "Subject to the provisions of the Automatic Termination and Cancellation Clauses below, held covered in the    32
    event of any breach of conditions as to loading or discharging of cargo at sea, or towage or salvage activities    33
    Provided (a) notice is given to the Underwriters immediately following receipt of knowledge thereof by the    34
    Assured, and (b) any amended terms of cover and any additional premium required by the Underwriters are    35
    agreed to by the Assured."    36

If at the natural expiry time of this insurance the Vessel is at sea, this insurance will be extended, provided previous    37
Notice be give to the Underwriters, for an additional premium at a rate to be named by the Underwriters, until midnight    38
Local Time of the day on which the Vessel enters the next port to which she proceeds and for 24 hours thereafter, but    39
in no event shall such extension affect or postpone the operation of the Automatic Termination and Cancellation Clauses    40
below.    41

Warranted not to abandon in case of capture, seizure or detention, until after condemnation of the property insured.    42
The provisions of the attached Policy with respect to constructive Total Loss shall apply only to claims arising from    43
physical damage to the Vessel.    44

(OMNI+ EFQWH1 1-040129/0503011040)

## AUTOMATIC TERMINATION AND CANCELLATION CLAUSES

A. This insurance and any extension thereof, unless sooner terminated by the provisions of section B or C, shall terminate automatically upon and simultaneously with the occurrence of any hostile detonation of any nuclear weapon of war as defined above, wheresoever or whensoever such detonation may occur and whether or not the Vessel may be involved. 45 46 47 48

B. This insurance and any extension thereof, unless sooner terminated by the provisions of section A or C, shall terminate automatically upon and simultaneously with the outbreak of war, whether there be a declaration of war or not, between any of the following countries: United States of America, United Kingdom, France, and the Union of Soviet Socialist Republics or the People's Republic of China. 49 50 51 52

C. This insurance and any extension thereof, unless sooner terminated by section A or B, shall terminate automatically if and when the Vessel is requisitioned, either for title or use. 53 54

D. This insurance and any extension thereof may be cancelled at any time at the Assured's request, or by Underwriters upon 14 days' written notice being given to the Assured, but in no event shall such cancellation affect or postpone the operation of the provisions of sections A, B or C. Written or telegraphic notice sent to the Assured at his (its) last known address shall constitute a complete notice of cancellation and such notice mailed or telegraphed to the said Assured, care of the broker who negotiated this insurance, shall have the same effect as if sent to the said Assured direct. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancellation shall be 14 days from midnight Local Time of the day on which such notice was mailed or telegraphed as aforesaid. Underwriters agree, however, to reinstate this insurance subject to agreement between Underwriters and the Assured prior to the effective date and hour of such cancellation as to new rate of premium and/or conditions and/or warranties. 55 56 57 58 59 60 61 62 63 64

## RETURNS OF PREMIUM

The RETURNS OF PREMIUM clause of the attached Policy is deleted and the following substituted therefore:- 65
"In the event of an automatic termination or cancellation of this insurance under the provisions of sections 66
A, B, C or D above, or if the Vessel be sold, pro rata net return of premium will be payable to the Assured, 67
provided always that a Total Loss of the Vessel has not occurred during the currency of this Policy. In no 68
other event shall there be any return of premium." 69
THIS INSURANCE SHALL NOT BECOME EFFECTIVE IF, PRIOR TO THE INTENDED TIME OF ITS ATTACHMENT, THERE 70
HAS OCCURRED ANY EVENT WHICH WOULD HAVE AUTOMATICALLY TERMINATED THIS INSURANCE UNDER THE 71
PROVISIONS OF SECTIONS A, B, OR C HEREOF HAD THIS INSURANCE ATTACHED PRIOR TO SUCH OCCURRENCE. 72

(OMNI+ EFQWH1 2-040129/0503011040)

October 1, 1959

## WAR RISK PROTECTION & INDEMNITY CLAUSES

A.  This insurance is also to cover the liability of the assured for Protection and Indemnity Risks excluded from Marine Protection and Indemnity Policies commonly issued by stock insurance companies in the United States by the following or a substantially similar F. C. & S. Clause:

"Notwithstanding anything to the contrary contained in this policy, no liability attaches to the company, directly or indirectly, for or in respect of any loss, damage or expense sustained by reason of any taking of the vessel by requisition or otherwise, civil war, revolution, rebellion, or insurrection, or civil strife arising therefrom, capture, seizure, arrest, restraint or detainment, or the consequences thereof or of any attempt thereat; or sustained in consequence of military, navel or air action by force of arms, including mines and torpedoes or other missiles or engines of war, whether of enemy or friendly origin; or sustained in consequence of placing the vessel in jeopardy as an act or measure of war taken in the actual process of a military engagement, including embarking or disembarking troops or material of war in the immediate zone of such engagement; and any such loss, damage and expense shall be excluded from this policy without regard to whether the Assured's liability therefor is based on negligence or otherwise, and whether before or after a declaration of war."

B.  This insurance also to cover liability of the assured for strikes, riots and civil commotions and for contractual repatriation expenses of any member of the crew as a result of perils excluded by the aforesaid F. C. & S. Clause.

C.  Claims for which these Underwriters shall be liable under these clauses shall not be subject to any deduction.

D.  The liability of Underwriters under these clauses in respect of any one accident or series of accidents arising out of the same casualty shall be limited to the sum hereby insured.

E.  These Underwriters agree to accept the same percentage interest under these clauses as accepted on Hull War Risks.

F.  This Protection and Indemnity Insurance shall terminate automatically at the same time as the Hull Insurance against War Risks and upon the terms and conditions provided for in the Automatic Termination Clauses of the Hull War Risk Policy.

G.  Notwithstanding the provisions of Clause F, in the event of loss or shipwreck of the vessel from any cause prior to the natural expiry time or automatic termination of this policy, this insurance shall continue to cover the liability of the assured to the crew of the insured vessel, subject to its terms and conditions and at an additional premium if so required by Underwriters, until the crew shall be either discharged or landed at a port or place to which the owners or charterers are obligated to bring them.

H.  Notwithstanding any of the foregoing provisions all liabilities covered by the Second Seamen's form of policy are excluded from this insurance.

All other terms and conditions remaining unchanged.

*G & M MARINE, INC.*

The following spaces preceded by an asterisk (*) need not be completed if this endorsement and the policy have the same inception date.

| Attached to and Forming Part of Policy No. | *Effective Date of Endorsement | *Issued To |
|---|---|---|
| MH584241300 | 02-28-05 | KAVANAGH FISHERIES, INC. |

## (For Taylor Hull Clauses)
## TERRORISM RISK INSURANCE ACT OF 2002
## CERTIFIED ACTS OF TERRORISM EXCLUSION

Notwithstanding anything to the contrary contained in this policy, this insurance is warranted free from any claim for loss, damage or expense caused by or resulting from any certified act of terrorism. As used herein, "certified act of terrorism" means any act of terrorism as defined in and certified under the federal Terrorism Risk Insurance Act of 2002, or any of its amendments.

*G & M MARINE, INC.*

The following spaces preceded by an asterisk (*) need not be completed if this endorsement and the policy have the same inception date.

| Attached to and Forming Part of Policy No. | *Effective Date of Endorsement | *Issued To |
|---|---|---|
| MH584241300 | 02-28-05 | KAVANAGH FISHERIES, INC. |

## (For Protection and Indemnity Clauses SP-38)
## TERRORISM RISK INSURANCE ACT OF 2002
## CERTIFIED ACTS OF TERRORISM CLAUSE

It is understood and agreed that notwithstanding any other terms and conditions contained in the attached Policy, this Company will not pay for any loss, damage, expense or claim with respect to or arising directly or indirectly out of any certified act of terrorism. For the purpose of this clause, "certified act of terrorism" means any act of terrorism as defined in and certified under the federal Terrorism Risk Insurance Act of 2002, or any of its amendments.

All other terms and conditions remain unchanged.                Page 1 of 1

(OMNI+ EFQT04-040126/0503011040)

*American Institute*                                                                                    87 B-46
S.R. & C.C. Endorsement (Hulls)                                                      (Revised)
September 8, 1959


In consideration of an additional premium, as provided below, this insurance is extended to cover additional risks, from and after  (INCEPTION)

in accordance with the following clause:-

"This insurance also covers damage to or destruction of the property insured directly caused by strikers, locked out workmen, or persons taking part in labor disturbances or riots or civil commotions or caused by vandalism, sabotage, or malicious mischief, but excluding civil war, revolution, rebellion or insurrection, or civil strife arising therefrom, and warranted free from any claim for delay, detention or loss of use, and free from all loss, damage or expense caused by any weapon of war employing atomic or nuclear fission and/or fusion or other reaction or radioactive force or matter.

Notwithstanding the exclusions in the F. C. & S. Clause in the within policy 'vandalism,' 'sabotage,' and 'malicious mischief,' as used herein, shall be construed to include wilful or malicious physical injury to or destruction or the described property caused by acts committed by an agent of any Government, party or faction engaged in war, hostilities, or other warlike operations, provided such agent is acting secretly and not in connection with any operations of military or naval armed forces in the country where the described property is situated."

Until further notice the Assured shall pay, for the additional protection afforded by the above clause, an additional premium of   INCLUDED   percent. The Underwriters have the right nevertheless to change this rate at any time on 15 days written notice to the Assured; but the Assured shall have the option to cancel this endorsement as of the time when such change of rate would take effect, provided previous notice of such cancellation be given to the Underwriters.  The rate may be changed as above notwithstanding strikes, labor troubles or civil commotions, on board the vessel or elsewhere, may be threatened or actually exist either at the time when such notice is given or when it takes effect.

**Radioactive Contamination Exclusion Clause**

This clause shall be paramount and shall override anything contained in this insurance inconsistent therewith.

1.  In no case shall this insurance cover loss, damage, liability, or expense directly or indirectly caused by or contributed to, by, or arising from:

    1.1   ionizing radiations from or contamination by radioactivity from any nuclear waste or from the combustion of nuclear fuel;

    1.2   the radioactive, toxic, explosive or other hazardous or contaminating properties of any nuclear installation, reactor or other nuclear assembly or nuclear component thereof;

    1.3   any weapon of war employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matter.

2.  Clause 1 above is amended, however, to provide that

    if fire is an insured peril

    and

    where the subject matter insured is within the United States of America, its islands, territories, or possessions

    and

    a fire arises directly or indirectly from one or more of the clauses detailed in Subclauses 1.1. and 1.2 above, any loss or damage arising directly from that fire shall, subject to the provisions of this insurance, be covered, EXCLUDING, however, any loss, damage, liability or expense caused by nuclear reaction, nuclear radiation, or radioactive contamination arising directly or indirectly from that fire.

R.A.C.E. (7/02)

## SUPPLEMENTAL TERMS AND CONDITIONS

Reference Number: MH584241300
Name Insured: KAVANAGH FISHERIES, INC.                Date:  February 28, 2005

IT IS UNDERSTOOD AND AGREED THAT FIRST INSURANCE FUNDING CORP., WILL BE
NAMED AS AN ADDITIONAL LOSS PAYEE ONLY IN THE EVENT OF A TOTAL OR CONSTRUCTIVE
TOTAL LOSS OF THE VESSEL NAMED HEREIN.

NAVIGATION WARRANTY:  WARRANTED by the Assured Navigation of the vessel named
herein confined to the Atlantic Ocean, including its bays, rivers, sounds and
harbors, between 35 degrees N. Latitude and 46 degrees N. Latitude not E. of 50
degrees W. Longitude but not to exceed 200 miles offshore.

IT IS UNDERSTOOD AND AGREED THAT THE AMERICAN INSTITUTE WAR RISK CLAUSES FOR
HULL AND P&I ARE ATTACHED TO AND MADE A PART OF THE POLICY HEREIN WITH LIMITS,
RATES AND PREMIUMS AS AGREED AND AS BELOW:

```
LIMIT:        $1,000,000.
RATE:         .10%
PREMIUM:      $1,000.
```

IT IS HEREBY NOTED AND AGREED THAT WHEREVER THE POLICY PERIOD APPEARS HEREIN, IT
SHALL BE DEEMED TO READ 12:01 A.M. STANDARD TIME IN LIEU OF 12:00 NOON STANDARD
TIME.

NAMED PERILS MACHINERY CLAUSE:  WARRANTED NOT LIABLE FOR LOSS OR DAMAGE TO
MACHINERY AND APPURTENANCES UNLESS CAUSED BY STRANDING, SINKING, FIRE, COLLISION
WITH ANOTHER VESSEL, OR STRIKING OF A SUBMERGED OBJECT.

Form DEF-0033

(OMNI+ EF0033-020808/0503011441)

**390**
**CRA**
CRAVEN AND PARTNERS
LIMITED

**U569610**

<u>**Declaration to Excess Liability Cover U402570**</u>

| | |
|---|---|
| **TYPE:** | Liability Insurance. |
| **FORM:** | MAR 91 Slip Policy. |
| **ASSURED:** | **Kavanagh Fisheries, Inc** |
| **VESSEL:** | f/v Atlantic |
| **PERIOD:** | 12 months at 12.01 A.M. 28th February 2005 Local Standard Time. |
| **INTEREST:** | Excess Protection and Indemnity Risks including Crew, Excess P&I War Risks, Excess Collision Liability Excess of Hull Value or US$750,000 whichever the greater. |
| **LIMIT OF LIABILITY:** | US$250,000 any one accident or occurrence, Combined Single Limit. |
| **EXCESS OF:** | US$750,000 any one accident or occurrence, Combined Single Limit. |
| **CONDITIONS:** | All terms, clauses and conditions as and to follow the underlying.<br>Excluding Liability to and/or of Nets and Gear.<br>Excluding illegal Fishing.<br>Excluding Cargo and/or Catch.<br>Excluding Liability for punitive or exemplary damages, including treble damages or any other damages resulting from multiplication of compensatory damages.<br>NMA2970 US Terrorism Risk Insurance Act of 2002 Not Purchased Clause.<br>Excluding Seepage and Pollution / OPA/WQIS/CERCLA.<br>Occupational Disease Exclusion (1.7.87) as attached.<br>Absolute Asbestos Exclusion as attached.<br>Institute Service of Suit Clause (USA) CL. 355.<br>Brokers Cancellation Clause as attached.<br>Institute Radioactive Contamination, Chemical, Biological, Bio-Chemical and Electromagnetic Weapons Exclusion Clause CL 370 10/11/03.<br>Institute Cyber Attack Exclusion Clause CL 380 10/11/03.<br>Water Craft Terrorism Exclusion Endorsement 30/04/03 as attached. |

**390**
**CRA**
**CRAVEN AND PARTNERS**
**LIMITED**

| | |
|---|---|
| **CONDITIONS CONTINUED:** | LSW1001 (Insurance) Several Liability Notice 08/94. LSW986A Single Policy Only For Composite Assureds 09/97. |
| **CHOICE OF LAW & JURISDICTION:** | Massachusetts, USA |
| **PREMIUM:** | US$9,050 in full per annum (including US$50 in respect of 1 AIS Observer). Cancelling Returns only. |
| **US CLASSIFICATION:** | Non-regulated. |
| **DISCOUNTS:** | As cover. |

**INFORMATION:**
Crew:                  5-7.
Primary Carrier:       Zurich American Insurance Company.
Claims record:         No losses over US$50,000 last five years
Estimated fishing days: 92 Scalloping and 27 Pair trawling

POLICY NO/REGISTRATION NO:   **U569610**          PAGE NO 3 OF 6                    **390**
                                                                        **CRA**
                                                            **CRAVEN AND PARTNERS**
                                                                    **LIMITED**

### ABSOLUTE ASBESTOS EXCLUSION

Notwithstanding anything to the contrary as contained in this policy, it is hereby understood and agreed that this policy shall not apply to:

Bodily injury or Personal injury or loss of, damage to or loss of use of property directly or indirectly caused by asbestos.

### OCCUPATIONAL DISEASE EXCLUSION

Notwithstanding anything else to the contrary as contained in this policy, it is hereby understood and agreed that this policy is subject to the following exclusions and that this policy shall not apply to:

1.   Any liability of whatsoever nature of the Assured, whether for damages, maintenance and cure, fines and penalties or funeral expenses, arising out of loss of life of, or injury to, or illness of, any person due to occupational and/or industrial diseases gradually contracted from the character of his present or prior employment because thereof, and incidental thereto and whether or not such employment be in the service of the Assured or otherwise, and

2.   Any cost and expenses of investigating and/or defending any claim or suit against the Assured arising out of a liability or alleged liability of the Assured excluded above.

### BROKERS CANCELLATION CLAUSE

It is hereby agreed between the Underwriters and the Assured that in the event of the Assured, or their Agents on whose instructions insurance may have been effected, failing to pay Craven and Partners Limited, the premium or any instalment thereof on the due date, this policy may be forthwith cancelled by Craven and Partners Limited, giving to the Underwriters notice in writing, and the Underwriters will thereupon return, to the Brokers through whom this policy is effected, pro rata premium from the date of notice or from such later date as cancellation may be required in the said notice.

**390**
**CRA**
**CRAVEN AND PARTNERS**
**LIMITED**

## WATER CRAFT TERRORISM EXCLUSION ENDORSEMENT

Notwithstanding any provision to the contrary within this insurance or any endorsement thereto it is agreed that this insurance excludes loss, damage, cost or expense of whatsoever nature directly or indirectly caused by, resulting from or in connection with any of the following regardless of any other cause or event contributing concurrently or in any other sequence to the loss;

Any act of terrorism.

For the purpose of this endorsement an act of terrorism means an act, including but not limited to the use of force or violence and/or the threat thereof, of any person or group(s) of persons, whether acting alone or on behalf of or in connection with any organisation(s) or government(s), committed for political, religious, ideological or similar purposes including the intention to influence any government and/or to put the public, or any section of the public, in fear.

This endorsement also excludes loss, damage, cost or expense of whatsoever nature directly or indirectly caused by, resulting from or in connection with any action taken in controlling, preventing, suppressing or in any way relating to the above.

If the Underwriters allege that by reason of this exclusion, any loss, damage, cost or expense is not covered by this insurance the burden of proving the contrary shall be upon the Assured.

In the event any portion of this endorsement is found to be invalid or unenforceable, the remainder shall remain in full force and effect.

London, 30th April 2003

POLICY NO/REGISTRATION NO: **U569610**                PAGE NO 5 OF 6                **390**
**CRA**
**CRAVEN AND PARTNERS**
**LIMITED**

### SCHEDULE OF LLOYD'S UNDERWRITERS

| SHARE (%) | PSEUDONYM | SYNDICATE NO | REFERENCE |
|-----------|-----------|--------------|-----------|
| 39.2158% | LSM | 282 | 5504430104TI |
| 21.5686% | XL | 1209 | 07X37129K08Z |
| 19.6078% | AML | 2001 | LSU0280704XD |
| 19.6078% | HIS | 33 | 87773VXAAMPC |

**100.000%**     of limit contained herein

POLICY NO/REGISTRATION NO:    **U569610**                    PAGE NO 6 OF 6                          **390**
**CRA**
**CRAVEN AND PARTNERS**
**LIMITED**

### U.S. TERRORISM RISK INSURANCE ACT OF 2002 NOT PURCHASED CLAUSE

**This Clause is issued in accordance with the terms and conditions of the "U.S. Terrorism Risk Insurance Act of 2002" as summarized in the disclosure notice.**

It is hereby noted that the Underwriters have made available coverage for "insured losses" directly resulting from an "act of terrorism" as defined in the "U.S. Terrorism Risk Insurance Act of 2002" and the Insured has declined or not confirmed to purchase this coverage.

This Insurance therefore affords no coverage for losses directly resulting from any "act of terrorism" as defined in the "U.S. Terrorism Risk Insurance Act of 2002".

All other terms, conditions, insured coverage and exclusions of this Insurance including applicable limits and deductibles remain unchanged and apply in full force and effect to the coverage provided by this Insurance.

30/05/03
NMA2970

**390**
**CRA**
CRAVEN AND PARTNERS
LIMITED

U569620

## Declaration to Excess Liability Cover U402580

| | |
|---|---|
| **TYPE:** | Liability Insurance. |
| **FORM:** | MAR 91 Slip Policy. |
| **ASSURED:** | **Kavanagh Fisheries, Inc** |
| **VESSEL:** | f/v Atlantic |
| **PERIOD:** | 12 months at 12.01A.M. 28th February 2005 agreed Local Standard Time. |
| **INTEREST:** | Excess Protection and Indemnity Risks including Crew, Excess P&I War Risks, Excess Collision Liability Excess of Hull Value or US$1,000,000 whichever the greater. |
| **LIMIT OF LIABILITY:** | US$4,000,000 any one accident or occurrence, Combined Single Limit. |
| **EXCESS OF:** | US$1,000,000 any one accident or occurrence, Combined Single Limit. |
| **CONDITIONS:** | All terms, clauses and conditions as and to follow the underlying. |

**CONDITIONS** (continued):

All terms, clauses and conditions as and to follow the underlying.
Excluding Liability to and/or of Nets and Gear.
Excluding illegal Fishing.
Excluding Cargo and/or Catch.
Excluding Liability for punitive or exemplary damages, including treble damages or any other damages resulting from multiplication of compensatory damages.
NMA2970 US Terrorism Risk Insurance Act of 2002 Not Purchased Clause.
Excluding Seepage and Pollution / OPA/WQIS/CERCLA.
Occupational Disease Exclusion (1.7.87) as attached.
Absolute Asbestos Exclusion as attached.
Institute Service of Suit Clause (USA) CL.355.
Brokers Cancellation Clause as attached.
Institute Radioactive Contamination, Chemical, Biological, Bio-Chemical and Electromagnetic Weapons Exclusion Clause CL 370 10/11/03.
Institute Cyber Attack Exclusion Clause CL 380 10/11/03.
Water Craft Terrorism Exclusion Endorsement 30/04/03 as attached.

POLICY NO/REGISTRATION NO:    **U569620**                    PAGE NO 2 OF 6                            **390**
                                                                                                      **CRA**
                                                                                          **CRAVEN AND PARTNERS**
                                                                                                    **LIMITED**

**CONDITIONS**
**CONTINUED:**                LSW1001 (Insurance) Several Liability Notice 08/94.
                              LSW986A Single Policy Only For Composite Assureds
                              09/97.

**CHOICE OF LAW**
**& JURISDICTION:**           Massachusetts, USA

**PREMIUM:**                  US$7,150 in full per annum (including US$50 in respect of 1
                              AIS Observer). Cancelling Returns only.

**US CLASSIFICATION:**        Non-regulated.

**DISCOUNTS:**                As cover.

**INFORMATION:**              Crew:                    5-7.
                              Primary Carrier:         Zurich American Insurance
                                                       Company.
                              Claims record:           No losses over US$50,000 last five
                                                       years
                              Estimated fishing Days: 92 Scalloping and 27 Pair trawling

—

2

**390**
**CRA**
**CRAVEN AND PARTNERS**
**LIMITED**

### ABSOLUTE ASBESTOS EXCLUSION

Notwithstanding anything to the contrary as contained in this policy, it is hereby understood and agreed that this policy shall not apply to:

Bodily injury or Personal injury or loss of, damage to or loss of use of property directly or indirectly caused by asbestos.

### OCCUPATIONAL DISEASE EXCLUSION

Notwithstanding anything else to the contrary as contained in this policy, it is hereby understood and agreed that this policy is subject to the following exclusions and that this policy shall not apply to:

1. Any liability of whatsoever nature of the Assured, whether for damages, maintenance and cure, fines and penalties or funeral expenses, arising out of loss of life of, or injury to, or illness of, any person due to occupational and/or industrial diseases gradually contracted from the character of his present or prior employment because thereof, and incidental thereto and whether or not such employment be in the service of the Assured or otherwise, and

2. Any cost and expenses of investigating and/or defending any claim or suit against the Assured arising out of a liability or alleged liability of the Assured excluded above.

### BROKERS CANCELLATION CLAUSE

It is hereby agreed between the Underwriters and the Assured that in the event of the Assured, or their Agents on whose instructions insurance may have been effected, failing to pay Craven and Partners Limited, the premium or any instalment thereof on the due date, this policy may be forthwith cancelled by Craven and Partners Limited, giving to the Underwriters notice in writing, and the Underwriters will thereupon return, to the Brokers through whom this policy is effected, pro rata premium from the date of notice or from such later date as cancellation may be required in the said notice.

**390**
**CRA**
CRAVEN AND PARTNERS
LIMITED

## WATER CRAFT TERRORISM EXCLUSION ENDORSEMENT

Notwithstanding any provision to the contrary within this insurance or any endorsement thereto it is agreed that this insurance excludes loss, damage, cost or expense of whatsoever nature directly or indirectly caused by, resulting from or in connection with any of the following regardless of any other cause or event contributing concurrently or in any other sequence to the loss;

Any act of terrorism.

For the purpose of this endorsement an act of terrorism means an act, including but not limited to the use of force or violence and/or the threat thereof, of any person or group(s) of persons, whether acting alone or on behalf of or in connection with any organisation(s) or government(s), committed for political, religious, ideological or similar purposes including the intention to influence any government and/or to put the public, or any section of the public, in fear.

This endorsement also excludes loss, damage, cost or expense of whatsoever nature directly or indirectly caused by, resulting from or in connection with any action taken in controlling, preventing, suppressing or in any way relating to the above.

If the Underwriters allege that by reason of this exclusion, any loss, damage, cost or expense is not covered by this insurance the burden of proving the contrary shall be upon the Assured.

In the event any portion of this endorsement is found to be invalid or unenforceable, the remainder shall remain in full force and effect.

London, 30th April 2003

2

POLICY NO/REGISTRATION NO:    **U569620**    PAGE NO 5 OF 6    **390**
**CRA**
**CRAVEN AND PARTNERS**
**LIMITED**

### SCHEDULE OF LLOYD'S UNDERWRITERS

| SHARE (%) | PSEUDONYM | SYNDICATE NO | REFERENCE |
|-----------|-----------|--------------|-----------|
| 20.3391% | AML | 2001 | LSB0280805QE |
| 18.6441% | XL | 1209 | 07X37131R08Z |
| 16.9491% | HIS | 33 | 87774EXAAMPC |
| 16.9491% | WTK | 457 | 941D449941XX |
| 13.5593% | MLM | 1221 | L1W599MA3927 |
| 13.5593% | SJG | 2724 | 427T00116315 |

**100.000%**    of limits contained herein

—

**390**
**CRA**
**CRAVEN AND PARTNERS**
**LIMITED**

### U.S. TERRORISM RISK INSURANCE ACT OF 2002 NOT PURCHASED CLAUSE

**This Clause is issued in accordance with the terms and conditions of the "U.S. Terrorism Risk Insurance Act of 2002" as summarized in the disclosure notice.**

It is hereby noted that the Underwriters have made available coverage for "insured losses" directly resulting from an "act of terrorism" as defined in the "U.S. Terrorism Risk Insurance Act of 2002" and the Insured has declined or not confirmed to purchase this coverage.

This Insurance therefore affords no coverage for losses directly resulting from any "act of terrorism" as defined in the "U.S. Terrorism Risk Insurance Act of 2002".

All other terms, conditions, insured coverage and exclusions of this Insurance including applicable limits and deductibles remain unchanged and apply in full force and effect to the coverage provided by this Insurance.

30/05/03
NMA2970