UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN THE MATTER OF THE PETITION | ) | CIVIL ACTION |
| OF KAVANAGH FISHERIES, INC. | ) | NO. 05-10637-GAO |
| OWNER OF THE F/V ATLANTIC, FOR | ) | |
| EXONERATION FROM OR LIMITATION | ) | |
| OF LIABILITY | ) | |

**PROVISIONAL MOTION OF KRONES, INC. FOR LEAVE TO FILE A CLAIM LATE**

Krones, Inc. ('Krones") presently has pending a Motion to Substitute Counsel and Party. Oppositions to that Motion are due to be filed on Friday, December 1, 2006. In the event this Court is disinclined to grant Krones Motion to Substitute Counsel and Party, Krones requests through this Motion that this Court grant Krones leave to file a claim late. In support of this Motion, Krones, Inc. states as follows:

Krones shipped cargo, specifically a rebuilt bottle label machine, in container number CLUHU272082 aboard the M/V Zim Shenzhen pursuant to Bill of Lading No. ZIMUORF94169.

On March 17, 2005 the cargo shipped by Krones was damaged when the F/V Atlantic collided with the M/V Zim Shenzhen.

Pursuant to its policy of insurance with Fireman's Fund Insurance Company ("Fireman's Fund"), Fireman's Fund paid Krones, Inc $155,719.00 on its claim for the damaged cargo. Fireman's Fund became subrogated to the rights of Krones and now seeks to pursue a claim against Kavanagh Fisheries, the owner of the F/V Atlantic, for the subrogated damages in the name of its insured, Krones.

Fireman's Fund did not resolve the Krones insurance claim until November 11, 2005 when the claim was paid and the subrogation receipt was signed by Krones, Inc. By the time

Fireman's Fund paid the claim and assumed subrogation rights, the claim filing period set by this Court in this case had expired.

Fireman's Fund did not become aware that Zim made a claim for the Krones cargo as part of the cargo claims Zim had asserted in its Answer and Claim until present counsel was retained in late October 2006.

Immediately thereafter, pursuant to his obligation under Local Rule 7.1 counsel for Krones contacted counsel for Zim, Attorney David Farrell. Counsel for Krones explained to Attorney Farrell that he intended to move to substitute Krones, Inc. as the party asserting the cargo claim for the cargo in container CLHU2720824 as set out in Zim's Answer and Claim previously filed in this action. Attorney Farrell informed counsel for Krones that he had no objection to Krones Motion to Substitute Party and Counsel.

Counsel for Kavanagh Fisheries indicated that he would oppose Krones Motion and counsel for Berryford Shipping did not articulate a position with respect to the Motion.

Subsequently, counsel for Zim contacted counsel for Krones and indicated that upon reflection, he had to change his position with respect to the Krones Motion to Substitute Party and Counsel. Counsel for Zim suggested that the claim he asserted for the Krones cargo in his pleading could potentially be construed as covering only the amount paid to Krones pursuant to the Bill of Lading between Krones and Zim.

In the event the claim previously asserted by Zim for damage to the Krones cargo is deemed by this Court not to apply to the entire amount of Krones' damage, Krones asks that it be granted leave to file a claim late. Rule F(4)(1) of the Supplemental Rules For Certain Admiralty and Maritime Claims permits the court to enlarge the time within which claims may be filed for cause shown. If a claimant shows cause, courts must "freely grant permission to file late claims

so long as the limitation proceeding is ongoing and the late claim will not prejudice other parties. See *Amer. Comm. Lines, Inc. v. United States*, 746 F. 2d 1351, 1353 (8th Cir. 1984). There is no requirement that a late claimant in an admiralty proceeding show good cause for the delay in filing, an explanation rather than a justification for the delay will suffice. *Alter Barge Line, Inc. v. Consolidated Grain Barge Co*, et al, 272 F. 3d 396, 397 (7th Cir. 2001). The instant limitation proceeding is ongoing and the final pretrial conference is not scheduled to occur until May 25, 2007.

No party will be prejudiced if Krones is allowed to file its claim late. All of the parties to this action were on notice that the Krones cargo was damaged in the collision because Zim specifically identified the container holding the Krones cargo as part of its cargo claim in the Answer and Claim it filed on August 30, 2005. Moreover, the Joint Scheduling Statement filed by the Parties in May of 2006 anticipated that additional claims could be made. Contrarily, Fireman's Fund, as subrogee of Krones, Inc., will be severely prejudiced if it is not permitted to pursue its claim.

Wherefore Krones Inc. respectfully requests that this Court enter an order removing the default judgment entered on November 4, 2005 ordering no further claims be asserted and grant leave to Krones, Inc. to file its claim late.

### REQUEST FOR ORAL ARGUMENT

Krones, Inc. respectfully requests a hearing on this Motion.

                                    Respectfully submitted,
                                    Krones, Inc.
                                    By its attorneys,

/s /Robert W. Harrington
Robert W. Harrington, BBO# 223080
Rachel H. Prindle, BBO # 561935
Law Offices of Robert W. Harrington
One Washington Mall
Boston, MA 02108
(617) 248-0800

Dated:  December 1, 2006

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all counsel of record in this action in compliance with the F.R.C.P.

/s /Robert W. Harrington
Robert W. Harrington, BBO# 223080