UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF KAVANAGH FISHERIES, INC., OWNER OF THE F/V ATLANTIC, FOR EXONERATION FROM OR LIMITATION OF LIABILTY. | CIVIL ACTION NO: 05-10637-GAO |

**CLAIMANTS' LOMBARD CORPORATION FINANACE (DECEMBER 3) LIMITED AND BERRYFORD SHIPPING (UK) LIMITED'S OPPOSITION TO THE MOTION TO SUBSTITUE PARTY AND COUNSEL**

Now come the Claimants, Lombard Corporation Finance (December 3) Limited and Berryford Shipping (UK) Limited, in the above-entitled action, by and through their undersigned counsel, Clinton & Muzyka, P.C., and submit their *Opposition to the Motion To Substitute Party and Counsel* filed by Krones, Inc.'s underwriter.

As grounds in support of their Opposition, the Claimants submit the following for this Honorable Court's consideration.

1. This matter involves a Limitation Action pursuant to 46 U.S.C. §183(b) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims. The litigation arises out of a collision on March 17, 2005 between the F/V ATLANTIC, owned and

     operated by Petitioner Kavanagh Fisheries, Inc., and the C/V ZIM SHENZEN, owned by Claimant Lombard Corporate Finance (December 3) Limited (hereinafter referred to as "Lombard") and under bareboat charter to Claimant Berryford Shipping (UK) Limited (hereinafter referred to as "Berryford").

2. The Petition was filed by Kavanagh Fisheries, Inc. on March 31, 2005. Concurrent with the filing of the Petition was a Motion For Appointment of Appraiser. On May 13, 2005, Petitioner filed its Ad Interim Stipulation of Value. A Surety Bond in the amount of $2,200,000.00 was filed on May 26, 2005 along with the Motion Directing Issuance of Notice and Restraining Prosecution of Claims, which was allowed by this Honorable Court on May 27, 2005.

3. In the Notice approved by this Honorable Court, all parties were ***required to file Claims on or before August 31, 2005, or be defaulted.***

4. Claimant Lombard submitted its Claim and Answer on August 30, 2005 in the amount of $1,292,291.97. This included a Claim for contribution and indemnity for any cargo settlements and the

3

associated defense costs.  Claimant Lombard did not submit any Claim on behalf of any cargo interests.

5. Claimant Berryford submitted its Claim and Answer on August 30, 2005 in the amount of $1,292,291.97. This also included a Claim for contribution and indemnity for any cargo settlements and the associated defense costs.  Claimant Berryford did not submit any Claim on behalf of any cargo interests.

6. Zim Integrated Shipping Services Ltd. and Zim American Integrated Services, Inc. (collectively hereinafter referred to as "Zim") chartered the M/V ZIM SHENZHEN on March 17, 2005 and issued Bills of Lading for various containers.  They submitted their Answer and Claim on August 31, 2005.  They claimed for various containers, whose damage was unknown, fuel, bunkers, lubricants, Panama Canal fees, lost revenues and freight, survey fees and various other expenses.  No claim was filed on behalf of Krones, Inc. or its underwriter.

7. A Report of Claims was submitted by Petitioner on October 4, 2005.  The Report did not include any designation of a Claim by Krones, Inc. or its underwriter.

8. On September 22, 2005 and pursuant to Rule F(5), Petitioner filed a Motion to Default all parties that have not filed Claims by the time indicated in the Order of this Honorable Court. This Motion was granted by this Honorable Court on November 4, 2005. <u>As of November 4, 2005, no Claim had been submitted by Krones, Inc.</u>

9. On July 3, 2006, Claimants Lombard and Berryford reported to this Honorable Court that the cargo claims/settlements against them was then reduced to the amount of approximately $80,000.00 without interest or costs.

10. Since the Report of Claims and entry of the Motion to Default, the Claimants and Petitioner have engaged in discovery.

11. Over one [1] year after the Claim bar date and the entry of the Motion to Default all claims not presented, Krones, Inc.'s underwriter seeks to add a new party and a new Claim for $155,719.00 upon an allegation to substitute.

12. This Motion to Substitute is without legal foundation because Krones, Inc. or its underwriter have never submitted a Claim. The Claim submitted by Zim is, upon information and belief, subject to

      a $500.00 package limitation in the Bill of Lading. Krones, Inc.'s underwriter is now seeking to file a Claim in this action for the full amount of its damages *even though it has taken no action for over a year.* This will adversely affect the liability exposures of the Petitioner and the Claimants.

13. For the aforementioned reasons, Claimants Lombard and Berryford pray this Honorable Court deny the Motion to Substitute. Should this Honorable Court grant the Motion, Claimants pray that the amount of the claim be limited to the amount that could be pressed in the Claim submitted by Zim

    **WHEREFORE**, the Claimants, Lombard Corporation Finance (December 3) Limited and Berryford Shipping (UK) Limited, prays this Honorable Court deny the Motion of Krones, Inc. to Substitute Party and Counsel.

6

                                        By their attorneys,

                                        **CLINTON & MUZYKA, P.C.**

                                        <u>"/s/Thomas J. Muzyka"</u>
                                        **Thomas J. Muzyka**
                                        **BBO NO: 365540**
                                        **Kenneth M. Chiarello**
                                        **BBO NO. 639274**
                                        One Washington Mall
                                        Suite 1400
                                        Boston, MA  02108
                                        (617) 723-9165

Dated:  December 1, 2006