UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF KAVANAGH FISHERIES, INC., OWNER OF THE F/V ATLANTIC, FOR EXONERATION FROM OR LIMITATION OF LIABILTY. | CIVIL ACTION NO: 05-10637-GAO |

### CLAIMANTS' LOMBARD CORPORATION FINANACE (DECEMBER 3) LIMITED AND BERRYFORD SHIPPING (UK) LIMITED'S OPPOSITION TO THE PROVISIONAL MOTION OF KRONES, INC. FOR LEAVE TO FILE A CLAIM LATE

Now come the Claimants, Lombard Corporation Finance (December 3) Limited and Berryford Shipping (UK) Limited, in the above-entitled action, by and through their undersigned counsel, Clinton & Muzyka, P.C., and submit their *Opposition to the Provisional Motion of Krones, Inc. For Leave To File A Claim Late*.

As grounds in support of their Opposition, the Claimants submit the following for this Honorable Court's consideration.

1. This matter involves a Limitation Action pursuant to 46 U.S.C. §183(b) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims. The litigation arises out of a collision on March 17, 2005 between the F/V ATLANTIC, owned and operated by Petitioner Kavanagh Fisheries, Inc.,

and the C/V ZIM SHENZEN, owned by Claimant Lombard Corporate Finance (December 3) Limited (hereinafter referred to as "Lombard") and under bareboat charter to Claimant Berryford Shipping (UK) Limited (hereinafter referred to as "Berryford").

2. The Petition was filed by Kavanagh Fisheries, Inc. on March 31, 2005. Concurrent with the filing of the Petition was a Motion For Appointment of Appraiser. On May 13, 2005, Petitioner filed its Ad Interim Stipulation of Value. A Surety Bond in the amount of $2,200,000.00 was filed on May 26, 2005 along with the Motion Directing Issuance of Notice and Restraining Prosecution of Claims, which was allowed by this Honorable Court on May 27, 2005.

3. In the Notice approved by this Honorable Court, all parties were **_required to file Claims on or before August 31, 2005, or be defaulted._**

4. Claimant Lombard submitted it's Claim and Answer on August 30, 2005 in the amount of $1,292,291.97. This included a Claim for contribution and indemnity for any cargo settlements and the associated defense costs. <u>Claimant Lombard did not submit any Claim on behalf of any cargo interests.</u>

5. Claimant Berryford submitted it's Claim and Answer on August 30, 2005 in the amount of $1,292,291.97. This also included a Claim for contribution and indemnity for any cargo settlements and the associated defense costs. <u>Claimant Berryford did not submit any Claim on behalf of any cargo interests.</u>

6. Zim Integrated Shipping Services Ltd. and Zim American Integrated Services, Inc. (collectively hereinafter referred to as "Zim") chartered the M/V ZIM SHENZHEN on March 17, 2005 and issued Bills of Lading for various containers. They submitted their Answer and Claim on August 31, 2005. They claimed for fuel, bunkers, lubricants, Panama Canal fees, lost revenues and freight, survey fees and various other expenses. They also reserved the right to claim for various cargoes and containers, whose damage was unknown. <u>No claim was filed on behalf of Krones, Inc. or its underwriter.</u>

7. A Report of Claims was submitted by Petitioner on October 4, 2005. <u>The Report did not include any designation of a Claim by Krones, Inc. or its underwriter.</u>

8. On September 22, 2005 and pursuant to Rule F(5), Petitioner filed a Motion to Default all parties that have not filed Claims by the time indicated in the Order of this Honorable Court.  This Motion was granted by this Honorable Court on November 4, 2005.  <u>As of November 4, 2005, no Claim had been submitted by Krones, Inc. or its underwriter.</u>

9. On July 3, 2006, Claimants Lombard and Berryford reported to this Honorable Court that the cargo claims/settlements against them were then reduced to the amount of approximately $80,000.00 without interest or costs.

10. Since the Report of Claims and entry of the Motion to Default, the Claimants and Petitioner have engaged in discovery.

11. *<u>Over one [1] year after the Claim bar date and the entry of the Motion to Default</u>* all claims not presented, Krones, Inc.'s underwriter [Fireman's Fund] seeks to add a new party and a new Claim for $155,719.00.  Krones, Inc.'s underwriter has initially sought to Substitute Counsel and Party, to step into the reserved potential Claim submitted by Zim.  There was no agency relationship alleged by the Krones, Inc.'s underwriter to support this

substitution.  The Motion seeking substitution has been opposed by the Petitioner and the Claimants outright and in the alternative if allowed, should be limited to the amount paid by Zim to settle the claim which is $500.00 under package limitation pursuant to the Terms and Conditions of the Bill of Lading.

12. In an attempt to overcome the lack of agency necessary for its Claim, Krones, Inc.'s underwriter has now moved for permission to file a Claim late in the amount of $155.719.00 on behalf of Krones, Inc.

13. Rule F(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides that "Claims *shall be filed and served* on or before the date specified in the notice provided for in subdivision (4) of this rule."  Rule F(5) has no provision for and does not provide for filing Claims late.

14. Rule F(4) provides "For cause shown, the court may enlarge the time within which claims may be filed." The "For Cause" requirement is placed immediately after the restriction that the date for filing claims *in the Notice* shall not be less than 30 days after issuance of the Notice.  As a matter of

statutory interpretation, the "For Cause" requirement refers to the August 31, 2005 date *in the Notice* for all claims and does not change the requirements of Rule F(5) that claims *shall be filed and served* by the claims bar date.

15. Krones, Inc.'s underwriter cites to **Alter Barge Line, Inc. v. Consolidated Grain & Barge Co.,** 272 F.3rd 396 (7th Cir. 2001), for the proposition that he need only show a justification for the delay, not "good cause". However, that case indicated "We limit our holding to the facts of this case." *Id at 398.* See also **Ehorn v. Sunken Vessel Known As the "Rosinco"**, 294 F.3rd 856, 859 (7th Cir. 2002), where the same Court notes "We need not determine whether the district court abused its discretion in declining to accept an untimely answer - a subject on which **Alter Barge** may be a ticket good for one ride only, see 272 F.3rd at 398 ("we limit our holding to the facts of this case").

16. Even under the **Alter Barge** decision, if it applies, Krones, Inc.'s underwriter *has to show a justification for the delay.* All that has been alleged is that the underwriter did not finalize its claim until November 11, 2006. Claimants

    submit that that is not sufficient reason. Just because the claim is not finalized, either or both Krones, Inc. or Fireman's Fund could have timely submitted a Claim. That fact is evident by the pleadings herein. Claimants Berryford, Lombard, and Zim all filed Claims for indemnity and contribution even though the amounts had not been finalized. Neither Krones, Inc. nor Fireman's Fund proffers any reason why they could not have filed a timely Claim, even if the amount was not finalized. Allowing Krones, Inc.'s underwriter to assert a Claim at this late date will adversely affect the liability exposures of the Petitioner and the Claimants.

15. For the aforementioned reasons, Claimants Lombard and Berryford pray this Honorable Court to deny the Provisional Motion of Krones, Inc. For Leave To File A Claim Late. Here, the Notice and Rule F(5) clearly indicate that a Claim is to be filed by the claim bar date, subject to being defaulted if not timely filed.

    **WHEREFORE**, the Claimants, Lombard Corporation Finance (December 3) Limited and Berryford Shipping (UK) Limited,

pray that this Honorable Court deny the Provisional Motion of Krones, Inc. For Leave To File A Claim Late.

By their attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/Thomas J. Muzyka"
**Thomas J. Muzyka**
**BBO NO: 365540**
**Kenneth M. Chiarello**
**BBO NO. 639274**
One Washington Mall
Suite 1400
Boston, MA  02108
(617) 723-9165

Dated:   December 13, 2006