UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF THE PETITION ) <br> OF KAVANAGH FISHERIES, INC., ) <br> OWNER OF THE F/V ATLANTIC ) <br> FOR EXONERATION FROM OR ) <br> LIMITATION OF LIABILITY ) | CIVIL ACTION NO. 05-10637-GAO |

**PETITIONER, KAVANAGH FISHERIES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO CLAIMANTS, LOMBARD CORPORATION FINANCE (DECEMBER 3) LIMITED AND BERRYFORD SHIPPING (U.K.) LIMITED'S MOTION TO EXTEND THE SCHEDULING ORDER**

Now comes the petitioner, Kavanagh Fisheries, Inc. (hereinafter "Kavanagh Fisheries" or the "petitioner"), by its attorneys, and hereby submits this Memorandum of Law in Support of Its Opposition to Claimants, Lombard Corporation Finance (December 3) Limited and Berryford Shipping (U.K.) Limited's (hereinafter the "claimants") Motion to Extend the Scheduling Order in the above-captioned matter. As grounds in support of such Opposition, the petitioner submits the following:

**FACTS**

1.    On or about March 31, 2005, Kavanagh Fisheries filed a Petition for Exoneration from or Limitation of Liability in this Court.

2.    On or about August 30, 2005, the claimants filed their Answer to the Petition of Kavanagh Fisheries for Exoneration from or Limitation of Liability in this Court. Furthermore, on or about August 30, 2005, Berryford Shipping (U.K.) Limited filed a Claim against Kavanagh Fisheries.

3.    On or about August 30, 2005, claimants Zim Integrated Shipping Services Ltd. and Zim American Integrated Services, Inc. filed their Answer in this Court.

1

4. On or about March 16, 2006, the petitioner and claimants filed a Joint Scheduling Statement in this Court. A Scheduling Conference was held before Judge O'Toole on or about May 23, 2006. The parties' Joint Scheduling Statement was adopted by this Court on or about May 24, 2006.

5. Among other things, the Joint Scheduling Statement provided that "[a]ll factual discovery, including responses to Interrogatories, Requests for Production of Documents, Requests for Admissions, and depositions, to be completed by December 29, 2006." Furthermore, the Joint Scheduling Statement provided that "[c]laimants' designation of experts and disclosure of expert information and reports pursuant to the Federal Rules of Civil Procedure served on or before January 26, 2007."

6. Claimants did not designate any experts or disclose expert information and reports at any time on or before January 26, 2007, as set forth and required by the Joint Scheduling Statement.

7. On or about February 1, 2007, approximately six days after the deadline for expert disclosure expired, claimants filed their Motion to Extend the Scheduling Order in this Court.

8. As grounds for their motion, claimants stated that their efforts to satisfy the Court-required disclosures were "delayed" and as a result of such delay, claimants' counsel did not have "the factually information necessary to fully and fairly submit and disclose Claimants' responses." Furthermore, claimants even acknowledged that the deadline for "factual discovery and to disclose experts has recently expired." Claimants then set forth a list of deadlines for an amended scheduling order, including a new deadline for claimants' designation of experts and disclosure of expert information for May 25, 2007.

Wherefore, because the claimants failed to comply with the Joint Scheduling Order, and, in turn, filed their current Motion to Extend the Scheduling Order six days after the expiration of a deadline which they failed to meet, the claimants' motion should be denied.

## **LEGAL REASONING AND ARGUMENT**

As stated above, on or about February 1, 2007, claimants moved this Court to extend the scheduling order. In their Motion, claimants cite no legal basis for their motion, only stating that they have been delayed in attempting to satisfy the Court required disclosures. These Court-required disclosures, however, have been set forth (and adopted by this Court) in the form of the Joint Scheduling Order as of eight months ago in May, 2006. At no time prior to their motion of February 1, 2007 did the claimants request to amend the Joint Scheduling Order. It was only after the expiration of their expert disclosure deadline -- which claimants failed to meet -- that claimants are now seeking to extend the Joint Scheduling Order.

The collision in this case took place almost two years ago (March 17, 2005). The claimants were directly involved and have been aware of the facts for two years. Four more months (which is what the claimants are now seeking in their Motion to Extend the Scheduling Order) do not change that, but merely relieve them of the consequences of their late, if any, expert disclosures. Rule 16(b)(1) of the Federal Rules of Civil Procedure requires district court judges to "enter a scheduling order that limits the time . . . to amend the pleadings." Fed.R.Civ.P. 16(b). Rule 16(b) is governed by the standard of "good cause" which considers the diligence of the party seeking the amendment to the pleadings. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992). The district court "may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson, 975 F.2d at 609, *quoting* Fed.R.Civ.P. 16 advisory committee's notes

3

(1983 amendment). The focus of the court's inquiry is "upon the moving party's reasons for seeking modification" and if "that party was not diligent, the inquiry should end." Id. The claimants have been in possession of the factual information requested in discovery and the facts needed to render an expert opinion for almost two years.

In the case of Tower Ventures, Inc. v. City of Westfield, the U.S. Court of Appeals for the First Circuit addressed the importance of parties adhering to their case management deadlines. *See generally* Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43 (2002). The Court in Tower stated that courts generally have made it clear that "'a litigant who ignores case-management deadlines does so at its peril.'" Tower Ventures, 296 F.3d at 45-46, *citing* Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir.1998). When noncompliance occurs, courts may choose from various sanctions because the Federal Rules of Civil Procedure "afford district courts substantial authority to enforce case-management orders." Tower Ventures, 296 F.3d at 45-46; *see also* Fed.R.Civ.P. 16(f). The Court continued by stating that this "principle applies with undiminished force to scheduling orders" as these orders are "essential tools in that process and a party's disregard of such orders robs them of their utility." Id. at 46. The Court did state that a violation of a scheduling order may be excused "if good cause exists for the offender's failure to comply." Id. at 46-47. Under the facts-at-bar, however, claimants have provided no excuse other than that they were "delayed" in complying with the Joint Scheduling Order.

Courts have held that Fed.R.Civ.P. 16(b) governs motions to amend scheduling orders which are filed after scheduling order deadlines. *See* O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154-155 (2004). The rationale is that using a "good cause" standard preserves the "integrity and effectiveness of Rule 16(b) scheduling orders." Id. at 155, *citing* Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir.1998). As such, "litigants cannot be permitted to treat a

scheduling order as a 'frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.'" Id. at 155, *quoting* Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir.1992). As stated by the U.S. Court of Appeals for the First Circuit in Riofrio Anda v. Ralston Purina Co., liberally granting motions to amend the pleadings filed after a party has disregarded the scheduling order deadline would effectively "'nullif[y] the purpose of Rule 16(b)(1).'" O'Connell, 357 F.3d at 155, *quoting* Riofrio Anda v. Ralston Purina Co., 959 F.2d 1149, 1155 (1992). Additionally, Rule 16(b)'s good cause standard "emphasizes the diligence of the party seeking the amendment. O'Connell, 357 F.3d at 155.

Courts have also held that the "indifference by the moving party" weighs heavier in the courts' decision to refuse to extend a Rule 16(b) scheduling order than any prejudice which may occur to the opposing party. O'Connell, 357 F.3d at 155, citing Johnson, 975 F.2d at 609 and Rosario-Diaz, 140 F.3d at 315. This "indifference" by the moving party seals off their avenue of relief regardless of any prejudice "because such conduct is incompatible with the showing of diligence necessary to establish good cause." Id.

As for the claimants' specific failure to meet their expert disclosure deadline of January 26, 2007, courts have stated that such late disclosure is governed by Fed.R.Civ.P. 37(c)(1) which states that:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

5

Rule 37(c)(1) "generally provides for exclusion of a party's experts unless she had 'substantial justification' for disclosing them late or unless her late disclosure 'was harmless.'" Alves v. Mazda Motor of America, Inc., 448 F.Supp.2d 285, 293 (2006). Therefore, the claimants have the burden of proving either substantial justification or harmlessness. Id. Furthermore, "[i]n addition to, or in lieu of, exclusion, the court is also authorized to impose 'other appropriate sanctions,' including 'reasonable expenses' and 'attorney's fees' caused by the late disclosure." Id., *citing* Fed.R.Civ.P. 37(c)(1).

In the Alves case, the plaintiff failed to meet deadlines for expert disclosure, "never seeking an extension from the court before the deadline had passed." Furthermore, the plaintiff "did not make an earnest or adequate effort to meet" the deadline. Id. at 294. The Court stated that the plaintiff did not prove that "there was substantial justification for her failure to make her Rule 26(a)(2) disclosures" by the deadline. Id. In its reasoning, the Court cited the Compania case, which held that fact discovery problems "might explain [a party's] inability to timely disclose experts," but do not excuse a party from seeking an extension prior to the deadline. Id. at 294, *citing* Compania Administradora de Recuperacion de Activos Administradora de Fondos de Inversion Sociedad Anonima v. Titan International Inc., 2006 WL 1084422, *2 (C.D.Ill. 2006).

Under Rule 16(f), "if a party or a party's attorney fails to obey a scheduling order, the court may make such orders with regard thereto as are just." *See* Compania, 2006 WL 1084422 at *1. Furthermore, "[u]nder Rule 37(c), the court can prevent the use at trial of any witness who is not properly and timely disclosed." Id. Under the facts-at-bar, the Joint Scheduling Order was clearly stated and all deadlines were agreed to by the parties over eight months ago. Claimants, however, failed to adhere to their January 26, 2007 expert disclosure deadline and only after

6

failing to meet this deadline are they now seeking to extend the Joint Scheduling Order. This is a clear violation of Rule 26, and when "there is a clear violation of Rule 26 as it pertains to the disclosure of expert witnesses, the court has in its discretion, the sanction of precluding the expert witness from testifying," if the claimants do procure any such expert witness(es). Id.

      Furthermore, as provided by case law, the claimants should not be permitted to treat this scheduling order as a "frivolous piece of paper idly entered, which can be cavalierly disregarded without peril. *See* O'Connell, 357 F.3d at 155. To grant the claimants their motion to amend the pleadings filed after they have already disregarded the Joint Scheduling Order, adopted by this Court on or about May 24, 2006, would nullify the purpose of Rule 16(b)(1). Id. As such, in view of the relevant case law and the Federal Rules of Civil Procedure, the claimants are not entitled to extend the Joint Scheduling Order and, furthermore, the petitioner asks this Court to preclude the claimants from presenting expert testimony as a result of their failure to timely provide the required expert disclosure.

## **CONCLUSION**

WHEREFORE, for the reasons stated above, the petitioner, Kavanagh Fisheries, Inc. hereby requests that this Court deny the Claimants, Lombard Corporation Finance (December 3) Limited and Berryford Shipping (U.K.) Limited's, Motion to Extend the Scheduling Order.

        For the Petitioner,
        Kavanagh Fisheries, Inc.,
        By its attorneys,

        **REGAN & KIELY LLP**

        /s/ Joseph A. Regan
        Joseph A. Regan, Esquire (BBO #543504)
        88 Black Falcon Avenue, Suite 330
        Boston, MA  02210
        (617)723-0901
        jar@regankiely.com

Dated:       February 15, 2007